IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sheryl Moulton, | NO. C 07-05861 JW |
| Plaintiff, | **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING REQUEST FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| Eugene Burger Management Corp., et al., | |
| Defendants. / | |

Pursuant to 28 U.S.C. § 1915(a), Sheryl Moulton ("Plaintiff") has filed an Application to Proceed in Forma Pauperis based on her declaration of poverty. (Docket Item No. 2.)

Title 28 U.S.C. Section 1915(a)(1) provides that "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Section 1915 further states that "such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.

Although the Ninth Circuit has not directly addressed whether non-prisoners may bring suit in forma pauperis under the 1996 amendment to § 1915(a), other circuits have found that this right still exists. Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds); Schagene v. U.S., 37 Fed. Cl. 661, 662 (Fed. Cl. 1997); see also Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996). In addition, the Supreme Court has held that an in forma pauperis applicant need not be "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du

Pont De Nemours & Co., 335 U.S. 331, 339 (1948). It is sufficient if an applicant provides an affidavit stating that because of his poverty, he cannot "pay or give security for the costs" of a suit. Id.

In this case, Plaintiff declares that she is unable to pay the filing fee for this action. Her last date of employment was March, 2007 in Reno, Nevada, where her salary was $1,700 per month. In the last twelve months she has received rent payments, interest or dividends in the amount of $350 per month and disability or workers compensation in the amount of $549 per month. She also has received income from other sources. She has $750 in her bank account, as well as a car worth $3500, and a home. The Court finds that Plaintiff has sufficient income and assets to pay for the cost of suit. Accordingly, the Court DENIES Plaintiff's Application to Proceed in Forma Pauperis.

The Court, *sua sponte*, raises the issue of how Plaintiff has styled her Complaint. The Complaint seeks "Expedited Consideration" and injunctive relief. (See Docket Item No. 1.) Since Plaintiff is a *pro se* litigant, the Court liberally construes her request as one for a temporary restraining order. However, the Complaint fails to allege sufficient statutory or common law basis for the requested relief. Additionally, Plaintiff has not presented evidence that she has made an attempt to serve Defendants this "expedited" request.

In sum, the Court DENIES Plaintiff's Application to Proceed in Forma Pauperis. Plaintiff shall pay the filing fee as required by the Clerk of Court and serve all Defendants pursuant to Rule 4(m) of the Fed. R. Civ. P. In addition, the Court DENIES Plaintiff's request for an "expedited consideration" without prejudice to be renewed. If Plaintiff still seeks to have the Court act on her request for temporary injunctive relief, she shall file a properly styled "Motion for a Temporary Restraining Order" with the Court and properly serve all Defendants, or show cause why service should be excused.

Dated: November 30, 2007

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Sheryl Moulton
Post Office Box 223581
Carmel, CA 93922

**Dated: November 30, 2007**          **Richard W. Wieking, Clerk**

                                       **By:  /s/ JW Chambers**
                                             **Elizabeth Garcia**
                                             **Courtroom Deputy**