# EXHIBIT 7

**reviewjournal.com**





Jul. 13, 2007
Copyright © Las Vegas Review-Journal

# Decision changes HOA powers

## Ruling upholds homeowners' right to vote on actions

By SEAN WHALEY
REVIEW-JOURNAL CAPITAL BUREAU

CARSON CITY -- An arbitrator's decision that says homeowners associations have to get a favorable vote from residents to implement special assessments could have far ranging implications for the 1.2 million Clark County residents who live in such communities, a lawmaker said Thursday.

"This is big," said Sen. Mike Schneider, D-Las Vegas, who has worked on homeowner association issues in the Legislature for years.

The problem is that state law requires associations to have a fully funded reserve for capital improvements, which creates the need for special assessments, but there is also the requirement in many associations that homeowners be allowed to vote, he said.

The two requirements conflict if homeowners vote no on special assessments. Schneider disagreed with the ruling, saying the reserve requirement is critically important to maintain the communities.

It is even tougher in the case of the arbitration decision in the dispute between Jonathan Friedrich and the Rancho Bel Air Homeowner's Association because the rules require a two-thirds vote, he said.

"It's almost impossible to get a two-thirds vote," Schneider said.

The dispute stems from a vote last year by the homeowners association board to implement a $20 a month special assessment starting Jan. 1 to fund a reserve for capital projects.

Friedrich objected, saying the association's rules required a vote of the homeowners, with a yes from two-thirds of the residents to implement the assessment.

The board disagreed, citing a state law that it said overrode the association rules.

But in the decision issued Friday, Arbitrator Dee Newell ruled for Friedrich, saying the board is required to put the matter to a vote of the homeowners.

"I'm ecstatic that I won my battle with my homeowners association," Friedrich said. "It's been a long, hard, nasty fight."

The decision does not impact standard homeowners association fees.

Schneider said a bill that would have cleared up the issue by allowing association boards to impose such fees passed the Legislature but was vetoed by Gov. Jim Gibbons, he said.

Even so, Schneider said legislative counsel has issued a legal opinion that says association boards can implement special assessments without a vote of residents, a view that conflicts with the arbitrator's decision.

But Las Vegas attorney Robert Sullivan, who represented Friedrich in the dispute, said the arbitrator got it right by requiring the board to seek a vote of the association residents.

The decision says that just because homeowners might vote against an assessment is no reason not to go through with the voting process, he said. It makes it even more important for the board to communicate to residents why the assessment is needed, Sullivan said.

While homeowners might vote against an assessment, the same could be said of an association board, he said.

The decision leaves unanswered whether a board could vote to impose a special assessment in the event of a no vote by homeowners, Sullivan said.

"But the answer is not to disenfranchise the voters," he said.

The decision does have some applicability to other associations that require homeowner votes in their rules, Sullivan said. It would be persuasive, but not binding, for other associations, he said.

The Rancho Bel Air decision can be appealed to district court, but there is no indication yet if the association will do so, Sullivan said.

Friedrich said he has struck a blow for homeowners all across Nevada with the decision.

But whether Friedrich, a transplanted New Yorker who now lives in Rancho Bel Air, is viewed as a hero or a troublemaker depends on who you talk to.

"The board despises me and the feeling is mutual," he said.

The $20 a month fee was suspended for 90 days as a result of the decision. By then, the association must put the issue to a vote.

Putting the issue to a vote as required by the association rules does not "automatically mean the reserve funding method suggested by the executive board will fail," Newell said in the decision.

Friedrich said he offered to withdraw the arbitration if the board would put the matter to a vote but was ignored.

"I bent over backwards because I wanted the majority to speak," he said. "I thought we lived in a democracy."

Friedrich said the decision should apply to all types of special assessments, and to all homeowners associations that require votes for such assessments in their own rules, as most do.

Robyne Brooks, property manager for the association, said she had not read the decision and could not comment. The attorney representing the association could not be reached for comment Thursday.

Friedrich's efforts to get the matter to a vote almost failed because of what he said were last minute dealings over a homeowners association bill at the Legislature.

Senate Bill 396, as amended in a conference committee in the last minutes of the Legislature, would have taken away voting rights for homeowners association residents, he said.

The proposal was originally in a Senate bill that did not see passage in the Assembly. But it was amended into SB396 at the last minute, Friedrich said.

