# EXHIBIT 11

KAREN J. BRIGG, SENIOR VICE PRESIDENT
BJ BROWN, DIVISION MANAGER

**EUGENE BURGER MANAGEMENT CORPORATION**
5011 Meadowood Mall Way, Suite 200
Reno, Nevada 89502

TELEPHONE 775-826-5970
TELEPHONE 775-828-3664
FAX 775-826-2677

## DELINQUENT NOTICE

Date: 1/9/07

COPY SENT BY FIRST CLASS MAIL
Account: 366

Moulton, Sheryl A.
1000 Beck Street #366
Reno NV 89509          Property Address: 1000 Beck Street #366

Dear Moulton, Sheryl A. ;

We must bring to your attention that your Association account is reflecting a past due amount owing in the amount of $1,761.25. In addition your account has incurred a $10.00 delinquent processing charge. Full payment is required to bring your account current.

This letter is simply to advise you that Association assessments become an obligation of an owner to pay at the time the assessments or other sums are levied. Unless otherwise specified by the Board, assessments are due on the first day of each month. An assessment shall be delinquent if not received by the Association or its designated agent within ten (10) days after it is due. After ten (10) days past due, an assessment, or any portion thereof, that is delinquent shall incur a late charge of $10.00 and shall bear interest at a rate of six percent (6%) per annum from the due date.

Please understand that costs and fees incurred in processing and collecting delinquent accounts, including, without limitation, late and interest charges, charges for preparation of delinquent notices or referral for collection, postage and copies, and attorney's fees and costs, shall become an additional charge against the owner and the owner's unit and shall be subject to collection action pursuant to the Association's collection policy and governing documents. All payments received shall be applied first to principal owed, then to interest and collection charges. To avoid further late penalties, collection costs and possibly legal action, We must ask that you give this matter your prompt attention and send us your check by return mail.

If you should have any questions with regard to your account or if you feel an error has been made, please feel free to contact the offices of Eugene Burger Management Corporation at 775-826-5970 and request to speak to someone in our accounts receivable department. I am sure this was simply an oversight or misunderstanding and the matter can be easily resolved; therefore, requiring no further action. Thank you in advance for promptly taking care of this matter.

Sincerely,
**EUGENE BURGER MANAGEMENT CORPORATION**
As Agent for Lakeside Plaza Condominium Association
By: Karen BrigNb
KAREN J. BRIGG, SENIOR VICE PRESIDENT

# Owner Ledger

Moulton, Sheryl A.
1000 Beck Street #366
Reno, NV  89509

| | |
|---|---|
| Date: | 01/09/07 |
| Owner Code: | 366 |
| Property: | 033 |
| Unit: | 366 |
| Status: | Current |
| Fees: | 143.09 |
| Deposit: | 0.00 |
| Move In Date: | 11/15/05 |
| Move Out Date: | |
| Due Day: | 1 |
| Tel# (O): | |
| Tel# (H): | |

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| | Balance Forward | | | -137.34 |
| 05/01/06 | Fees | 137.34 | | 0.00 |
| 05/12/06 | Copies of info requested | 56.00 | | 56.00 |
| 06/01/06 | Fees | 137.34 | | 193.34 |
| 06/09/06 | chk# 1920 | | 193.34 | 0.00 |
| 07/01/06 | 2006 Special Assessment | 1,703.75 | | 1,703.75 |
| 07/01/06 | Fees | 143.09 | | 1,846.84 |
| 07/07/06 | chk# 1958 | | 285.07 | 1,561.77 |
| 07/24/06 | 2nd Notification Postage & Admin Fees - | 14.64 | | 1,576.41 |
| 08/01/06 | Fees | 143.09 | | 1,719.50 |
| 08/09/06 | chk# 1964 | | 285.07 | 1,434.43 |
| 08/18/06 | Notice of hearing & postage fees | 20.64 | | 1,455.07 |
| 09/01/06 | Fees | 143.09 | | 1,598.16 |
| 09/13/06 | chk# 1968 | | 143.09 | 1,455.07 |
| 10/01/06 | Fees | 143.09 | | 1,598.16 |
| 10/12/06 | chk# 1978  Oct06 dues | | 143.09 | 1,455.07 |
| 11/01/06 | Fees | 143.09 | | 1,598.16 |
| 11/11/06 | Late Fee | 10.00 | | 1,608.16 |
| 12/01/06 | Fees | 143.09 | | 1,751.25 |
| 12/11/06 | Dec06 Late Fee | 10.00 | | 1,761.25 |
| 12/12/06 | chk# 1992  November assessment | | 143.09 | 1,618.16 |
| 01/01/07 | Fees | 143.09 | | 1,761.25 |

