1  ALICE CAMPOS MERCADO, ESQ.
   NV Bar No. 4555; CA Bar No. 159416
2  JOY R. GRABER, ESQ.
   NV Bar No. 8092; CA Bar No. 227203
3  LEMONS, GRUNDY & EISENBERG
   6005 Plumas Street, Third Floor
4  Reno, Nevada 89519
   (775) 786-6868
5
   In Association With:
6
   DOUGLAS A. SEARS, ESQ.
7  CA Bar No.48646
   MATHENY SEARS LINKERT & JAIME LLP
8  3638 American River Drive
   Sacramento, CA 95864
9  (916) 978-3434

10 Attorneys for Defendants
   Gayle A. Kern and Gayle A. Kern, Ltd.
11
                  UNITED STATES DISTRICT COURT
12
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
13
                        SAN JOSE DIVISION
14                           * * *

15 SHERYL MOULTON, individually and on )    Case No. C07-05861 JW(RS)
   behalf of all others similarly situated, )
16                                         )
                  Plaintiff,               )    MOTION TO QUASH SERVICE OF
17                                         )    PROCESS AND TO DISMISS FOR
          vs.                              )    INSUFFICIENCY OF SERVICE; LACK
18                                         )    OF PERSONAL JURISDICTION; AND
   EUGENE BURGER MANAGEMENT,               )    IMPROPER VENUE; JOINDER IN
19 CORPORATION, a California corporation;  )    MOTION TO DISMISS OF DEFENDANTS
   EUGENE J. BURGER; KEVIN BERG;           )    CHRISTENSEN, GRADY, JOSEPH,
20 KAREN BRIGG; PHIL FRINK &               )    PERAU AND SVIHLA
   ASSOCIATES, INC.; PHILLIP E. FRINK;     )
21 GAYLE A. KERN, LTD; GAYLE A.            )
   KERN; ULLA CHRISTENSEN, both as         )    Hearing Date: January 28, 2008
22 individual and Lakeside Plaza Board     )
   Director; MICHAEL GRADY, both as        )    Hearing Time: 9:00 a.m.
23 individual and as Lakeside Plaza Board  )
   Director; DANIEL JOSEPH, both as        )    Dept.: 8
24 individual as Lakeside Plaza Board      )
   Director; FRANK A. PERAU, both as       )
25 individual as Lakeside Plaza Board      )
   Director; RICH SVIHLA, both as          )
26 individual as Lakeside Plaza Board      )
   Director; LAKESIDE PLAZA                )
27 CONDOMINIUM ASSOCIATION; and            )
   DOES 1-500.                             )
28                Defendants.              )

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

1  Defendants GAYLE A. KERN and GAYLE A. KERN, LTD. (collectively, "KERN") hereby moves for

2  an order quashing service of process and dismissing this action as against them. Defendants also join in

3  the Motion to Dismiss filed on behalf of defendants ULLA CHRISTENSEN, MICHAEL GRADY,

4  DANIEL JOSEPH, FRANK PERAU and RICH SVIHLA (Doc. #12).

5      This motion is made pursuant to Fed.R.Civ.P. 12(b) (1), (2), (3) and (5) upon the following

6  grounds: (1) the court lacks personal jurisdiction over Gayle A. Kern and Gayle A. Kern, Ltd., citizens

7  of the State of Nevada, (2) service of process was insufficient, and (3) the Northern District of California

8  is not the proper venue for an action against these non-resident defendants, and (4) the court lacks

9  subject matter jurisdiction in this action.

10     This motion is based on the attached memorandum of points and authorities, the pleadings, papers

11 and records filed in this court, and on such other matters as the court may consider.

12     DATED: 12/26/07

13                                    LEMONS, GRUNDY & EISENBERG
14                                    6005 Plumas Street, Ste. 300
                                      Reno, Nevada 89519
15                                    (775) 786-6868

16                                    By: _____
17                                        ALICE CAMPOS MERCADO
                                          JOY R. GRABER
                                          (Pro Hac Vice Application Pending)
18
19                                    In Association with:

20                                    MATHENY SEARS LINKERT & JAIME LLP
                                      3638 American River Drive
21                                    Sacramento, CA 95864
                                      (916) 978-3434
22                                    By: _____
23                                        DOUGLAS A. SEARS

24                                    Attorneys for Defendants
                                      GAYLE A. KERN and
25                                    GAYLE A. KERN, LTD.

