GAYLE A. KERN, LTD.
GAYLE A. KERN, ESQ.
NEVADA BAR #1620
CALIFORNIA BAR #131258
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
Telephone (775) 324-5930
Telefax (775) 324-6173
E-mail: gaylekern@kernltd.com

Attorneys for Lakeside Plaza Condominium
  Association; Phillip E. Frink; and
  Phil Frink and Associates, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHERYL MOULTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; PHIL FRINK & ASSOCIATES, INC.; PHILLIP E. FRINK; GAYLE A KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; MICHAEL GRADY, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500.<br><br>Defendants.<br>_____/ | Case No. CV07-05861-JW<br><br>**DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. MOTION TO DISMISS**<br><br>Hearing Date: February 25, 2008<br>Hearing Time: 9:00am |

Defendants Lakeside Plaza Condominium Association, Inc., (the "Association" or "Lakeside Plaza"), Phillip E. Frink and Phil Frink and Associates, Inc. (collectively "Frink"), by and through Gayle A. Kern, Ltd., moves this Court for its order dismissing the complaint on file herein with prejudice.

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). This motion is based upon the attached Memorandum of Points and Authorities below and exhibits attached.

DATED this 17th day of December, 2007.

GAYLE A. KERN, LTD.

/s/ Gayle A. Kern

GAYLE A. KERN, ESQ.
Attorneys for Defendants Lakeside Plaza Condominium Association, Phillip E. Frink and Phil Frink and Associates, Inc.

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### I.  Introduction

Plaintiff Sheryl Moulton owns a condominium in the Lakeside Plaza Condominium Association. This real property is in Washoe County, Nevada. A copy of the deed evidencing Ms. Moulton's ownership of the condominium is attached as Exhibit "A" hereto. Moulton's property is subject to certain Declaration of Covenants, Conditions and Restrictions of DiLoreto Construction and Development Company and amendments thereto ("CC&Rs") and other governing documents of Lakeside Plaza. A copy of the CC&Rs are attached as Exhibit "B" and to the Complaint as Exhibit 1. Lakeside Plaza is a common-interest community run by its board of directors. It is subject to Chapter 116 of the Nevada Revised Statutes.

The condominium is a form of property ownership in which the unit owner retains an exclusive fee interest in his individual unit in addition to an undivided interest with all other unit owners in the condominium's common areas and facilities. NRS § 116.110325. The entire relationship between the Association, Frink and Ms. Moulton is governed by Nevada law and no federal law is applicable. In that the Fair Debt Collection Practices Act does not apply to the creditor (and board members of the creditor), this Court simply has no jurisdiction to be reviewing the assessment made to fund the reserves as required by Nevada law for a Nevada condominium. This Court simply has no jurisdiction to be reviewing the assessment and pending foreclosure based on the assessment that was imposed by the Lakeside Plaza Condominium Association to

2

fund the reserves as required by Nevada law for a Nevada condominium. Accordingly, this case must be dismissed as to the Association and Frink.

## II.  Facts

Moulton commenced this action because the Association is collecting a special reserve assessment that was made against all members of the Lakeside Plaza Condominium Association. However, unlike the majority of owners in the Association, Moulton chose not to pay the reserve assessment in the amount of $1,040.24. Accordingly, the Association, in accordance with Nevada law, commenced non-judicial foreclosure. *See* NRS 116.3116 *et seq.*

The common interest community is managed by the unit owners' association. *See* NRS § 116.3102 *et seq.* The powers of the Association include the exercise of any other powers necessary and proper for the governance and operation of the association. *See* NRS § 116.3102(1)(r). In addition, the Association may exercise all other powers that may be exercised in this state by legal entities of the same type as the Association. *See* NRS § 116.3102(1)(p). As with all corporations, the Board has both express and implied powers.

Nevada law provides that a member's failure to pay the assessments is subject to a foreclosure by the Association. *See* NRS 116.3116 *et seq.* In accordance with Nevada law, the Association referred the foreclosure to Frink. There are no allegations regarding any conduct by Lakeside Plaza or Frink. Rather Moulton simply does not want to pay the assessment and wrongfully named the Association and Frink.

The Board may act in all instances on behalf of the Association and the Board is governed by the ordinary and reasonable care of directors of a corporation, subject to the business-judgment rule pursuant to NRS § 116.3103.

