1   SHERYL MOULTON
    IN PRO PER
2   P.O. Box 223581
    Carmel, CA 93922
3   Telephone: (408) 840-2907

ADR

**FILED**

2007 NOV 20  A 10: 08

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

No Fee
Taken

IFP

SJ

(2)

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11  SHERYL MOULTON, individually and on        ) **COMPLAINT FOR INJUNCTIVE**
12  behalf of all others similarly situated,   ) **RELIEF, DECLARATORY RELIEF;**
                                                ) **AND DAMAGES**
13                                              )
14              Plaintiffs,                     ) **JURY TRIAL DEMANDED**
                                                )
15          vs.                                 ) **C 07 05861 RS**
                                                )
16  EUGENE BURGER MANAGEMENT                    ) **EXPEDITED CONSIDERATION**
17  CORPORATION, a California Corporation;      ) **REQUESTED (Illegal Foreclosure**
    EUGENE J. BURGER; KEVIN BERG;              ) **Pending)**
18  KAREN BRIGG; PHIL FRINK &                   )
    ASSOCIATES, INC.; PHILLIP E. FRINK;        )
19  GAYLE A. KERN, LTD; GAYLE A. KERN;          )
    ULLA CHRISTENSEN, both as individual        )
20  and Lakeside Plaza Board Director;          )
    MICHAEL GRADY, both as individual and       )
21  Lakeside Plaza Board Director; DANIEL       )
    JOSEPH, both as individual and Lakeside     )
22  Plaza Board Director; FRANK A. PERAU,       )
    both as individual and Lakeside Plaza Board )
23  Director; RICH SVIHLA, both as individual   )
24  and Lakeside Plaza Board Director;          )
    LAKESIDE PLAZA CONDOMINIUM                  )
25  ASSOCIATION; and DOES 1-500.                )
26                                              )
27              Defendants.                     )
                                                )
28                                              )

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

**COMPLAINT FOR INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF; AND DAMAGES**
**Injunction, Declaratory Relief, Breach of Contract, Retaliation, Non-Uniform**
**Enforcement, Tortious Interference with Real Estate Sale, Breach of Fiduciary Duty,**
**Conversion, Defamation, Extortionate Extension of Credit, Fair Debt Collection Practices**
**Act 15 U.S.C. §1692, Et Seq. , Fraud, Conspiracy to Defraud, Fraudulent Recordation of an**
**Illegal Foreclosure/Lien, Negligence, Rico Act U.S.C. §§1961, 1962 1964, Et Seq. Violations,**
**Unconscionability, Unfair Business Practice, Restatement Of Torts §§ 549, 552, 652.**

## PARTIES

1.      Plaintiff SHERYL MOULTON ("Plaintiff") is a low-income, disabled home purchaser.  Plaintiff is an owner and member of the condominium community known as Lakeside Plaza Condominium Association which is subject to and bound by Declarations of Covenants, Conditions and Restrictions (the "CC&Rs") attached hereto as Exhibit "1".  Plaintiff is a natural person and is a resident and citizen of the State of California and of the United States. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a of FDCPA.

2.      Defendant EUGENE BURGER MANAGEMENT CORPORATION ("EBMC") is a corporate entity licensed to do business in the State of California. EMBC is a "debt collector" as defined by 15 U.S.C. §1692a of FDCPA. Upon information and belief, Defendant EBMC maintains headquarters in California had provided property management services and collected fees and assessments for properties such as Lakeside Plaza Condominium Association, and does business in the State of California.

3.      Defendant EUGENE J. BURGER (hereinafter "BURGER") is, allegedly, Founder, Chairman/CEO of EBMC, and allegedly resides in California. EUGENE BURGER was previously indicted for theft from a program receiving federal funds, aiding and abetting, money-laundering, violating the Anti-Kickback Act of 1986, and obstruction of justice. United States v. BURGER, 2000 U.S. Dist. LEXIS 22066 (N.D.Cal.)  The case was later dismissed.

4.      Defendant DANIEL JOSEPH (hereinafter "JOSEPH") is a Lakeside Plaza Board Director and Lakeside Plaza homeowner. He is being sued both as an individual and as Lakeside Plaza Board Director. Upon information and belief, Defendant JOSEPH does business in California.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

5.   Defendant GAYLE A. KERN (hereinafter "KERN") is an attorney allegedly admitted in both California and Nevada. KERN is a "debt collector" as defined by 15 U.S.C. §1692a of FDCPA and is an attorney representing Lakeside Plaza.

6.   Defendant GAYLE A. KERN, LTD. (hereinafter "KERN LTD.") is a corporate entity that allegedly does business in California. Gayle KERN is an attorney allegedly admitted in both California and Nevada. KERN LTD is a "debt collector" as defined 15 U.S.C. §1692a of FDCPA. GAYLE A. KERN, LTD is the law firm representing Lakeside Plaza.

7.   Defendant PHIL FRINK & ASSOCIATES, INC. (hereinafter "FRINK & Assocs.") is a corporate entity licensed to do business in the State of Nevada. FRINK & Assocs. is a "debt collector" as defined by 15 U.S.C. §1692a of FDCPA. Upon information and belief, Defendant FRINK & Assocs. maintains headquarters in Nevada and serves as a collection company for Lakeside Plaza Condominium Association.