As a result, Friedrich, among many others, asked Gibbons to veto the measure, which he did, citing in part, "unintended and unanticipated impacts on common-interest communities and those who live within those communities, including the possibility of increased assessments."

**Find this article at:**
http://www.lvrj.com/news/8483492.html

☐ Check the box to include the list of links referenced in the article.

Copyright © Las Vegas Review-Journal, 1997 - 2007

Go Green! Subscribe to the electronic Edition at www.reviewjournal.com/ee/

# EXHIBIT 8

Sherry Moulton
1000 Beck St #366
Reno, NV 89509

August 22, 2006

Eugene Burger Management Corp. (EBMC)
c/o Kevin Berg
5011 Meadowood Mall Way #200
Reno, NV 89502-6547

FACSIMILE: 828-2677

CERTIFIED LETTER 7005 2570 0001 8538 4324
RETURN RECEIPT REQUESTED

Re: Special Assessment Payments

Dear Mr. Berg,

I request accommodation for the special assessment payments. As it stands, between the HOA dues and special assessment payments, I am paying nearly $300 per month.

I would like to make lower monthly payments on this special assessment and pay the remainder at the end of the payment term.

Please let me know what accommodation can be made. Thank you.

Sincerely,

Sherry Moulton

Sherry Moulton

# EXHIBIT 9

Secured Party: **UNITED OF OMAHA LIFE INSURANCE COMPANY**

| Lien Release<br>3140061 | 12/09/2004 08:07:00 AM<br>Grantor: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION**<br>Grantee: **BISSETT JEFFREY W** |
|---|---|
| UCC 1<br>3332264 | 01/04/2006 04:28:00 PM<br>Debtor: **RENO NUTRITIONAL LLC, LAKESIDE PLAZA 1 LLC R/O**<br>Secured Party: **SHARI FLOYD ENTERPRISES, FLOYD SHARI ENTERPRISES** |
| Lien<br>3336034 | 01/13/2006 03:30:00 PM<br>Grantor: **MOTARJEMI MILAD**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION** |
| Lien<br>3336035 | 01/13/2006 03:30:00 PM<br>Grantor: **ROWLAND GEORGE LEVIN**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION** |
| Notice Non Responsibility<br>3427384 | 08/17/2006 03:00:00 PM<br>Grantor: **LAKESIDE PLAZA I LLC, LAKESIDE PLAZA II LLC**<br>Grantee: |
| Notice Non Responsibility<br>3458083 | 11/01/2006 10:16:00 AM<br>Grantor: **LAKESIDE PLAZA I LLC, LAKESIDE PLAZA II, LAKESIDE PLAZA**<br>Grantee: |
| Lien<br>3497247 | 02/12/2007 04:32:51 PM<br>Grantor: **SHAPIRO GLEN**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION INC** |
| Lien<br>3497248 | 02/12/2007 04:32:51 PM<br>Grantor: **SHAPIRO GLEN**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION INC** |
| Lien<br>3524008 | 04/24/2007 08:45:07 AM<br>Grantor: **OTTO PAUL**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION** |
| Lien<br>3524009 | 04/24/2007 08:45:07 AM<br>Grantor: **LIRIANO FLORDELISA**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION** |
| Lien<br>3524158 | 04/24/2007 12:51:06 PM<br>Grantor: **HERRERA STEVIE F**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION INC** |
| Lien<br>3551545 | 07/05/2007 02:25:00 PM<br>Grantor: **MOULTON SHERYL A**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION** |
| Notice Of Default<br>3576936 | 09/20/2007 10:30:40 AM<br>Grantor: **MOULTON SHERYL A**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION** |
| Notice Of Default<br>3576937 | 09/20/2007 10:30:40 AM<br>Grantor: **LIRIANO FLORDELISA**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION** |
| Lien<br>3579219 | 09/27/2007 02:00:12 PM<br>Grantor: **RANDLE SVETLANA Y**<br>Grantee: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION** |
| Lien Release<br>3591631 | 11/05/2007 04:30:41 PM<br>Grantor: **LAKESIDE PLAZA CONDOMINIUM ASSOCIATION**<br>Grantee: **RANDLE SVETLANA Y** |
| Lis Pend | 12/06/2007 11:25:45 AM |

# EXHIBIT 10



ORIGINAL

5

1  CODE: $1425
   GAYLE A. KERN, LTD.
   GAYLE A. KERN, ESQ.
2  NEVADA BAR #1620
   5421 Kietzke Lane, Suite 200
   RENO, NEVADA 89511
   Telephone (775) 324-5930
   Telefax (775) 324-6173
   E-mail: gaylekern@kernltd.com