| Current | 30 Days | 60 Days | 90 Days | Amount Due |
|---|---|---|---|---|
| 153.09 | 153.09 | 0.00 | 1,455.07 | 1,761.25 |

# EXHIBIT 12

## Ideas VC

**From:** Frank P. [perau@charter.net]

**Sent:** Monday, January 15, 2007 2:30 AM

**To:** Ideas VC

**Cc:** Gayle Kern; Karen Brigg; Kevin; Shane; Rich; Dan; Jorn Christensen

**Subject:** Sorry...forgot to attatch

----- Original Message -----
**From:** Frank P.
**To:** Ideas VC
**Cc:** Kevin ; Karen Brigg ; Shane ; Rich ; Dan ; Jorn Christensen ; Gayle Kern
**Sent:** Monday, January 15, 2007 2:27 AM
**Subject:** Moulton/Unit 366 - Dispute of Charges

Ms. Moulton,

I would first like to point out to you that EBMC is simply an agent for this association and as such has no authority to remove any charges that the Board does not authorize them to remove. They may, however, correct accounting errors and charges for late fees only if the placement of those fees were the result of "their" error. Please in future address your concerns about the validity of and request to remove charges to the association/Board.

Attached you will find a copy of your "Owner Ledger". I will be addressing this ledger so please familiarize yourself with its content.

First, EBMC should not have sent you the "delinquent notice" that you received. Your account has already been forwarded to our legal counsel to begin the collection of your past due assessments.

Second, the information contained in the "delinquent notice" was incorrect. The clerk that sent the notice indicates that you have a delinquent sum of $1,761.25. That amount is the "total" amount owed on your account (as shown on the ledger). You have missed your last five (5) payments for the Reserve Fund Assessment. That delinquency is $709.90 ($141.98 x 5).

However, upon examining your ledger I noticed that EBMC's accounting department had failed to post additional charges to your account and that will be dealt with on Tuesday, January 16. You see, pursuant to NRS 116.3115(6) the association has the right to assess all expenses to an owner for all costs that arise out of that owner's misconduct. You should have been charged for all attorney's fees/costs that the association incurred to write you letters regarding your violations of our governing documents and to notice you of and to attend your hearing as a result of those violations. Again, those charges will be added and you will receive a new statement of your account.

As for late fees...if you would look at your ledger you will see that EBMC does not show a payment for your November assessment being received until December 12. And as of the date the ledger was printed they had not received any payment for December. If you have copies of receipts and cancelled checks to prove otherwise, please provide them to Kevin and he will present that information to the Board and the appropriate actions will be taken.

Your request for the removal of postage charges is hereby denied. Those charges were assessed to you for the mailing of courtesy/violation notices and a notice of hearing. These charges are allowed by NRS 116 and our governing documents.

I will instruct EBMC to remove any charges that were placed on your account for sending the "Delinquent Notice" dated January 9, 2007. As I stated earlier, the information was incorrect and your account has already been referred for collection.

Thank you for your time and attention. I am sure that you will take the appropriate steps to bring your account

current.

Frank Perau
President
Board of Directors
Lakeside Plaza HOA

----- Original Message -----
**From:** KarenBrigg@ebmc.com
**To:** Ideas VC
**Cc:** info@w3sales.net ; KevinBerg@ebmc.com ; perau@charter.net
**Sent:** Sunday, January 14, 2007 7:09 PM
**Subject:** Re: Sheryl Moulton/Lakeside Plaza - Dispute Letter Re: "Delinquent Notice"

Hi Sheryl,

Kevin will have the Reno accounting department review your account history to make sure we have record of all
your checks. Thank you for brining this matter to our attention.