26

27

28

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

-2-

**POINTS AND AUTHORITIES**

I.    **FACTS**

This action involves property in the State of Nevada and is premised upon acts and/or omissions that are alleged to have occurred in Nevada.   The property at issue is a condominium in a complex known as Lakeside Plaza, in Washoe County, Nevada, owned by plaintiff, Sheryl Moulton ("the subject property.")  The subject property is subject to a Declaration of Covenants, Conditions and Restrictions (CC&Rs), a copy of which are attached to the complaint as Exhibit 1.  (See Complaint, p.5.)  The Lakeside Plaza is a common-interest community in Nevada.  (Complaint, ¶11.)  Kern is the attorney for the Lakeside Plaza Condominium Association and its board of directors.   (Complaint, ¶5-6; see also Motion to Dismiss filed on behalf of the individual board members on December 10, 2007, (Doc. #12) which is incorporated herein by this reference.)

As required by Nevada law, a special reserve assessment was made against all members of the Lakeside Plaza Condominium Association.  The assessment was in the amount of $1,703.75.  Moulton refused to pay the assessment.  A demand for payment was sent by Kern, as the attorney for Lakeside. Thereafter, the Association, in accordance with Nevada law, commenced a non-judicial foreclosure.  See Nevada Revised Statutes 116.3116, *et seq.*   The allegations against Kern are based solely on her representation of Lakeside.  (See Complaint ¶¶5 and 6.)

On December 6, 2007, a copy of the summons and complaint were dropped off in Kern's office. The summons and complaint were not personally served on Kern nor was any proper substitute service employed.

In view of the foregoing, Kern submits service of process was insufficient and must be quashed. Further, Kern submits that this court, or any court in California, is not the proper forum to adjudicate these claims as Kern is not subject to personal jurisdiction in California, the acts and omissions at issue occurred in the State of Nevada, and the property at issue is located in the State of Nevada. Accordingly, Kern submits that service of process must be quashed and this action must be dismissed.

///

///

///

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

-3-

## II.  ARGUMENT

### A.  Service of the Complaint Should be Quashed for Failure to Comply With Fed.R.Civ.P. 4

Fed.R.Civ.P. 4 governs service of process of a summons and complaint. Service on an individual must be effected pursuant to the law of the state in which the district court is located, or in which service is effected. Fed.R.Civ.P. 4(e)(1). Alternatively, service may be effected by delivering a copy of the summons and complaint to the individual personally or by leaving copies thereof at the individual's dwelling or usual place of abode with a person of suitable age and discretion residing therein. Fed.R.Civ.P. 4(e)(2). Under Nevada law service may be effected on an individual in the same manner as provided in Fed.R.Civ.P.4(e)(2). See Nev. R.Civ.P. 4(d)(6).

In this case, plaintiff did not effect personal service upon Kern. Nor did she leave a copy of the summons and complaint with a person of suitable age and discretion at Kern's dwelling or usual place of abode. Instead, a copy of the summons and complaint was dropped off at Kern's law office. (Affidavit of Kern.)

Based on plaintiff's failure to comply with Fed.R.Civ.P. 4, Kern requests that service of the summons and complaint be quashed.

### B.  Dismissal is Also Appropriate Based Upon Lack of Personal Jurisdiction

Kern also moves for dismissal under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction.

To survive a jurisdictional challenge on a motion to dismiss, the plaintiff must make a *prima facie* showing of personal jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995). Two types of jurisdiction exist, general and specific. General jurisdiction exists if the non-resident's contacts with the forum are continuous and systematic and the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice. *Id.* at 473; *see also, International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Specific jurisdiction must comport with constitutional due process requirements. In that regard, plaintiff must show that: (1) the defendants purposefully availed themselves of the privilege of conducting business in California, thereby invoking the benefits and protections of its laws; (2) that her claims arise out of defendants' California-related activities; and (3) the exercise of jurisdiction would be reasonable. *Id.* at 473.