"Generally, courts will uphold decisions made by the governing board of an owners association so long as they represent good faith efforts to further the purposes of the common interest development, are consistent with the development's governing documents, and comply with public policy." *Nahrstedt v. Lakeside Village Condominium Ass'n*, 8 Cal.4th 361, 374, 878 P.2d 1275 (1994).

The Board's decision to fund the reserves as mandated by the reserve study was a proper exercise of the Board's power. The decision cannot be reviewed by this Court.

Funding the reserve is an extremely important duty of any board of a common-interest community. NRS 116.3115 sets forth the applicable requirements concerning the collection and imposition of assessments by an association, including Lakeside Plaza. Paragraph (b) of subsection 2 of NRS 116.3115 provides that an association "shall establish an adequate reserve, funded on a reasonable basis, for the repair, replacement and restoration of the major components of the common elements." Thus, the plain language of paragraph (b) of subsection 2 of NRS 116.3115 requires that an association **must** establish an adequate reserve to pay for the repair, replacement and restoration of the major components of the common elements. It is not a discretionary act.

Before certain amendments to Chapter 116 in 1999, pursuant to paragraph (b) of subsection 2 of NRS 116.3115, associations were required to establish a reserve to be used for the repair, replacement and restoration of the major components of the common elements. Some associations had not established *adequate* reserves, resulting in the imposition of large assessments against homeowners, often not long after they moved into the community. Thus, Chapter 116 was amended to prevent the problems caused by under funded associations. To ensure that associations provided an adequate reserve, NRS 116.3115 specifies that the reserve must be "adequate." Provisions of NRS require that a study of reserves be performed by a qualified person and that the proposed budget of the association must include detailed information identifying proposed expenditures and ensuring that an adequate reserve would be maintained. Recent amendments also impose additional obligations. For example, Nevada Administrative Code 116.415 requires the Board to include in the reserve budget an estimate of the amount of reserve funds necessary in the projected fiscal year and whether there is a difference between the amount of the annual contribution and if so, how the difference is going to be resolved.

Additionally, the executive board of an association **must** prepare and distribute to each unit's owner a copy of the budget to maintain the reserve required by paragraph (b) of subsection 2 of NRS 116.3115. NRS 116.31151(1). To ensure that the required budgets are based upon sound projections, the executive board of an association is also required to: (1) cause to be conducted at

4

least once every 5 years, a study of the reserves required to repair, replace and restore the major components of the common elements; (2) review the results of that study at least annually to determine if those reserves are sufficient; and (3) make any adjustments it deems necessary to maintain the required reserves. NRS 116.31152 (1). The study must be conducted by a person qualified by training and experience to conduct such a study. NRS 116.31152(2).

By purchasing her condominium in Reno, Nevada, Moulton subjected herself to the laws of the state of Nevada. Her real property, which forms the basis of her claims, is in Reno, Nevada. The Board Member Defendants, all residents of Nevada, conduct their business as members of the board of directors in Reno, Washoe County, Nevada. The special reserve assessment was made in order to repair, replace and maintain the major components of the common elements of Lakeside Plaza, a condominium association in Reno, Washoe County, Nevada. There is absolutely no jurisdiction for this matter in San Jose, California.

### III.   Discussion

#### A.   Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

Federal Rule of Civil Procedure 12(b)(6) provides that if, on a motion to dismiss for failure to state a claim upon which relief can be granted, "matters outside the pleading are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b)(6); *see also Pool Water Products v. Olin Corp.*, 258 F.3d 1024, 1033 (9th Cir. 2001).

///

If the Court treats Defendants' motion as one for summary judgment. Fed. R. Civ. P. 56 provides that summary judgment shall be granted upon showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The exhibits are all court or recorded documents.

Where the Court considers matters outside the pleadings, the Court must view the evidence in a light most favorable to the non-moving party. *See Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1253 (9th Cir. 1982) ("Summary judgment is proper if the pleadings and evidence submitted in support of the motion show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."). The moving party possesses the initial burden of showing the absence of a genuine issue of fact. *See Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 668 (9th Cir. 1980). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); *Aydin Corp. v. Loral. Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (stating that a genuine issue is found where "a judge or jury [must] resolve the parties' differing versions of the truth at trial"). Justifiable inferences are to be drawn in the non-moving party's favor. *Anderson, supra*, 477 U.S. at 255.