8.   Defendant PHILLIP E. FRINK (hereinafter "FRINK") is a "debt collector" for Lakeside Plaza as defined by 15 U.S.C. §1692a of FDCPA, and allegedly resides in Nevada.

9.   Defendant KAREN BRIGG (hereinafter "BRIGG") is an EBMC Senior Vice President, and allegedly resides in Nevada.

10.   Defendant KEVIN BERG (hereinafter "BERG"), was an EBMC property manager for Lakeside Plaza Condominium Association, and allegedly resides in Nevada.

11.   Defendant LAKESIDE PLAZA CONDOMINIUM ASSOCIATION (hereinafter the "ASSOCIATION") is a corporate entity licensed to do business in the State of Nevada. Upon information and belief, Defendant Lakeside Plaza maintains headquarters in Nevada and does business in the State of Nevada.

12.   Defendants ULLA CHRISTENSEN, MICHAEL GRADY, FRANK A. PERAU, RICH SVIHLA (hereinafter "CHRISTENSEN", "GRADY", "PERAU", "SVIHLA", respectively) are Lakeside Plaza Board Directors and Lakeside Plaza homeowners. They are being sued both as individuals and as Lakeside Plaza Board Directors. Upon information and belief, Defendants are Nevada residents.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

13.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-500, and therefore, sues these Defendants by such fictitious names. Plaintiff will amend her complaint to state their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the named Defendants is responsible in some manner for the occurrences and damages alleged herein. Plaintiff is further informed and believes and thereon alleges that some of the Defendants were agents or employees of each of the other Defendants and was acting within the course and scope of such agency or employment.

## JURISDICTION

14.     This Court has federal question jurisdiction over Plaintiff's federal claims pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA") (15 U.S.C. §1692, *et seq.*, Consumer Credit Protection Act (15 U.S.C. §1601 *et seq.*), Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §1961, et seq., and the doctrine of supplemental jurisdiction.

15.     This Court has supplemental jurisdiction over Plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

16.     This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

## VENUE

17.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff is a California resident, EUGENE BURGER MANAGEMENT CORPORATION is headquartered in California, and EUGENE J. BURGER allegedly resides in California. A large percentage of Lakeside Plaza homeowners are California residents.

18.     The matter in controversy exceeds, exclusive of interest, and costs, the sum of seventy-five thousand dollars ($75,000) and is between citizens of different states.

19.     The Court has jurisdiction established by 28 U.S.C.A. Title 28 Part IV Chapter 85 Sec. 1332 and to the Constitution of the United States, Article III Section 2.

20.     Plaintiff herein files a lawsuit in a proper venue – as Fair Debt Collection Practices Act provides for the action to be filed where the consumer (Plaintiff) resides.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

**PRELIMINARY STATEMENT**

SHERYL MOULTON, ("Plaintiff"), pro se, brings this action for damages based upon Defendants' violations for an illegally imposed and non-uniformly enforced Special Assessment and illegal foreclosure proceeding of her home. Plaintiff seeks an injunction and declaratory relief. Plaintiff sues Defendants for Breach of Contract, Retaliation, Non-Uniform Enforcement, Tortious Interference with Real Estate Sale, Breach of Fiduciary Duty, Conversion, Defamation, Extortionate Extension of Credit, Fair Debt Collection Practices Act 15 U.S.C. §1692, Et Seq., Fraud, Conspiracy to Defraud, Fraudulent Recordation of an Illegal Foreclosure/Lien, Negligence, Rico Act U.S.C. §§1961, 1962 1964, Et Seq. Violations, Unconscionability, Unfair Business Practice, and Restatement Of Torts §§ 549, 552, 652.

**GENERAL ALLEGATIONS**

***DEFENDANTS' ONGOING SCHEMES TO DEFRAUD***

21. This action relates only to the Special Assessment and to those violations specific to the Special Assessment. Plaintiff makes the following allegations:

22. On or about November 15, 2005, Plaintiff purchased a one-bedroom condominium at Lakeside Plaza Condominium Association (hereinafter the "ASSOCIATION"); at which time, Plaintiff and the ASSOCIATION became bound by the terms of the ASSOCIATION'S Declarations (CC&Rs) and governing documents.

23. The operations of the ASSOCIATION are governed and controlled by a Board of Directors (hereinafter the "BOARD").

24. The powers of the BOARD and the manner in which it is constituted are specifically enumerated in the governing documents of the ASSOCIATION. The governing documents are the ASSOCIATION'S Articles of Incorporation (hereinafter "ARTICLES"), Declaration of Restrictions (the "DECS"), and By-Laws allegedly recorded April 2, 1979.

25. CHRISTENSEN, GRADY, JOSEPH, PERAU, SVIHLA, as officers and directors of the ASSOCIATION, had fiduciary duties to the members of the ASSOCIATION.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

26.     Defendants non-uniformly enforce an illegally imposed Special Assessment against Plaintiff and other homeowners. Plaintiff seeks injunctive relief enjoining Defendants from ever again engaging in the unfair business practices described in this action.

27.     Injunctive relief is proper, as Plaintiff has no adequate remedy at law. Without a judicial injunction, damages cannot compel the defendants to cease to engage in the unfair business practices described in this action. Plaintiff alleges that the benefit to the public good, as well as to the Plaintiff, far outweighs the inconvenience to the defendants of ceasing to engage in the unfair business practices.