FILED

2007 NOV 21  PM 1: 24

HOWARD W. CONYERS

BY_____ DEPUTY

Attorneys for Plaintiff Lakeside Plaza Condominium Association, a Nevada non-profit
corporation

9       IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

        IN AND FOR THE COUNTY OF WASHOE

10  LAKESIDE PLAZA CONDOMINIUM              CASE NO.  CV07 02674

11  ASSOCIATION, INC. a Nevada non-profit
    corporation,                           DEPT. NO.  4

12
            Plaintiff,
13                                          COMPLAINT FOR DAMAGES
        vs.
14
    EUGENE BURGER MANAGEMENT
15  CORPORATION OF NEVADA, INC.,
    DOES 1-10;
16
            Defendants.
17

18  _____/

19      Plaintiff Lakeside Plaza Condominium Association, Inc., a Nevada non-profit corporation,

20  by and through its attorneys, Gayle A. Kern, Ltd., allege and aver as follows:

21                          **FACTUAL ALLEGATIONS**

22      1.      Plaintiff Lakeside Plaza Condominium Association, Inc. ("Lakeside Plaza") is a

23  Nevada non-profit corporation operating under Nevada law as a common-interest community and

24  association as that term is defined in NRS 116.011 and Lakeside Plaza is a common interest

25  community, as that term is defined in NRS 116.021.

26      2.      Defendant Eugene Burger Management Corporation of Nevada, Inc. ("EBMC") is

27  a Nevada corporation and operates as a community manager as that term is defined by NRS

28  116.023. Employees of EBMC that are licensed, permitted or hold a certificate from the state to

GAYLE A. KERN, LTD.
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE: (775) 324-5930

1 operate as a community manager are bound by the requirements of Chapters 116 of the Nevada

2 Revised Statutes and Nevada Administrative Code.

3     3.     Lakeside Plaza is unaware of the true names and capacities of other defendants

4 designated herein as DOES 1 through 10, inclusive, and therefore sues these defendants under such

5 fictitious names. Lakeside Plaza will amend this complaint to allege their true names and

6 capacities when ascertained. Lakeside Plaza is informed and believes that each of the defendants

7 designated herein as a DOE is in some manner responsible for the events and happenings referred

8 to in this complaint and each has caused damages proximately to Lakeside Plaza as herein alleged.

9     4.     EBMC served as the community manager for Lakeside Plaza from approximately

10 January 1998 to June 30, 2007.

11     5.     While serving as the community manager for Lakeside Plaza, EBMC also acted as

12 the property manager for various of the individual units within Lakeside Plaza under the Rental

13 Trust Program.

14     6.     All payments for assessments due must be received by Lakeside Plaza on or before

15 the 10th day of the month and if such payments are not received, Lakeside Plaza instructed EBMC

16 to assess a late charge on the 11th of each month of $10.00 for any such payment not made timely.

17     7.     Pursuant to Nevada Law and the Governing Documents of Lakeside Plaza, all

18 members of Lakeside Plaza must be treated similarly. Accordingly, if any member of Lakeside

19 Plaza makes a late payment, such member must be charged a late fee in accordance with the

20 collection policy. EBMC did assess late charges on members that were not within the Rental Trust

21 Program.

22     8.     On information and belief, in or about January of 1998, EBMC unilaterally

23 determined that when it paid any assessment for any of the units within the Rental Trust Program,

24 it would not impose a late charge to the members that owned units within the Rental Trust

25 Program.

26     9.     Defendant EBMC, as an entity required to comply with the requirements of Chapter

27 116, 116A of the Nevada Revised Statutes and Chapter 116 of the Nevada Administrative Code,

28

2

GAYLE A. KERN, LTD.
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE: (775) 324-5930

Copy of original document on file with the Clerk of Court – Second Judicial District Court, County of Washoe, State of Nevada

1  should have reviewed all Governing Documents of Lakeside Plaza before taking any action in

2  connection with Lakeside Plaza. Defendant EBMC knew that a homeowners association may not

3  apply different collection policies to different members and knew that the adoption of any policy

4  is within the sole discretion of the Board of Directors of Lakeside Plaza.