Best Regards,

Karen J. Brigg, Senior Vice President
EUGENE BURGER MANAGEMENT CORPORATION
Tel Reno: 775-826-5970 Fax Reno: 775-826-6485
Tel Auburn: 530-745-9801 Fax Auburn: 530-745-9804
Tel LV: 702-873-3071 Fax LV: 702-873-0629

"Ideas VC" <ideasvc@hotmail.com>

01/12/2007 06:49 PM

| | |
|---|---|
| To: | <KarenBrigg@ebmc.com> |
| cc: | <KevinBerg@ebmc.com>, <perau@charter.net>, <info@w3sales.net> |
| Subject: | Sheryl Moulton/Lakeside Plaza - Dispute Letter Re: "Delinquent Notice" |

Dear Karen,

I am in receipt of the attached "Delinquent Notice". All monthly HOA dues are current and I have cancelled checks
and receipts to this effect. I also dispute the "late" fees and "postage fees" and ask that those be removed from
my account.

I am certain this is simply just an oversight on your part. Please see to it that you make the necessary corrections
and mail me the corrected billing statement. Thank you, in advance, for your anticipated cooperation.

Most sincerely,
Sheryl Moulton
www.Paralegal.ws
sherrym@paralegal.ws

12/23/2007

# EXHIBIT 13

# GAYLE A. KERN, LTD.

ATTORNEYS AT LAW

GAYLE A. KERN, ESQ.
MEMBER OF THE BARS OF NEVADA AND CALIFORNIA
gaylekern@kernltd.com

SARAH V. CARRASCO, ESQ.
MEMBER OF THE BARS OF NEVADA AND ARIZONA
sarahcarrasco@kernltd.com

5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511

TELEPHONE: (775) 324-5930
FACSIMILE: (775) 324-6173

February 15, 2007

ORIGINAL VIA CERTIFIED MAIL AND
COPY VIA FIRST CLASS MAIL

## *NOTICE OF INTENT TO PROCEED WITH*
## *NOTICE OF DELINQUENT ASSESSMENT*
## *AND FORECLOSURE*

Sheryl Moulton
225 Crossroads Blvd. #164
Carmel, CA 93923

> Re:   *Lakeside Plaza Condominium Association*
>        Lot #366

Dear Ms. Moulton:

I represent the Lakeside Plaza Condominium Association and have been retained by the Board of Directors in connection with that amount of money now due and owing for the special assessment.

Our records reflect that as of February 1, 2007, you owe the amount of $1,040.24 for the Special Reserve Assessment through February. Unfortunately, you have failed to make arrangements or bring the account current. In addition, you are now responsible for attorney's fees and costs in the amount of $205.00 for a total now due of $1,245.24. Additional amounts accrue each day.

Pursuant to NRS 116.3116, the Association has a lien on your property. It is my recommendation to my client that if you do not bring this account current, it should either proceed with foreclosure against you or file a lawsuit. In either case, there will be additional amounts due and owing including interest, attorney's fees and foreclosure and/or litigation costs. In addition, you face the possibility of losing your property.

February 15, 2007
Ms. Moulton
Page Two

Your obligations to make the Association's assessments in a timely manner is perfectly clear under the Declaration of Covenants, Conditions & Restrictions of Lakeside Plaza Condominium Association.

Please direct any questions regarding your account to the undersigned. Payment of $1,245.24 must be made to the Lakeside Plaza Condominium Association, care of my address identified above at 5421 Kietzke Lane, Suite 200, Reno, NV 89511.

> UNLESS YOU NOTIFY US WITHIN 30 DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, VERIFICATION OF THE DEBT WILL BE OBTAINED AND MAILED TO YOU. ALSO, UPON YOUR REQUEST WITHIN 30 DAYS, YOU WILL BE PROVIDED WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ALL INFORMATION OBTAINED WILL BE USED FOR SUCH PURPOSE.