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

1        In this case, the plaintiff cannot meet her burden. The complaint is devoid of any allegations

2   from which it can be found that general jurisdiction may be exercised against Kern in California. There

3   are no allegations of continuous or systematic contacts with California by kern. On the contrary, the only

4   contact by Kern in California was the mailing of a letter to plaintiff regarding the special assessment

5   Under Ninth Circuit case law, that contact is insufficient to establish personal jurisdiction. *See*

6   *Market/Media Research, Inc. v. Union-Tribune Publishing Co.*, 951 F.2d 102, 105 (9th Cir. 1991) (even

7   though defendants made telephone calls and sent mail to plaintiff in Ohio, the quality and nature of their

8   contacts with the forum state fell short of due process requirements).

9        Nor does the complaint contain any allegations upon which plaintiff may establish that Kern

10  "purposefully availed" herself of the privilege of conducting business in California. The incident that gives

11  rise to plaintiff's claims occurred in Nevada and involve property in Nevada. Plaintiff's complaint does

12  not demonstrate otherwise.

13       In view of the undisputed evidence before the court, any assertion that Kern availed herself of

14  the privilege of doing business in California would be without merit. Thus, general jurisdiction is lacking.

15       Nor can plaintiff establish specific jurisdiction based on the assertion that her claims arise out of

16  Kern's California-related activities. There are no California-related activities. It is evident from the

17  allegations of the complaint and from the facts presented in this motion and in the Motion to Dismiss filed

18  on behalf of the Board Members (Doc. #12) that the only California activity on which plaintiff's claims

19  against Kern is premised is the mailing of a letter to her in California. As indicated above, the mere

20  mailing of a letter is insufficient to support personal jurisdiction over this Nevada resident.

21       In summary, because Gayle Kern has not purposefully availed herself of the privilege of doing

22  business in California, and because the activities which underlie plaintiff's claims all occurred in Nevada

23  and not California, the exercise of personal jurisdiction over Kern would grossly offend due process.

24  The facts establish that California courts lack jurisdiction over the person of Gayle Kern and Gayle A.

25  Kern Ltd. for the claims that are being asserted by Moulton in this action. Therefore, dismissal on this

26  basis is mandated.

27  ///

28  ///

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

-5-

1   **C.   The Northern District of California is not the Proper Venue for This**

2   **Action**

3       Plaintiff alleges that this court has venue under 28 U.S.C. § 1391(b) because she and "a large

4   number" of Lakeside Plaza owners are California residents, and because a defendant other than Kern

5   "allegedly" resides in California. (Complaint, p. 4, ¶17.) Plaintiff is mistaken.

6       A civil action where jurisdiction is not founded solely on diversity of citizenship may be brought

7   only in (1) a judicial district where any defendant resides; (2) a judicial district in which a substantial part

8   of the events or omissions giving rise to the claim occurred; or a substantial part of property that is

9   subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there

10  is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b)

11      Plaintiff has invoked this court's federal question jurisdiction based upon the Fair Debt

12  Collections Practices Act and the Racketeer Influenced and Corrupt Organizations (RICO) Act.

13  (Complaint, ¶14.) Therefore, Section 1391(b) dictates the proper venue for this action.

14      As reflected above and in the complaint, Kern resides in Nevada's judicial district, as do the

15  individual members of the Lakeside Plaza Condominium Association. (See Doc. #12, p. 10.)

16  Furthermore, all of the events that underlie this claim occurred in Nevada. Nevada is also the state in

17  which the property that the subject of the action is situated.

18      Thus, under the facts of this case, plaintiff cannot establish that the Northern District of California

19  is the proper venue to adjudicate any of her claims.

20  **D.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

21      A plaintiff bears the burden of demonstrating that subject matter jurisdiction exists when

22  challenged. *See, e.g., Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001).