**B.  An overview of this action.**

Plaintiff's Complaint before this Court is an unlawful attempt by Moulton to have this Court review whether or not a special reserve assessment is appropriate. The creditor is Lakeside Plaza Condominium Association. Moulton asserts that this Court has jurisdiction pursuant to the Fair Debt Collection Practices Act, Racketeer Influenced and Corrupt Organizations Act and 28 U.S.C. 1367. The amount of the special reserve assessment that Moulton owes is $1,703.75. *See* Exhibit "C". Thus, with fees and costs, the amount in controversy between the Association is less than $4,000.00. *Id.* (There have been additional charges and payments since the date of this ledger.) Moreover, the condominium is in Reno, Nevada and the pending foreclosure action for Moulton's refusal to pay her share of funding the reserve is in Reno. This Court does not have jurisdiction to review this matter.

/ / /

### C. This Court does not have jurisdiction over the Association and Frink.

#### 1. This Court lacks jurisdiction over Lakeside Plaza and Frink on any alleged claim arising under the Fair Debt Collection Practices Act.

As a matter of law, the creditor cannot be sued under the Fair Debt Collection Act ("FDCPA"). 15 U.S.C. 1692a(6)(a). A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir.2004). A debt collector's principal business is the collection of debts or is one who regularly collects debts. 15 U.S.C. § 1692a(6). Neither Frink nor the Association is a debt collector. Frink is a foreclosure company acting in accordance with NRS 116.3116 *et seq*. The Association, the creditor, simply sent it to Frink to conduct the foreclosure as provided under Nevada law. If Moulton has a claim that Frink failed to comply with the statute regarding foreclosures, then Moulton must commence this claim in Nevada to allege any statutory violations that she can make in accordance with the requirements of Nev.R.Civ.P. 11. However, as to the claims in the action pending in this Court, there is nothing as to Frink's actions or those of the Association.

A creditor is ordinarily not subject to the FDCPA. *See Carlson v. Long Island Jewish Med. Ctr.*, 378 F.Supp.2d 128, 130-31 (E.D.N.Y.2005) ("Thus, by its terms, the FDCPA limits its reach to those collecting the dues 'of another' and does not restrict the activities of creditors seeking to collect their own."). In fact, section 1692a(6) expressly notes that the term does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A); *see also Dorsey v. Morgan*, 760 F.Supp. 509, 513 (D.Md.1991) ("An employee of a creditor is not a debt collector, regardless of the regularity with which the employee collects or attempts to collect debts, so long as the employee acts in the name of the creditor." (citation omitted)). Several courts have also observed that creditors collecting debts in their own names and whose primary business is not debt collection are not subject to the FDCPA. *See, e.g. Aubert v. Amer. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir.1998) ("Creditors who collect [debts] in their own name and whose principal business is not debt collection ... are not subject to the [FDCPA]."); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F.Supp.2d 842, 854

(N.D.Tex.2006) (noting that "the statutory exclusion from liability ... for creditors who attempt to collect debts owed to them while using their own names"). Furthermore, one district court specifically held that American Express is not a debt collector, even where American Express was actively collecting a debt. *Melendez-Torres v. Amer. Express Corp.*, No. 06-1264, 2007 U.S. Dist. LEXIS 20623 (D.P.R. March 22, 2007).

Therefore, as a matter of law, the FDCPA cannot establish the jurisdiction of this Court as to Frink or the Association. Frink is not collecting a debt. Frink is conducting a foreclosure pursuant to NRS 116.3116 *et seq.* The Association, as the creditor, is simply collecting the assessment that Moulton refused to pay.

### 2.   This Court lacks jurisdiction under the Racketeer Influenced Corrupt Organizations Act.

Moulton's Complaint is vague and illusive as to any claims that would arise under the Racketeer Influenced Corrupt Organizations Act. If Moulton's argument is that there was something unlawful about the special reserve assessment, that issue has been litigated and the Association prevailed. *See* Exhibit "D", Award, In re Alternate Dispute Resolution claim of Carl *Friedman v. Lakeside Plaza Condominium Association*, NRED Control No. 07-21. Moulton attempts to litigate the same issue regarding the special reserve assessment litigated by Carl Friedman.