28.     Defendants including, but not limited to: EBMC (now former Lakeside Plaza Condominium Association property manager), Lakeside Plaza Board Directors, and Gayle KERN, Esq. (Lakeside Plaza's attorney), have embarked upon a scheme to defraud Lakeside Plaza homeowners like Plaintiff of homeownership through illegal foreclosure and extortionate Special Assessments totaling nearly $400,000 – with threats of additional Special Assessments of approximately $500,000. These Special Assessments breach Lakeside Plaza CC&Rs, violate Fair Debt Collection Practices Act (as these "debts" have not been validated), and are non-uniformly enforced and retaliatory as Plaintiff has evidence that some homeowners have not paid the Special Assessments, thereby violating Racketeering Influenced Corrupt Organization Act for Defendants' retaliatory actions against her.

29.     Ownership in a condominium association or homeowners association is very much like owning stock in a public company, however, while Securities Exchange Commission regulates publicly-trade companies – there is no government agency that regulates homeowner associations. When homeowners are singled out for retaliation and non-uniform enforcement of the law, there is no other recourse than to take legal action.

30.     Lakeside Plaza Condominium Association is comprised of many low-income, fixed-income elderly and disabled homeowners. This scheme has targeted older persons who have built up significant equity in their homes, but who had limited education and were not sophisticated financially.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

31.     Unfortunately, several Lakeside Plaza homeowners have lost their homes through foreclosure allegedly because the illegally imposed Special Assessment put financial strains on many homeowners forcing them to default on their mortgages.

32.     The scheme by Defendants was ongoing and continuous. Defendants allegedly defrauded at least 191 Lakeside Plaza homeowners, the exact number of which is unknown to Plaintiff at this time. It began as late as July 1, 2006, and has continued for at least one year. Defendants conspired to defraud Lakeside Plaza Condominium homeowners by imposing an illegal Special Assessment totaling nearly $400,000. Lakeside Plaza Board Director made threats for additional Special Assessment (approximately another $500,000).

33.     Defendants have conspired to foreclose on Plaintiff's home for an original total of approximately $1,703.75 (hereinafter "debt"). As of September 19, 2007, this alleged debt accrued to $2,663.39 without any validation by Defendants as required by Fair Debt Collection Practices Act (hereinafter "FDCPA").

34.     This illegally imposed special assessment breaches contract (Lakeside Plaza Condominium Association Declaration of Covenants, Conditions, and Restrictions "CC&Rs"). PART 6.2 states in relevant part that:

> In the event any special assessment, except a special assessment required as a result of the restoration of damage and destruction by the Association pursuant to 9.3 and 9.9, when added to the annual assessment causes the total annual assessment for said calendar year to be more than 25% higher than the annual assessment for the prior year, the vote or written consent of both classes of members shall be required for such special assessments.

35.     This special assessment, allegedly, was not imposed on ALL Lakeside Plaza homeowners and, thereby, constitutes "non-uniform enforcement - another clear violation of Fair Debt Collection Practices Act.

36.     Plaintiff is current and in good standing with her mortgage company. Defendants' conspiracy to defraud Plaintiff with a non-uniformly enforced Special Assessment of $1,703.75 is the only threat to Plaintiff's keeping her home.

37.     The alleged debt of Plaintiff was incurred for personal, family, or household

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

1  services, thereby, constituting a "debt" as defined by Fair Debt Collection Practices Act.

2       38.    Throughout 2006 and 2007, Plaintiff wrote defendants that she did dispute the

3  validity of the debt and requested that defendants verify the debt as required by the Fair Debt

4  Collection Practices Act.

5       39.    Plaintiff was repeatedly denied by Defendants any validation or explanation of

6  this alleged "debt".

7       40.    In spite of Plaintiff's several dispute letters, defendants instituted a non-judicial

8  foreclosure action on September 19, 2007.

9       41.    Plaintiff will possibly lose her condo effective December 19, 2007, if this Court

10  does not grant an emergency injunction to prevent Defendants from foreclosing on her home.

11  Defendants caused notice of the foreclosure of Plaintiff's residence to be recorded with the

12  Washoe Recorder's Office. Plaintiff contends this is a violation of 18 U.S.C. § 1021.

13       42.    As a result of the acts alleged above, plaintiff incurred attorney's fees in the

14  amount of $1,350 and costs of over $1,500 to defend and resolve the foreclosure action.

15       43.    As a result of the acts alleged above, Plaintiff suffered embarrassment,

16  humiliation, insomnia, nausea, and lost weight and incurred additional expenses in contesting the

17  alleged debt.

18       44.    Lakeside Plaza Condominium Association "Declaration of Covenants

19  Conditions and Restrictions" ("CC&Rs") are fairly straightforward. Pursuant to CC&Rs §6.1-

20  6.2, et seq., ("Lakeside Plaza") requires Special Assessments be submitted to a vote or written

21  assent of the membership (homeowners).  (Exhibit "1", Lakeside Plaza CC&Rs).

22       45.    On approximately July 1, 2006, a Special Assessment was imposed on Plaintiff

23  by the ASSOCIATION'S BOARD without a homeowner vote, in violation of CC&Rs §§6.1-

24  6.2, et seq.