5     10.    Defendant EBMC knew that no meeting of the Board of Directors had been noticed

6  or conducted authorizing EBMC to waive the late charges for members that participated in the

7  Rental Trust Program.

8     11.    Defendant EBMC knew, or should have known, that a corporation may not adopt

9  a policy without authority.

10    12.    The action taken by EBMC was done to deliberately manipulate information

11 regarding late payments. Defendant EBMC refused to provide the names of owners in the Rental

12 Trust Program, and failed to include the names on the delinquency report.

13    13.    The failure to properly assess late charges to those members within the Rental Trust

14 Program by defendant EBMC meant that Lakeside Plaza was deprived of late charges in the

15 amount of $14,230.00 and also meant that Lakeside Plaza was deprived of the use of the

16 assessments in excess of $150,000.00 for various periods of time.

17    14.    By its actions, defendant EBMC failed to comply with state law.

18    15.    Defendant EBMC failed to comply with state law, including but not limited to

19 violations of NRS 116.3115, NAC 116.300(1), NAC 116.300(5), NAC 116.300(6), NAC

20 116.300(7), NAC 116.300(8), NAC 116.300(13), NAC 116.300(16).

21    16.    By failing to apply the collection policy to all homeowners as instructed by Lakeside

22 Plaza, defendant EBMC acted outside the scope of the authority granted in the Governing

23 Documents and Nevada law.

24    17.    On information and belief, taking the actions that it did, defendant EBMC acted for

25 reasons of self-interest and gain.

26    18.    The unlawful and unenforceable conduct of defendant EBMC deprived Lakeside

27 Plaza of $14,230.00.

28

3

GAYLE A. KERN, LTD.
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE: (775) 324-5930

19. The unlawful and unenforceable conduct, having been entered into without any lawful authority by the corporate body and without having complied with the requirements of notices and agendas for a common interest community, was unconscionable.

20. A licensed community manager under Nevada law should never have taken the action that it did without lawful authority of the corporation.

21. Upon learning of the unlawful actions by defendant EBMC, Lakeside Plaza sent a letter challenging the actions of EBMC.

22. Defendant EBMC was obligated to take action only when the corporation complied with applicable corporate laws of Nevada and only after action was taken at a meeting that was noticed and agendized as required by NRS 116.31083.

23. Defendant EBMC knew that if an association exercises its discretionary act of adopting a collection policy, it must do so lawfully. *See* NRS 116.3102.

24. Defendant EBMC knew that the determination of action by an Association must be done by the executive board as required by NRS 116.3103.

25. Defendant EBMC failed to act in good faith as required by NRS 116.1113.

26. Defendant EBMC is required to be fully informed of the law and management of a common interest community as required by NAC 116.300.

27. The community manager is required to remind an Association to comply with all laws in accordance with its obligations of NAC 116.300(14).

28. Any collection policy must be applied to all members fairly.

29. Defendant EBMC knew, or should have known, that a community manager should not treat members differently simply because the member chose to do business with defendant EBMC in the Rental Trust Program. Such action is unprofessional and incompetent. *See* NAC 116.360(1)(a).

30. Defendant EBMC knew, or should have known, that the very nature of the common interest community prohibits any disparate treatment of members.

///

4

GAYLE A. KERN, LTD.
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE: (775) 324-5930

31.     Defendant EBMC is charged with the knowledge of the legality for an association to act.

## FIRST CLAIM FOR RELIEF

32.     Lakeside Plaza incorporates by reference each of the allegations contained in paragraphs 1 - 31 herein.

33.     Defendant unlawfully protected members of the Rental Trust Program from paying their assessments timely as required by all members.

34.     Absent defendants' return of the funds wrongfully withheld from assessment, Lakeside Plaza will not have the funds available for the operation and reserve as needed.

35.     Defendants refuse to act reasonably. Defendants have arbitrarily and capriciously withheld the funds due and owing to Lakeside Plaza.

36.     Lakeside Plaza will suffer and have suffered great and irreparable harm if the defendants continue to refuse to pay the late fees that should have been assessed for the failure of EBMC to make assessment payments timely.

37.     As a result of the conduct of the defendant, Lakeside Plaza has been damaged in the amount of $14,230.00 and additional damages in an amount to be proven.

38.     Lakeside Plaza has been required to retain the services of attorneys to prosecute this action on its behalf and are entitled to recover costs and fees from defendant as damages and as allowed by NRS 18.010, Chapter 116 of the Nevada Revised Statues and pursuant to the governing documents.