In addition, you should accept this letter as an INTENT TO PROCEED WITH NOTICE OF DELINQUENT ASSESSMENT AND PROCEED WITH FORECLOSURE.

I sincerely hope that you will resolve this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

GAYLE A. KERN, LTD.

Gayle A. Kern

c: Client

# EXHIBIT 14

3308106
11/15/2005
17 of 19

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this 10th                    day of November, 2005              ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to Century 21(R) Mortgage (SM)

                                                                                                                    (the

"Lender") of the same date and covering the Property described in the Security Instrument and located at:
                        1000 BECK DRIVE # 366 RENO, NV 89509

[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a
condominium project known as:

                                    LAKESIDE PLAZA

[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the Condominium
Project (the "Owners Association") holds title to property for the benefit or use of its members or
shareholders, the Property also includes Borrower's interest in the Owners Association and the uses,
proceeds and benefits of Borrower's interest.

   **CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

   **A. Condominium Obligations.** Borrower shall perform all of Borrower's obligations under the
Condominium Project's Constituent Documents. The "Constituent Documents" are the: (i) Declaration or
any other document which creates the Condominium Project; (ii) by-laws; (iii) code of regulations; and
(iv) other equivalent documents. Borrower shall promptly pay, when due, all dues and assessments
imposed pursuant to the Constituent Documents.

   **B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted
insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to
Lender and which provides insurance coverage in the amounts (including deductible levels), for the
periods, and against loss by fire, hazards included within the term "extended coverage," and any other
hazards, including, but not limited to, earthquakes and floods, from which Lender requires insurance,

**MULTISTATE CONDOMINIUM RIDER**-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

-8R (0008)          Form 3140 1/01
Page 1 of 3          Initials:
VMP MORTGAGE FORMS - (800)521-7291

3388196
11/15/2005
18 of 19

then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.



-8R (0008)                    Page 2 of 3                    Initials: SM                    Form 3140 1/01



3398166
11/15/2005
19 of 19

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Condominium Rider.



_____ (Seal)
Sheryl A Moulton     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

_____ (Seal)
                     -Borrower

-8R (0008)          Page 3 of 3          Form 3140 1/01

Assessor's Parcel Number: 019 . 443./6

Return To: Century 21(R) Mortgage (SM)

3910 Kirby Drive , Suite #300,
HOUSTON, TX 77098
Prepared By: Anjana  Shukla, Century
21(R) Mortgage (SM)
3000 Leadenhall Road Mount Laurel, NJ
08054
Recording Requested By:

DOC # 3308106
11/15/2005 03:49P Fee:32.00
BK1
Requested By
STEWART TITLE OF NORTHERN NEVADA
Washoe County Recorder
Kathryn L. Burke - Recorder
Pg 1 of 18 RPTT 0.00

Sec # 509610.08
────────── [Space Above This Line For Recording Data] ──────────

DEED OF TRUST
                                                    MIN    100020000327220848

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated November  10,  2005
together with all Riders to this document.
(B) "Borrower" is Sheryl  A Moulton, AN UNMARRIED WOMAN

Borrower is the trustor under this Security Instrument.
(C) "Lender" is Century 21(R) Mortgage  (SM)

Lender is a Corporation
organized and existing under the laws of New Jersey

NEVADA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS             Form 3029  1/01

VMP-6A(NV) (0107).02
Page 1 of 15                        Initials
    VMP MORTGAGE FORMS - (800)521-7291

# EXHIBIT 15

DOC # 3342921
01/31/2006 02:33P Fee:15.00
BK1
Requested By
SHERYL A MOULTON
Washoe County Recorder
Kathryn L. Burke - Recorder
Pg 1 of 2 RPTT 0.00

Assessor Parcel Number: 019-443-16     Or

Assessor's Manufactured Home ID number_____

## Declaration of Homestead

**Check One**
_____ Married (filing joint declaration)
_____ Head of Family
_____ By Husband (filing for joint benefit or both)
✓ Single, Married or Widowed
_____ By Wife (filing joint benefit or both)
_____ Multiple Single Persons
_____ Other _____