23      Kern hereby joins in the Motion to Dismiss filed on behalf of the individual Board members (Doc.

24  #12). The plaintiff in this case cannot satisfy that burden as to the tort claims she has asserted.

25  For the same reason, Kern submits that she, too, is entitled to dismissal for lack of subject matter

26  jurisdiction

27  ///

28  ///

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

-6-

1   In view of the foregoing, and based upon the moving papers filed by the individual board members, it is

2   respectfully submitted that this court lacks subject matter jurisdiction to adjudicate the claims plaintiff

3   has asserted.  For this reason as well, plaintiff's complaint must be dismissed.

4   **III.    CONCLUSION**

5       Based upon the foregoing analysis and argument, defendants Gayle A. Kern and Gayle A. Kern

6   Ltd. respectfully request that this court issue an order quashing service of the summons on the complaint

7   and dismissing this action based on insufficiency of process, lack of personal jurisdiction, lack of subject

8   matter jurisdiction, and improper venue.

9       DATED this _26th_ day of December 2007.

10                                LEMONS, GRUNDY & EISENBERG
                                  6005 Plumas Street, Ste. 300
11                                Reno, NV 89519
                                  (775)786-6868
12

13      By: _____
14          ALICE CAMPOS MERCADO
            JOY R. GRABER
15          (Pro Hac Vice Application Pending)

16      In Association with:

17      MATHENY SEARS LINKERT & JAIME LLP
        3638 American River Drive
18      Sacramento, CA 95864
        (916) 978-3434
19
        By: _____
20          DOUGLAS A. SEARS

21          Attorneys for Defendants
                GAYLE A. KERN and
22              GAYLE A. KERN, LTD.

23

24

25

26

27

28

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

-7-

## AFFIDAVIT OF GAYLE A. KERN

STATE OF NEVADA      )
                     ) ss:
COUNTY OF WASHOE     )

I, GAYLE A. KERN, being first duly sworn, depose and say under penalty of perjury that the following statements contained in this affidavit are true and correct to the best of my knowledge.

1.    I am one of the defendants named in the above-entitled lawsuit. I have personal knowledge of the statements contained herein and am competent to testify as to such matters if called upon to do so. As to those matters stated on information and belief, I believe them to be true.

2.    I am an attorney at law, licensed to practice in Nevada and California. Although I am an active member of the California State Bar, my office and practice is exclusively in Nevada. I do not maintain an office or residence in California.

3.    I am the legal representative of the Lakeside Plaza Condominium Association and its board members. In that capacity, I am called upon to prepare correspondence on behalf of the Board, as occurred in this case. I am not a member of the Lakeside Plaza Condominium Association nor do I have a beneficial interest in the special assessment at issue in this case.

4.    On December 6, 2007, I learned that someone who did not identify himself as a process server dropped off documents at my office that consisted of the summons and complaint filed in this case. I was not present in the office when the documents were left. I was not personally served with the summons and complaint, nor was the summons and complaint left with a person of suitable age and discretion at my home.

DATED this 26th day of December, 2007.

_____
GAYLE A. KERN

SUBSCRIBED AND SWORN to before

me this 26th day of December, 2007.

_____
NOTARY PUBLIC

TERESA A. GEARHART
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 94-0132-2 - Expires September 10, 2010

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

-8-

1

2

CERTIFICATE OF SERVICE

3          Pursuant to FRCP 5(b), I certify that I am an employee of the law offices of Gayle A. Kern,

4    Ltd., and that on the day of December 26, 2007, I served the foregoing document(s) on the party(s)

5    set forth bellow by Placing a true and correct copy thereof in a sealed envelope placed for collection

6    and mailing, at Reno, Nevada, postage prepaid, following ordinary business practices.

7

8    Addressed as follows:

9

10        Sheryl Moulton
          P.O. Box 223581
11        Carmel, CA 93922

12        Dated this 26th of December, 2007.

13

14

15

16        Maria Velazquez

17

18

19

20

21

22

23

24

25

26

27

28

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868