Moreover, if Moulton believes that she is not bound by the decision rendered in favor of the Association in the action of "In re Alternate Dispute Resolution claim of Carl Friedman v. Lakeside Plaza Condominium Association, NRED Control No. 07-21," she is required to bring her own action as a claim with the Nevada Real Estate Division. If she claim that she is entitled to emergency relief to stop the pending foreclosure sale, she must commence the action in the Second Judicial District Court in Washoe County, Nevada, the location of the real property at issue.

Nevada law requires that *all claims* involving the interpretation, application or enforcement of the Governing Documents applicable to residential property be mediated or arbitrated pursuant to the provisions of NRS §§ 38.300 to 38.360, inclusive, before any action may be filed in this Court. A party is required to commence his or her action in the Nevada Real Estate

Division before any action is commenced in a state court. Nevada law could not be clearer. NRS § 38.310(1) unequivocally provides:

> **No civil action** based upon a claim relating to:
>
> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or
>
> (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this state unless the action has been submitted to mediation or arbitration pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provision of chapter 116 of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.

NRS § 38.310(1)(emphasis added).

Moreover, her sole basis of alleging claims under the Racketeer Influenced Corrupt Organizations Act is that defendant Eugene Burger Management Corp was the subject of a dismissed case. *See* Complaint, paragraphs 138 - 152. This is nonsensical. She fails, as a matter of law, from asserting a claim against the Association or Frink that would confer jurisdiction under the Racketeer Influenced Corrupt Organizations Act .

### 3.     The Court lacks jurisdiction under 28 U.S.C. 1367.

The Ninth Circuit holds that under 28 U.S.C. §1367(a), federal district courts have supplemental jurisdiction over claims that are related to those in the action of which the court has original jurisdiction. Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction under subsection (a) if the claim raises a novel or complex issue of state law, substantially pre-dominates over the claim of which the court has original jurisdiction, the court has dismissed all the claims of which it has original jurisdiction, or in exceptional circumstances when there are other compelling reasons for declining jurisdiction. *ACRI v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7, 108 S. Ct. at 619 n.7, 98 L. Ed. 2d at 730 n.7.

In this case, we have purely state court claims against the Association and Frink. This Court should not exercise jurisdiction over residents of Nevada simply because Moulton asserts she lives in California. The subject of the alleged controversy is a condominium in Reno Nevada against which an assessment of less than $4,000 has been made to fund the reserves of that Association. This Court cannot force the Association or Frink to defend this action in a federal court in California. The case must be dismissed with prejudice against the Association and Frink.

### 4. Venue is not appropriate in this Court.

Even if the Court declines to dismiss the complaint with prejudice against the Association and Frink, there is no basis for this action pending in California. The real property owned by Moulton is in Reno, Nevada. The Association is a Nevada corporation and does no business in California. Frink, the individual, is a resident of Reno, Nevada and the corporation is a Nevada corporation. On information and belief, all of the individual members are residents of Nevada.

Federal law provides that where a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found. *See* 28 U.S.C. § 1391(b). In this case, Frink, the individual, resides in Washoe County, Nevada. Indeed, all individually named defendants are believed to reside in Nevada. The real property is in Reno, Washoe County, Nevada. The pending foreclosure is in Reno, Washoe County, Nevada. All board meetings of the Association are conducted in Reno, Washoe County, Nevada. Frink, the corporation, is a Nevada corporation. The Association is a Nevada corporation. There is not a single fact regarding Moulton's claims that have anything to do with California. Accordingly, because venue is not appropriate, this Court should dismiss this action as to all defendants in accordance with 28 U.S.C. § 1406(a).

///

///

10

### IV. Conclusion

This case is brought in bad faith in California for a condominium in Reno, Nevada and not supported by a single fact or law that would allow it to continue. Lakeside Plaza and Frink respectfully request that this Court grant the motion to dismiss.

DATED this 17th day of December, 2007.

GAYLE A. KERN, LTD.

/s/ Gayle A. Kern
Gayle A. Kern, Esq.
Attorneys for Defendants Lakeside Plaza Condominium Association, Inc., Phillip E. Frink and Phil Frink and Associates, Inc.

GAYLE A. KERN, LTD.
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE: (775) 324-5930

11