25       46.    Plaintiff is a Lakeside Plaza homeowner and has been subjected to the Special

26  Assessment without opportunity to vote.  She brings this action to compel Defendants to

27  comply with the CC&Rs, and submit the Special Assessment to a homeowner vote.

28

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

47.     Furthermore, Plaintiff has reason to believe Defendants non-uniformly enforced said Special Assessment and waived the Special Assessment for some homeowners. This is a clear violation of Lakeside Plaza CC&Rs, governing documents, Fair Debt Practices Act and several other federal and state laws.

## FIRST CLAIM FOR RELIEF

## INJUNCTION

### (As Against All Defendants and All Doe Defendants)

48.     Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

49.     Defendant's actions will continue to cause great and irreparable harm to the Plaintiff and other parties that are in full compliance with the Lakeside Plaza CC&Rs and the governing documents. This harm cannot be compensated by monetary damages. Plaintiff is, therefore, entitled to an injunction requiring Defendants to stop all offending matters and activities that are violations of the CC&Rs and governing documents.

50.     As a proximate result of Defendants' violations of the governing documents, Plaintiff has incurred incidental damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

## DECLARATORY RELIEF

### (As Against All Defendants and All Doe Defendants)

51.     Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

52.     Plaintiff seeks declaratory and injunctive relief to stay the illegal foreclosure and contends that Defendants have no right to pursue this foreclosure because Defendants are in violation of FDCPA, RICO, and non-uniformly enforce said Special Assessment. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

53.     As a proximate result of the Defendants' unlawful actions, Plaintiff continues to suffer the irreparable harm described above for which monetary compensation is inadequate.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

54. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in that the Plaintiff contends that federal law, ASSOCIATION governing documents and CC&Rs prohibit Defendants violations alleged herein.

55. Plaintiff desires a judicial determination of its rights and duties, and a declaration as to the validity of the actions of Defendants.

56. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain her rights as alleged. Plaintiff will continue to suffer the above-described harm unless and until a declaration is made.

57. The Defendants' actions will continue to cause great and irreparable harm to Plaintiff by foreclosing on her home and continue their non-uniform enforcement of the Special Assessment.

58. Plaintiff has no adequate remedy at law in that it would be impossible for the Plaintiff to determine the monetary value of the harm, and the harm cannot be compensated by money damages.

59. Plaintiff is entitled to Attorney fees and costs.

### THIRD CLAIM FOR RELIEF

### BREACH OF CONTRACT

### (As Against All Defendants and All Doe Defendants)

60. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

61. As a result of Defendants' actions – they are in breach of contract (CC&Rs) Article 6.1, 6.2, 6.5, 6.6, 14g.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

## FOURTH CLAIM FOR RELIEF

### RETALIATION

**(As Against Defendants EUGENE BURGER MANAGEMENT CORPORATION; GAYLE A. KERN, LTD; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; GAYLE A. KERN; DANIEL JOSEPH; FRANK A. PERAU; and All Doe Defendants)**

62. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

63. Defendants have retaliated against Plaintiff for specifically questioning the validity of the illegally imposed Special Assessment.

64. An executive board, a member of an executive board or an officer, employee or agent of an association shall not take, or direct or encourage another person to take, any retaliatory action against a unit's owner because the unit's owner has:

    a. Complained in good faith about any alleged violation of any provision of this chapter or the governing documents of the association; or

    b. Requested in good faith to review the books, records or other papers of the association.

65. Defendant DANIEL JOSEPH, Lakeside Plaza Board Director suggested Plaintiff and other homeowners would be singled out for retaliation and "sanctioned" out of Lakeside Plaza (i.e. foreclosure).

66. More recently, Lakeside Plaza Board by and through its agent, Kenyon & Associates, has not delivered keys to Plaintiff for the new front door locks. Plaintiff believes this is also in retaliation for not paying the illegally imposed Special Assessment.

## FIFTH CLAIM FOR RELIEF

### NONUNIFORM ENFORCEMENT

**(As Against All Defendants and All Doe Defendants)**

67. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

68. Defendants have allegedly non-uniformly imposed the approximately $400,000 Special Assessment only on some homeowners, not ALL homeowners.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

69.     The Special Assessment required homeowner vote, but must also be uniformly enforced under the same or similar circumstances against all units' owners. Any rule that is not so uniformly enforced may not be enforced against any unit's owner, namely the Plaintiff, and all other homeowners similarly situated.

## SIXTH CLAIM FOR RELIEF

### TORTIOUS INTERFERENCE WITH REAL ESTATE SALE

### (As Against All Defendants and All Doe Defendants)

70.     Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

71.     Defendant willfully engaged in unfair and deceptive practices, fraudulent misrepresentation, and tortious interference with Plaintiff's expectancy to sell her home, per Restatement of Torts § 525, *et seq.*

## SEVENTH CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTY

### (As Against All Defendants and All Doe Defendants)

72.     Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

73.     As a result of Defendants' actions – they are in breach of fiduciary duty. Fiduciary duty is defined as the duty to act for someone else's benefit, while subordinating one's personal interest to that of the other. It is the highest duty implied by law.

74.     On or about July 1, 2006, the BOARD imposed upon homeowners a Special Assessment without vote or written assent of homeowners. The BOARD does not dispute that its decision was in direct contravention of CC&Rs §§6.1-6.2.