## SECOND CLAIM FOR RELIEF

39.     Lakeside Plaza incorporates by reference each of the allegations contained in paragraphs 1 - 38 herein.

40.     The conduct of defendants as alleged herein, was done in bad faith and a breach of the covenant of good faith and fair dealing.

41.     As a direct and proximate result of the contractual breach and tortious breach of the covenant of good faith and fair dealing, Lakeside Plaza has suffered and will suffer expenses

5

GAYLE A. KERN, LTD.
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE: (775) 324-5930

1  incurred in assessments; damages in the amount of $14,230.00 and has incurred and will incur

2  costs, attorney's fees, other expenses, and items of loss, all to its damage in a sum in excess of

3  $10,000.00.

4      42.    Defendants' conduct, as alleged herein, was willful, intentional, fraudulent, done

5  maliciously, in disregard of the consequences to Lakeside Plaza and oppressively with the cruel and

6  unjust use of power and authority, thereby subjecting defendants to liability for punitive damages

7  in a sum in excess of $10,000.00.

8                          **THIRD CLAIM FOR RELIEF**

9      43.    Lakeside Plaza incorporates by reference each of the allegations contained in

10  paragraphs 1 - 42 herein.

11      44.    Defendants have breached the obligations imposed by the applicable law of Nevada

12  by converting and taking the money of the Lakeside Plaza and refusing to return it upon demand.

13      45.    As a direct and proximate result of defendants' breach of its statutory duties,

14  Lakeside Plaza has been damaged in excess of $10,000.00.

15                          **FOURTH CLAIM FOR RELIEF**

16      46.    Lakeside Plaza incorporates by reference each of the allegations contained in

17  paragraphs 1 -45 herein.

18      47.    Lakeside Plaza has performed all the conditions and obligations required of it under

19  Chapter 116 of the Nevada Revised Statutes.

20      48.    Defendants have breached the obligations imposed by Chapters 116 and 116A of

21  the Nevada Revised Statutes and Chapter 116 of the Nevada Administrative Code.

22      49.    As a direct and proximate result of defendants' breach of Chapters 116 and 116A

23  of the Nevada Revised Statutes and Chapter 116 of the Nevada Administrative Code, Lakeside

24  Plaza has been damaged in excess of $10,000.00.

25      WHEREFORE, Lakeside Plaza prays for the following relief from the defendant:

26      1.    Judgment in favor of Lakeside Plaza and against defendants;

27      2.    Damages in excess of $10,000.00;

28

6

*GAYLE A. KERN, LTD.*
*5421 KIETZKE LANE, SUITE 200*
*RENO, NEVADA 89511*
*TELEPHONE: (775) 324-5930*



3.  Consequential damages in excess of $10,000.00;

4.  Damages as attorneys fees;

5.  Costs of suit;

6.  Interest as allowed by law;

7.  Punitive damages; and

8.  Such other and further relief as the Court deems proper.

Dated this 15ᵗʰ day of November, 2007.

GAYLE A. KERN, LTD.

GAYLE A. KERN, ESQ.
Attorneys for Plaintiff Lakeside Plaza Lakeside Plaza Condominium Association

GAYLE A. KERN, LTD.
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE: (775) 324-5930

7

Copy of original document on file with the Clerk of Court – Second Judicial District Court, County of Washoe, State of Nevada

 

VERIFICATION

STATE OF NEVADA          )
                         ):ss.
COUNTY OF WASHOE         )

I, Frank Perau, am the President of the Executive Board of the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are thereon alleged on information and belief, and as to those matters I believe them to be true.

_____
FRANK PERAU

SUBSCRIBED and SWORN to before me
this 15th day of November, 2007.

_____
NOTARY PUBLIC


AMBER A. GARRELL
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 05-99145-2 - Expires June 21, 2009

GAYLE A. KERN, LTD.
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE: (775) 324-5930

8

Copy of original document on file with the Clerk of Court -- Second Judicial District Court, County of Washoe, State of Nevada

 

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, COMPLAINT

FOR DAMAGES filed in case number: To Be Assigned

☑ Document does not contain the social security number of any person

-OR-

☐ Document contains the social security number of a person as required by:

☐ A specific state or federal law, to wit:

_____

Dated this 15th day of November, 2007.

_____
Signature

Gayle A. Kern
Print Name

Attorney for Plaintiff

GAYLE A. KERN, LTD.
542 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE: (775) 324-5930