A. **Check One**
✓ Regular Home Dwelling/Manufactured Home ✓ Condominium Unit    _____ Other
Name on Title of Property SHERYL A. MOULTON
do individually or severally certify and declare as follows: Shirl A. Moulton
is/are now residing on the land, premises (or manufactured home) located in the City of Reno,
County of Washoe,    State of Nevada, and more particularly describe as follows:
(Set forth legal description and commonly known street address OR manufactured home description)
1000 Beck St. #3100 Reno, NV 89509
(SEE ATTACHED EXHIBIT "A")

B. _____ I/We claim the land and premises hereinabove described, together with the dwelling house thereon, and its appurtenances, or the described manufactured home as a Homestead.

C. **Check One (If applicable)**
✓ (1) No former Declaration of Homestead has been made by me, or us, or either of us.
_____ (2) This Declaration constitutes an abandonment of the former Declaration recorded _____.

In Witness, Whereof, I/We have hereunto set my hand/our hands this 6th day of January 20 06.

Sheryl A. Moulton
(Signature)                                              (Signature)

SHERYL A. MOULTON
(Print or type name here)                               (Print or type name here)

STATE OF NEVADA _____ )
COUNTY OF WASHOE _____ )
This instrument was acknowledged before me on 1-6-06
Sheryl A. Moulton                    (date)
(Person(s) appearing before notary)

McCassie    My commission expires: 7/07              (seal, if any)
(Signature of notarial officer)

C. McCASSIE
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No. 03-R3572-2 - Expires July 1, 2007

**This MUST be completed for recording.**
Return Recorded Document To:
Name: Sheryl Moulton
Address/ City/ State/ Zip 1000 Beck St. #3100 Reno, NV 89509

The Recorder's Office assumes no liability for the completion of the Homestead Declaration.
**CONSULT AN ATTORNEY IF YOU DOUBT THIS FORM'S FITNESS FOR YOUR PURPOSE**
DOH05 04

CLTA-STANDARD OWNER'S POLICY

**EXHIBIT "A"**

PARCEL 1:

Unit 366-B of LAKESIDE PLAZA, PHASE 1, a Condominium, according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, as Tract Map No. 1827.

PARCEL 2:

An undivided 1/191st interest in the Common Areas as shown on the official maps of LAKESIDE PLAZA, PHASES I AND II, a Condominium, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, under Filing No. 597196, Official Records and under Filing No. 597200, Official Records, Washoe County, Nevada.

APN: 019-443-16




3342921
81/31/2896
2 of 2

# EXHIBIT 16



# Reno Police Department

**P.O. Box 1900**
**RENO, NV 89505**
**(775) 334-2175**



DATE: 3/11/07

TO: Sheryl Moulton

Fax: 877-281-8112

FROM: RPD Lt Cardwell

SUBJECT: R0706441385

**NUMBER OF PAGES SENT (Including cover sheet):** 2

*This document contains confidential material not of a public nature and is not to be disseminated without the express permission of the office of the Chief of Police of the Reno Police Department. Any unlawful dissemination of this material could result in criminal, civil or administrative sanction.*