75.     The Plaintiff alleges that Defendants owes a fiduciary duty to the homeowners. Defendants routinely pursues these practices, continues to pursue foreclosure on its behalf knowing that the amounts claimed due are not due and without reviewing account records prior to pursuing foreclosure.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

## EIGHTH CLAIM FOR RELIEF

### CONVERSION

#### (As Against All Defendants and All Doe Defendants)

76.     Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

77.     Defendants' actions in collecting and incorrectly applying payment from Plaintiff for the Special Assessment when it knew or should have known that the fees and charges it was asserting were not owed constitutes the tort of conversion.

78.     Furthermore, to use a non-judicial method of foreclosure constitutes violation of Plaintiff's Constitution right to Due Process as the illegal foreclosure and Special Assessment constitute a deprivation of property (one's home) and money.

> No person shall be deprived of life, liberty, or property, without due
> process of law. Fifth Amendment to the Constitution of the United States
> of America

## NINTH CLAIM FOR RELIEF

### DEFAMATION

#### (As Against All Defendants and All Doe Defendants)

79.     Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

80.     Defendants' recordation and publication of the false, illegal foreclosure constituted the tort of defamation.

81.     Defendants have allegedly discussed this illegal Special Assessment, collection, and foreclosure matter to third parties.

82.     Defendants caused notice of the foreclosure of Plaintiff's residence to be recorded with the Washoe Recorder's Office causing the imminent foreclosure to become "public record" creating ridicule among Plaintiff's neighbors and acquaintances, and causing Plaintiff extreme embarrassment. Furthermore, this illegal foreclosure has caused Plaintiff to receive countless junk mail from "scam foreclosure rescue" companies attempting to entice her to use their

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

predatory scam "foreclosure rescue" services. As a result of the defendants' actions causing the illegal recordation of the foreclosure, plaintiff received numerous annoying phone calls from various companies offering debt counseling and management services, resulting in plaintiff not wanting to answer her own phone.

## TENTH CLAIM FOR RELIEF

### EXTORTIONATE EXTENSION OF CREDIT

#### (As Against All Defendants and All Doe Defendants)

83.    Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

84.    Defendants' illegally imposed Special Assessment constituted extortionate extension of credit under 18 U.S.C. §1961.

85.    Defendants use of criminal means to cause harm to Plaintiff, Plaintiff's reputation, and property constitutes "extortionate extension of credit".

## ELEVENTH CLAIM FOR RELIEF

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692, ET SEQ.

#### (As Against All Defendants and All Doe Defendants)

86.    Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

87.    Defendants are in violation of Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq.

88.    EUGENE BURGER United States v. BURGER, 2000 U.S. Dist. LEXIS 22066 (N.D.Cal.), was previously indicted for theft from a program receiving federal funds, aiding and abetting, money-laundering, violating the Anti-Kickback Act of 1986, and obstruction of justice (the case was later dismissed).

89.    Defendants are in violation of FDCPA for seeking unjustified amounts, which would include demanding any amounts not permitted under an applicable contract or as provided under applicable law.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

90.     Defendants refused to provide validation of the Special Assessment – a blatant violation of FDCPA.

91.     Defendants refused to credit payments to the Plaintiffs' account and then demanded monies that were not due.

92.     Defendant KERN threatened Plaintiff with arrest for requesting validation of the Special Assessment "debt"- a blatant violation of FDCPA.

93.     Defendant PERAU used obscene language when communicating with Plaintiff - a violation of FDCPA.

94.     Defendant PERAU stated Plaintiff's "account" was already sent to collections before receiving proper notification from the debt collector.

95.     Defendant PERAU's emails communicated "debt" to third parties is strictly prohibited by FDCPA.

96.     Defendant JOSEPH alleged that Plaintiff and other homeowners would be singled out for retaliation and "sanctioned" out of Lakeside Plaza.

97.     Defendants failed to provide verification of the debt after Plaintiff sent several written dispute or request for verification within 30 days of receiving the §1692g validation notice. Defendants failed to either mail the Plaintiff the requested validation information or cease collection efforts altogether. Such asserted disputes must also be reported by Defendants to any credit bureau that reports the debt.

98.     Defendants did not cease its efforts to collect the alleged debt from Plaintiff following defendants' receipt of her letters disputing said "debt".

99.     Defendants' continued foreclosure proceeding against Plaintiff's home without responding to Plaintiff's request to validate "debt" constitutes a violation of FDCPA.

100.    Defendants are in violation of FDCPA for contacting Plaintiff after request for validation: contacting the Plaintiff or the pursuing collection efforts by the debt collector after receipt of a Plaintiff's written request for verification of a debt (or for the name and address of the original creditor on a debt) and before the debt collector mails the Plaintiff the requested verification or original creditor's name and address.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

101. Defendants failed to provide the name and address of the original creditor (company to which the debt was originally payable) upon the consumer's written request made within 30 days of receipt of the §1692g validation notice;

102. Defendants failed to notify the Plaintiff of her right to dispute the debt, in part or in full, with the debt collector. This so-called 30-day "§1692g" validation notice is required to be sent by debt collectors within five days of the initial communication with the consumer. The consumer's receipt of this notice starts the clock running on the 30-day right to demand validation of the debt from the debt collector.

103. Defendants are in violation of FDCPA for contact with third parties: revealing or discussing the nature of debts with third parties or threatening such action.