Please see attached call for service.
Thank you,
Records

Printed for: RC  :3342157  # 2/ 2

```
INCIDENT HISTORY DETAIL:  R070641385
```

```
INITIATE: 17:02:22  03/05/07   CALL NUMBER:      R1385
ENTRY:    17:06:00           CURRENT STATUS: CLOSED
DISPATCH: 17:06:36           PRIMARY UNIT:   S363
ONSCENE:  17:12:48           JURISDICTION:   RP
CLOSE: ·  17:30:15           DISPOSITION:    AC
```

```
LOCATION: 5421 KIETZKE LN #200 ,RNO (NEIL RD & ANDERSON PARK LN)
LOCATION COMMENTS:
DAREA:    RS
BEAT:     68   MAP PAGE: EE36SE TYPE:    UNWANT UNWANTED SUBJ
RD:       L1B1                    PRIORITY: 2
```

```
17:06:00 RFD3 ENTRY     TEXT:GAIL KERN LTD LAW FIRM - INSIDE - CK FOR UNWANED
                        SUBJ REFUSING TO LEAVE UNTILSHE GETS THE PAPERS SHE
                        WANTS - RP ADVD THEY CAN'T HELP HER UNLESS SHE HAS AN
                        APPOINTMENT - \NAME:GAIL KERN LIMITED \ADR:
                        PH:324-5930
17:06:00 RFD3 E911      LOCATION:8095 S VIRGINIA ST - N Sector \PHONE:775/232-
                        -2545 \COMP:SPPCS
17:06:36 RRA3 DISP-ENR S363
17:06:36 RRA3 ID        S363 <R5499>BRUTON, WILLIAM
17:06:48 RFD3 SUPP      TEXT:THE UNWANTED SUBJ IN QUESTION CALLED ON 911 WHILE
                        ESO WAS TALKING TO ORIGINAL RP AND IS VERY UPSET THAT
                        THE RP IS CALLING PD ON HER - RP REFUSING TO LEAVE AS
                        SHE SAYS SHE HAS A RIGHT TO THOSE PAPERS PER UNK NRS -
                        NEG WEAPONS - SEMI
17:06:57 RFD3 SUPP      TEXT:VERBAL DISTR - ADVD DELAY - NFI +
17:12:48 RRA3 ONSCENE  S363
17:26:39 RRA3 ONSCENOK S363
17:30:15 RRA3 CLEAR     S363 AC. SHE WAS 86'D
17:30:15 RRA3 CLOSE     S363 AC
```

```
OPERATOR ASSIGNMENTS:  RFD3  R9222
                       RRA3  R8966
```

# EXHIBIT 17

FILED

1

## IN THE JUSTICE COURT OF SPARKS TOWNSHIP

2

## COUNTY OF WASHOE, STATE OF NEVADA

2007 OCT 15  PM 4: 42

3

JANINE _____ CLERK
SPARKS JUSTICE COURT

**FRANK PERAU**

: **Case No.:  07-CS-2405**
: **Dept No.:  2**

BY _____
DEPUTY CLERK

4

Applicant,

: **\*\*EXTENDED\*\***

5

vs.

: **TEMPORARY ORDER FOR**
: **PROTECTION AGAINST STALKING,**

6

: **AGGRAVATED STALKING OR**
: **HARASSMENT**

7

**SHERYL MOULTON**

Adverse Party,

: **NRS 200.591**
:

8

: **Date Issued:    OCTOBER 15, 2007**
: **Date Expired:  NOVEMBER 20, 2007**

9

**(unless otherwise ordered by the Court)**

10

11

**YOU, THE ADVERSE PARTY, ARE HEREBY NOTIFIED** that **ANY INTENTIONAL**

12

**VIOLATION OF THIS ORDER IS A CRIMINAL VIOLATION** and can result in your immediate arrest or issuance of an arrest warrant. Unless a more severe penalty is prescribed by law for the act that

13

constitutes the violation of the Order, a violation of a Temporary Order for Protection Against Stalking, Aggravated Stalking or Harassment is a gross misdemeanor which is punishable by imprisonment in the

14

county jail for not more than one (1) year, or by a fine of not more than $2,000.00, or both.

15

**PURSUANT TO NRS 193.166**, a person who commits a felony in violation of an Order for Protection against Stalking, Aggravated Stalking or Harassment shall be punished by imprisonment in the state prison

16

for a term equal to and in addition to the term of imprisonment prescribed by statue for that felony.

**YOU ARE FURTHER NOTIFIED** that you **CAN BE ARRESTED** even if the person who obtained

17

the Order invites or allows you to contact them. You have the *sole responsibility* to avoid or refrain from violating the terms of the Order. Only the Court can change the Order upon written application.