104. Defendants are in violation of FDCPA for communicating with the consumer by using letterhead that makes it clear that the communication is from a debt collector.

105. Defendants are in violation of FDCPA for their actions that have allegedly caused falsely reported information on Plaintiff's credit report to do so in the process of collection.

106. Defendants' demand letters for the Special Assessment allegedly failed to include the "validation notice" required by section 1692g of the FDCPA.

107. Courts have held that homeowners associations could be sued under FDCPA if it were found to be a debt collector or to have acted in concert with the lawyer.

108. Defendants violated the Fair Debt Collection Practices Act. Defendants' violations include but are not limited to the following: Defendants violated 15 U.S.C. §1692(g)(b), in failing to verify the debt and mail such verification to the Plaintiff;

109. Defendants violated 15 U.S.C. §1692(g)(b) in failing to cease collection of the debt and instead filed a non-judicial foreclosure proceeding in the Washoe County Recorder's Office;

110. Defendants employed unfair and unconscionable collection tactics in violation of FDCPA.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

111.    As a result of the foregoing violations of the Fair Debt Collection Practices Act, defendants are liable to the Plaintiff for her actual damages as are determined by the jury, statutory damages, and costs and reasonable attorney's fees.

### TWELFTH CLAIM FOR RELIEF

### FRAUD

### (As Against All Defendants and All Doe Defendants)

112.    Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

113.    EUGENE BURGER United States v. BURGER, 2000 U.S. Dist. LEXIS 22066 (N.D.Cal.), was previously indicted for theft from a program receiving federal funds, aiding and abetting, money-laundering, violating the Anti-Kickback Act of 1986, and obstruction of justice (the case was later dismissed).

114.    Defendants willfully engaged in unfair and deceptive practices, fraudulent misrepresentation, and tortious interference with Plaintiff's credit expectancy per Restatement of Torts § 525, *et seq.*

115.    Defendants willfully engaged in continuing misrepresentation, thereby, violating Restatement of Torts § 535.

116.    In instances of fraud or conspiracy to defraud, the corporate veil and attorney-client privilege may be pierced.

117.    Plaintiff relied on the Lakeside Plaza Declarations (CC&Rs) when purchasing her Lakeside Plaza condo. Plaintiff relied on same CC&Rs which stipulate that special assessments must not exceed 25% without a homeowner vote. The illegally imposed Special Assessment exceeded approximately 100%.

118.    Defendants fraudulently and knowingly induced Plaintiff and other homeowners to pay an illegal Special Assessment by making intentional misrepresentations and/or failing to provide material information. However, this Special Assessment was non-uniformly enforced – as some homeowners allegedly did not pay the Special Assessment and have no liens, no

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

1  foreclosure proceedings against their homes. Defendants' representations were false at the time

2  they were made, and Defendants knew their representations were false.

3      119.   Defendants' representations were material to Plaintiff as she relied on those

4  representations and omissions when she made payment on said illegal Special Assessment.

5      120.   Defendants also omitted to inform Plaintiff that EBMC has allegedly perpetrated

6  this same scheme on other unwitting homeowners associations.

7      121.   Plaintiff has been injured as a result of Defendants' fraud because she faces losing

8  her home due to illegal foreclosure.

9      122.   Plaintiffs suffered serious injury as the proximate result of their reliance on

10  defendants' intentional misrepresentations and failures to disclose.

11     123.   Defendants' actions were willing, intentional and knowing, rendering the almost

12  $400,000 Special Assessment null and void.

13                    **THIRTEENTH CLAIM FOR RELIEF**

14                      **CONSPIRACY TO DEFRAUD**

15             **(As Against All Defendants and All Doe Defendants)**

16     124.   Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this

17  Complaint as if fully set forth herein and further alleges:

18     125.   EUGENE BURGER United States v. BURGER, 2000 U.S. Dist. LEXIS 22066

19  (N.D.Cal.), was previously indicted for theft from a program receiving federal funds, aiding and

20  abetting, money-laundering, violating the Anti-Kickback Act of 1986, and obstruction of justice

21  (the case was later dismissed).

22     126.   Defendants willfully engaged in unfair and deceptive practices, fraudulent

23  misrepresentation, and tortious interference with Plaintiff's credit expectancy per Restatement of

24  Torts § 525, *et seq.*

25     127.   Defendants willfully engaged in continuing misrepresentation, thereby, violating

26  Restatement of Torts § 535.

27     128.   In instances of fraud or conspiracy to defraud, the corporate veil and attorney-

28  client privilege may be pierced.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

129.    Defendants fraudulently and knowingly induced Plaintiff and other homeowners to pay an illegal Special Assessment by making intentional misrepresentations and/or failing to provide material information. However, this Special Assessment was non-uniformly enforced – some homeowners allegedly did not pay the Special Assessment and have no liens, no foreclosure proceedings against their homes. Defendants' representations were false at the time they were made, and Defendants knew their representations were false.

130.    Defendants' representations were material to Plaintiff as she relied on those representations and omissions when she made payment on said illegal Special Assessment.

131.    Defendants also omitted to inform Plaintiff that EBMC has allegedly perpetrated this same scheme on other unwitting homeowners associations.

132.    Plaintiffs suffered serious injury as the proximate result of their reliance on defendants' actions and representations.