18

This Order meets the Full Faith and Credit provisions of the Violence Against Women Act

19

and is enforceable in all 50 states, the District of Columbia, U.S. Territories and Indian Nations. All other courts and law enforcement with jurisdiction within the United States and all Indian Nations

20

shall give full faith and Credit to this Order pursuant to 18 U.S.C. Sec. 2265.

Violation of the Order may subject you to federal charges and punishment pursuant to 18

21

U.S.C. Sec. 2261(a) (1) and (2) and 2262 (a) (1) and (2).

22

An Application for an order pursuant to NRS 200.591 having been filed by the above

23

named Applicant, and the Court having reviewed said Application, and the Court having

24

jurisdiction over the parties and the subject matter, and it appearing that sufficient

25

representations have been made that you, the Adverse Party, have committed and/or are

1

1   committing and/or remain a threat to commit the offense(s) of stalking, aggravated stalking, or

2   harassment, and good cause appearing therefore, **YOU ARE HEREBY ORDERED** as follows:

3   **YOU ARE PROHIBITED**, either directly or through an agent, from contacting,

    intimidating, using, attempting to use, or threatening the use of physical force, or other wise

4   interfering any way with the Applicant and/or the following persons:  MYRTLE PERAU

5   (MOTHER) including, but not limited to, in person, by telephone, through the mail, through

6   electronic mail (e-mail), facsimile, or through another person;

7      1.      **YOU ARE ORDERED** to stay 100 YARDS away from the following places:

                Residence(s) of Applicant:
8               5440 SPANISH MOSS COURT
                SPARKS, NV 89436
9

                Places(s) of Employment:
10              N/A

11
                School(s):
12              N/A

13              Other Locations Frequented:

14     2.      **YOU ARE FURTHER ORDERED:**

15             STAY AWAY FROM APPLICANT AND APLLICANT'S FAMILY

16     3.      **THIS ORDER WILL REMAIN IN EFFECT UNTIL 11:59P.M. ON THE**
       **DATE SET FORTH ON PAGE 1 UNLESS THE JUDGE ORDERS OTHERWISE.**

17     If an application for an extended order is filed within the effective period of this

18  temporary order, **this temporary order will remain in effect until the hearing on the**

19  **extended order is held.**

20     4.      IT IS FURTHER ORDERED that the Clerk of the Court shall transmit a copy of

21  this Order together with the application, to the Washoe County Sheriff's Office and/or any other

22  appropriate law enforcement agency.

23

24

25

2

FRANK PERAU vs SHERYL MOULTON 07-CS-2405

5.    IT IS FURTHER ORDERED that said law enforcement will promptly attempt to serve this Order upon the Adverse Party, without charge to the Applicant, and upon service file a return of service with the Court by the end of the next business day after service is made.

**IT IS FURTHER ORDERED** that a hearing on the issuance of an Extended Order is set:  **9:30AM, 2ᵑᵈ DAY OF NOVEMBER, 2007**

**THIS TEMPORARY ORDER REMAINS EFFECTIVE UNTIL THE HEARING ON THE EXTENDED ORDER HAS BEEN HELD.** YOU and YOUR witnesses may approach and enter the courthouse to attend the hearing but must stay away from Applicant and Applicant's witnesses while approaching, entering and within the courthouse.

## NOTICE TO LAW ENFORCEMENT

**Any law enforcement officer, with or without a warrant, may arrest and take into custody the Adverse Party, when the law enforcement officer has probable cause to believe that;**

**(a) an order has been issued pursuant to NRS 200.591 against the Adverse Party;**

**(b) the Adverse Party has been served with a copy of the order: and**

**(c) the Adverse Party is acting or has acted in violation of the order.**

**This arrest may occur regardless of whether the violation occurred in the officer's presence.**

**Any law enforcement agency in this State may enforce a court order issued pursuant to NRS 200.591, without regard to the county in which the order is issued.**

**IT IS SO ORDERED** this 15TH DAY OF OCTOBER, 2007

JUSTICE OF THE PEACE

FRANK PERAU vs SHERYL MOULTON 07-CS-2405