133.    Said conspiracy renders void and unenforceable the Special Assessment and pending illegal foreclosure proceedings of Plaintiff's condominium.

## FOURTEENTH CLAIM FOR RELIEF

### FRAUDULENT RECORDATION OF AN ILLEGAL FORECLOSURE/LIEN

### (As Against All Defendants and All Doe Defendants)

134.    Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

135.    Should illegal foreclosure occur and Plaintiff's home is fraudulently conveyed, Defendants will be in violation of 18 U.S.C. §1021 for knowingly allow the conveyance of real property by recording such foreclosure with Washoe County Recorder's Office.

## FIFTEENTH CLAIM FOR RELIEF

### NEGLIGENCE

### (As Against All Defendants and All Doe Defendants)

136.    Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

1    137.    Plaintiff contends Defendants negligently imposed an illegal Special Assessment,

2    filed non-judicial foreclosure against her home and "negligently" non-uniformly enforced

3    Special Assessment, while other homeowners allegedly did not pay the Special Assessment.

## SIXTEENTH CLAIM FOR RELIEF

## RACKETEERING INFLUENCED CORRUPT ORGANIZATION ACT 18 U.S.C. §§1964, ET SEQ. VIOLATIONS

### (As Against All Defendants and All Doe Defendants)

8    138.    Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this

9    Complaint as if fully set forth herein and further alleges:

10    139.    EUGENE BURGER was previously indicted for theft from a program receiving

11    federal funds, aiding and abetting, money-laundering, violating the Anti-Kickback Act of 1986,

12    and obstruction of justice. United States v. BURGER, 2000 U.S. Dist. LEXIS 22066 (N.D.Cal.)

13    The case was later dismissed.

14    140.    Plaintiff seeks treble damages as provided for fraud and RICO violations 18

15    U.S.C. §1964, *et seq.*

## SEVENTEENTH CLAIM FOR RELIEF

## RACKETEERING INFLUENCED CORRUPT ORGANIZATION ACT 18 U.S.C. §§1961, 1962 ET SEQ. VIOLATIONS

### (As Against All Defendants and All Doe Defendants)

20    141.    Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this

21    Complaint as if fully set forth herein and further alleges:

22    142.    EUGENE BURGER was previously indicted for theft from a program receiving

23    federal funds, aiding and abetting, money-laundering, violating the Anti-Kickback Act of 1986,

24    and obstruction of justice. United States v. BURGER, 2000 U.S. Dist. LEXIS 22066 (N.D.Cal.)

25    The case was later dismissed.

26    143.    Defendants used United States Postal Service mail (mail fraud) and e-mail (wire

27    fraud) to attempt to extort Special Assessment monies from Plaintiff and other homeowners and

28    to non-uniformly enforce said Special Assessment.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

## EIGHTEENTH CLAIM FOR RELIEF

### RACKETEERING INFLUENCED CORRUPT ORGANIZATION ACT §§1961, 1962 ET

### SEQ. VIOLATIONS

#### (As Against All Defendants and All Doe Defendants)

144.    Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

145.    EUGENE BURGER was previously indicted for theft from a program receiving federal funds, aiding and abetting, money-laundering, violating the Anti-Kickback Act of 1986, and obstruction of justice. United States v. BURGER, 2000 U.S. Dist. LEXIS 22066 (N.D.Cal.) The case was later dismissed. The case was later dismissed.

146.    Defendants EUGENE BURGER MANAGEMENT CORPORATION; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; GAYLE A. KERN, LTD; PHIL FRINK & ASSOCIATES, INC.) are "enterprises" engaged in interstate commerce within the meaning of RICO, 18 U.S.C. § 1961(4).

147.    Defendants EUGENE BURGER J. BURGER; KEVIN BERG; KAREN BRIGG; GAYLE A. KERN; PHILLIP E. FRINK; ULLA CHRISTENSEN; MICHAEL GRADY; DANIEL JOSEPH; FRANK A. PERAU; RICH SVIHLA are "persons" within the meaning of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961(3).

148.    Defendants formed an association-in-fact to defraud Plaintiff and other homeowners of homes and money. The association-in-fact functioned as an enterprise engaged in interstate commerce within the meaning of RICO, 18 U.S.C. § 1961(4).

149.    Defendants engaged in a pattern of racketeering activity within the meaning of RICO, 18 U.S.C. § 1961(5).

a.    Defendants used the interstate wires to obtain plaintiff's property by means of false or fraudulent pretenses, representations or promised by transmitting communications for the purpose of executing their scheme, in violation of 18 U.S.C. § 1343.  The acts of wire fraud included at least the following:

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

1            i.     Plaintiff received numerous emails from these Defendants and a

2  few telephone calls.

3            b.     Defendants used the United States mail to send documents for the purpose

4  of executing their scheme to obtain Plaintiff's property by means of false or fraudulent pretenses,

5  representations or promises, in violation of 18 U.S.C. § 1341.  The acts of mail fraud included a

6  mailing from defendants to Plaintiff.

7       150.    The acts of racketeering described above were part of a continuous scheme that

8  began before July 2006 and continued for at least one and one year.  Approximately 191

9  homeowners were defrauded pursuant to the scheme, although the precise number is unknown to

10  Plaintiff at this time.

11       151.    Defendants conducted or participated, directly or indirectly, in the conduct of the

12  affairs of the enterprise through the pattern of racketeering activity described above, in violation

13  of U.S.C. § 1962(c).

14       152.    Defendants conducted or participated, directly or indirectly, in the conduct of the

15  affairs through a pattern of racketeering activity described above, in violation of 18 U.S.C. §

16  1962(c).

17  **NINETEENTH CLAIM FOR RELIEF**

18  **UNCONSCIONABILITY**

19  **(As Against All Defendants and All Doe Defendants)**

20       153.    Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this

21  Complaint as if fully set forth herein and further alleges:

22       154.    Defendants non-uniformly enforce an illegally imposed Special Assessment

23  against Plaintiff and other homeowners. The ASSOCIATION CC&Rs REQUIRE homeowner

24  vote for the nearly $400,000 Special Assessment. The fact Defendants are pursuing a foreclosure

25  proceeding on Plaintiff's home for an illegally imposed Special Assessment is unconscionable.

26       155.    Said procedural and substantive unconscionability renders void and unenforceable

27  the nearly $400,000 Special Assessment.

28

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

### TWENTIETH CLAIM FOR RELIEF

### UNFAIR BUSINESS PRACTICE

**(As Against All Defendants and All Doe Defendants)**

156. Defendants non-uniformly enforce an illegally imposed Special Assessment against Plaintiff and other homeowners. The ASSOCIATION CC&Rs REQUIRE homeowner vote for the nearly $400,000 Special Assessment. The fact Defendants are pursuing a foreclosure proceeding on Plaintiff's home for an illegally imposed Special Assessment is unconscionable.

157. Plaintiff seeks injunctive relief enjoining Defendants from ever again engaging in the unfair business practices described in this action.

158. Injunctive relief is proper, as Plaintiff has no adequate remedy at law. Without a judicial injunction, damages cannot compel the defendants to cease to engage in the unfair business practices described in this action. Plaintiff alleges that the benefit to the public good, as well as to the Plaintiff, far outweighs the inconvenience to the defendants of ceasing to engage in the unfair business practices.

### TWENTY-FIRST CLAIM FOR RELIEF

**(As Against All Defendants and All Doe Defendants)**

159. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

160. Plaintiff seek damages against Defendants as provided by Restatement of Torts § 549.

### TWENTY-SECOND CLAIM FOR RELIEF

**(As Against All Defendants and All Doe Defendants)**

161. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

162. Plaintiff seek damages against Defendants as provided by Restatement of Torts § 552.

### TWENTY-FOURTH CLAIM FOR RELIEF

**(As Against All Defendants and All Doe Defendants)**

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

163. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

164. Plaintiff seek damages against Defendants as provided by Restatement of Torts § 652.

## TWENTY-FIFTH CLAIM FOR RELIEF

### (As Against All Defendants and All Doe Defendants)

165. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

166. Plaintiff also seeks punitive damages against Defendants in an amount to be determined by the jury.

## TWENTY-SIXTH CLAIM FOR RELIEF

### (As Against All Defendants and All Doe Defendants)

167. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

168. Plaintiff requests her attorney fees be paid by Defendants.

## TWENTY-SEVENTH CLAIM FOR RELIEF

### (As Against All Defendants and All Doe Defendants)

169. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

170. As a result of Defendants' failures to comply with the requirements of FDCPA §1692, *et seq.*, Plaintiff has suffered actual damages, damage to her reputation, mental distress and emotional distress for which she seeks damages in an amount to be determined by the jury.

## TWENTY-EIGHTH CLAIM FOR RELIEF

### (As Against All Defendants and All Doe Defendants)

171. Plaintiff reasserts, re-alleges and incorporates all other allegation contained in this Complaint as if fully set forth herein and further alleges:

172. Plaintiff demands a jury trial on all claims against Defendants.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and those similarly situated demand respectfully pray for judgment against the Defendants, and each of them, as hereafter set forth.

1. For a temporary restraining order, preliminary injunction and permanent injunction prohibiting Defendants from continuing to violate the governing documents and the CC&Rs;

2. For a declaration that Plaintiff is entitled to enforce the CC&Rs;

3. Plaintiff prays that Defendants be required to submit the subject Special Assessment to a vote of the homeowners, as required in CC&Rs §§6.1-6.2.

4. Actual damages against Defendants for humiliation, mental and emotional distress, frustration, aggravation, exacerbated health problems due to stress, lost economic opportunity, loss of incidental time, inconvenience, out-of-pocket expenses, and other injuries and losses that Plaintiff has suffered as a result of Defendants' actions; Special Assessment in its entirety totals nearly $400,000;

5. Statutory damages;

6. Punitive damages;

7. Costs and attorney's fees;

8. Punitive damages;

9. For reasonable attorney fees incurred in this action;

10. Jury Trial for those issues triable by jury as a matter of right;

11. Other and further relief as deemed just and proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid in full.

# DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury per U.S. Constitution Amendment 7 and Fed. R.Civ.Proc. 38.

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES

Plaintiff respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to an award of damages, the costs of litigation as well as reasonable attorney fees incurred by Plaintiff may be awarded under the provisions of the Fair Debt Collection Practices Act, RICO, etc.

Dated: November 20, 2007

Respectfully submitted,

SHERYL MOULTON

By: _Sheryl Moulton_

Sheryl Moulton
In Pro Per

COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF; AND DAMAGES