SHERYL MOULTON
IN PRO PER
P.O. Box 223581
Carmel, CA 93922
Telephone: (408) 840-2907

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SHERYL MOULTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; PHIL FRINK & ASSOCIATES, INC.; PHILLIP E. FRINK; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; MICHAEL GRADY, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500.<br><br>Defendants. | Case No.: CV07-05861 JW<br><br>**EMERGENCY**<br><br>**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**<br><br>[Code Civ. Proc. §§526, 527, 528]; or provisional [Civ. Code §3420;<br><br>**EXPEDITED CONSIDERATION REQUESTED – Illegal Home (Non-Judicial) Foreclosure Sale Scheduled February 6, 2008** |

– 1 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Plaintiff apologizes to this Court for delay of this motion, however, Plaintiff just became aware only a few days ago of the impending illegal foreclosure sale of her home scheduled for February 6.  *See* Exhibit 1. Plaintiff pro se has been suffering from bronchitis/flu. *See* Docket #46, Exhibit 1.

Plaintiff pro se, hereby, applies ex parte for a Temporary Restraining Order, and Order to Show Cause Re: Preliminary Injunction, enjoining Defendants from selling her home by means of non-judicial foreclosure.

Should this Court grant Plaintiff's Temporary Restraining Order, this Court will also be protecting the interests of 2 security lienholders -  Chase Mortgage and a California security interest holder,  and the interest of Plaintiff's tenant who cannot be displaced by this illegal foreclosure scam.

The Court inquired why Plaintiff has yet to serve California defendants Eugene Burger[1], Eugene Burger Corporation and Karen Brigg – there is good cause as Plaintiff had previously filed *In Forma Pauperis*, which was denied by this Court. Plaintiff does not <u>yet</u> have financial means to have these California defendants served. Plaintiff is medically disabled, has been unemployed for the past year, earns income of less than $1,000 per month, and is in debt over $130,000 (including mortgage). Her income is less than $1,000 monthly, and yet, she runs negative nearly $2,000 monthly for mortgage, rent, legal costs and fees, and bills. Plaintiff moved out of her condo several months ago due to threats by some of the defendants and is not only paying a mortgage, HOA dues, but is also paying rent. Plaintiff will serve remaining California defendants when she has the financial means to do so.

---

[1] Eugene Burger is a property manager who is no stranger to the Ninth Circuit. Eugene Burger has been up on federal criminal indictments in 1999 U.S. District Court California Northern District (San Francisco) CRIMINAL DOCKET FOR CASE #: 3:99-cr-00439-SI-ALL for including but not limited to: six counts of theft from a program receiving federal funds and aiding and abetting (18 U.S.C. § 666(a)(1)(A) and § 2); six counts of money-laundering and aiding and abetting in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and § 2; thirty-three counts of violating the Anti-Kickback Act and aiding and abetting (41 U.S.C. § 53 and 18 U.S.C. § 2); and one count of obstruction of justice and aiding and abetting in violation of 18 U.S.C. § 1505 and § 2.

– 2 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

1  Plaintiff Sheryl Moulton ("Plaintiff" or "Moulton") applies ex parte to this Court for a
2  temporary restraining order and preliminary injunction enjoining defendants Eugene Burger
3  Management Corporation, a California Corporation; Eugene J. Burger; Kevin Berg; Karen
4  Brigg; Phil Frink & Associates, Inc.; Phillip E. Frink; Gayle A. Kern, Ltd; Gayle A. Kern; Ulla
5  Christensen, both as individual and Lakeside Plaza Board Director; Michael Grady, both as
6  individual and Lakeside Plaza Board Director; Daniel Joseph, both as individual and Lakeside
7  Plaza Board Director; Frank A. Perau, both as individual and Lakeside Plaza Board Director;
8  Rich Svihla, both as individual and Lakeside Plaza Board Director; Lakeside Plaza
9  Condominium Association; and Does 1-500, and its agents, servants, employees, officers,
10 representatives, successors, partners, assigns, and any and all persons acting in concert or
11 participating with them (collectively, "Defendants"), from non-judicially foreclosing upon the
12 Plaintiff's home, located at 1000 Beck Street #366, Reno, Nevada.
13  Because the homeowners' association assessment is illegal as a matter of law, Plaintiff
14 should be preliminarily and permanently enjoined from proceeding with this foreclosure.
15  This application is based upon the attached memorandum of points and authorities,
16 declaration of plaintiff, and such other and further relief, both oral and documentary as may be
17 considered at time of hearing.

20 Dated: January 30, 2008                    Respectfully submitted,
21                                            SHERYL MOULTON
22                                            By:_____*/s/Sheryl Moulton*_____
23                                               Sheryl Moulton
                                                 In Pro Per

– 3 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

**I.   STATEMENT OF FACTS**

Plaintiff apologizes to this Court for delay of this motion, however, Plaintiff just became aware only a few days ago of the impending illegal foreclosure sale of her home to take place February 6. *See* Exhibit 1. Plaintiff pro se has been suffering from bronchitis/flu. *See* Docket #46, Exhibit 1.

This application is made by Plaintiff Sheryl Moulton who is medically disabled and living on a limited monthly income. Ms. Moulton's only asset is her home located at 1000 Beck St. #366, Reno, Nevada, where she has lived for nearly 2 years. Plaintiff seeks by this application to stop the non-judicial foreclosure sale of her home over an illegal special assessment by Lakeside Plaza Condominium Association.

In November 2005, a deed of trust condo rider which was placed on her home in by defendant Lakeside Plaza Condominium Association. *See* Exhibit 2.

In 2006, Defendants Lakeside Plaza Condominium Association, and its board directors, allegedly on advice of legal counsel, Gayle Kern, decided to assess homeowners nearly $1/2 million. The nearly $1/2 million assessment was made without a homeowner vote as required by Lakeside Plaza CC&Rs *See* Exhibit 3, state law (governor's veto of assessments without homeowner vote) *See* Exhibit 4, and an arbitration decision ruling that assessments <u>require</u> homeowner vote. *See* Exhibit 5. There was <u>NO</u> homeowner vote to allow for the $1/2 million assessment.

Plaintiff contends she will prevail on the merits of this case and should be granted a temporary restraining order against the non-judicial foreclosure sale of her home scheduled for February 6. Plaintiff contends she will prevail on the merits of this case for the following: injunctive and declaratory relief, breach of contract, retaliation, non-uniform enforcement, tortious interference with real estate sale, breach of fiduciary duty, conversion, defamation,

extortionate extension of credit, Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq., fraud, conspiracy to defraud, fraudulent recordation of an illegal foreclosure/lien, negligence, RICO Act U.S.C. §§1961, 1962 1964, et seq. violations, unconscionability, unfair business practice, and Restatement Of Torts §§ 549, 552, 652.

Furthermore, the assessment and non-judicial foreclosure are unequally enforced against Plaintiff, but not other homeowners – Plaintiff has witnesses and other evidence to this effect. Defendants' actions constitute fraud. This is fraud – and it is illegal. That is why Plaintiff disputes this assessment and non-judicial foreclosure sale by Lakeside Plaza Condominium Association.

The extraordinary relief is sought in this application because Defendant Lakeside Plaza seeks to non-judicially foreclose on Plaintiff's home for an amount yet to be validated as required by Fair Debt Collection Practice Act. Defendants have provided Plaintiff many various discrepant quotes from $2,205.22 *See* Exhibit 1 to up to $4,000 (*See* Defendants' Motion to Dismiss Page 6, 23) all without any verification or itemization as required by Fair Debt Collection Practices Act.

Because the homeowners' association assessment is illegal as a matter of law, Plaintiff should be preliminarily and permanently enjoined from proceeding with this foreclosure.

Plaintiff is also seeking damages against Defendants for conspiracy to defraud her, fraud in fact for a fraudulent lien and foreclosure. She is seeking permanent injunction and restitution against Defendants for unfair business practices.

## II.   LEGAL STANDARD

The Ninth Circuit has stated that "the moving party may meet its burden by demonstrating either:

> (1) a combination of probable success on the merits and the possibility of irreparable injury or
> (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

– 5 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

> These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v. Bd. of Educ. of the Anchorage School Dist., 868 F.2d 1085, 1088 (9th Cir. 1989).

Federal Rule of Civil Procedure 65 allows district courts the discretion to grant preliminary relief prior to the adjudication of the underlying dispute Quince Orchard Valley Citizens Assoc., Inc. v. Hodel, 872 F.2d 75, 78 (4th Cir.1989). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc., 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002).

In determining whether to grant a temporary restraining order, the court considers the following factors:

(1)   the likelihood of plaintiff's success on the merits;
(2)   the possibility of plaintiff's suffering irreparable injury if relief is not granted;
(3)   the extent to which the balance of hardships favors the respective parties; and
(4)   in certain cases, whether the public interest will be advanced by the provision of preliminary relief. United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 174 (9th Cir. 1987).

In Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193-95 (4th Cir.1977), the Fourth Circuit established the standard for preliminary relief. The Blackwelder hardship balancing test requires that the court consider:

(1)   the likelihood of irreparable harm to the movant if the preliminary injunction is denied;
(2)   the likelihood of harm to the nonmovant if the requested relief is granted;
(3)   the likelihood that the movant will succeed on the merits; and
(4)   public interest.

– 6 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

1     Under the four-part inquiry, "the first two factors regarding the likelihood of irreparable harm to the plaintiff if [the preliminary injunction is] denied, and of the harm to the defendant if [the injunction is] granted are most important." Manning v. Hunt 119 F.3d 254, 263 (4th. Cir. 1997)

## III.    ARGUMENT

    The Plaintiff is entitled to a temporary restraining order because she has demonstrated a likelihood of success on the merits as well as a possibility of irreparable harm. Each of these factors is considered in turn.

### A.    PLAINTIFF SATISFIES THE TEST FOR AN INJUNCTION

    In determining whether to grant a preliminary injunction the court considers the probability of the plaintiff's success on the merits, and whether a greater injury will result to the defendants in granting the injunction than to the plaintiff in refusing it. Continental Baking Co. v. Katz, 68 Cal.2d 517, 67 Cal. Rptr. 761, 771 (1968). The balance of injuries is the more important factor, as the Supreme Court made clear in Continental:

> In the last analysis, the trial court must determine which party is the more likely to be injured by the exercise of its discretion . . . [citation] and it must then be exercised in favor of that party [citation]. Continental, above, 65 Cal. Rptr. at 771.

    Freeman v. Cavazos, 923 F.2d 1434, 1437 (11th Cir. 1991). Accord Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981), (per curiam), cert. denied, 460 U.S. 1042 (1983); see also Pine Ridge Recycling, Inc., et al. v. Betts County Georgia, et al., 874 F. Supp. 1383, 1386 (M.D. Ga. 1995). Where "'the balance of the equities identified in factors 2, 3, and 4 [above] weighs heavily in favor of granting the stay,'" the movant can satisfy the first factor by showing it has a "'substantial case on the merits.'" Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986), cert. denied, 479 U.S. 889 (1986) (quoting Ruiz v. Estelle, 650 F.2d at 565); accord ("[a]n order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public, and when denial of the order would

– 7 –
**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

inflict irreparable injury on the movant.") Ruiz v. Estelle, 650 F.2d at 565, (quoting Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977)). Such is the case here.

### B.   LIKELIHOOD OF IRREPARABLE HARM TO PLAINTIFF WITHOUT THE PRELIMINARY INJUNCTION

The court finds that there is a possibility that the Plaintiff will suffer irreparable harm if injunctive relief does not issue, such that the Plaintiff has satisfied his burden on this point. *See* Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm."); *see also* Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1220 (9th Cir. 1987)

Generally, "irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate." Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*,* 22 F.3d 546, 551 (4th Cir.1994) (quoting Danielson v. Local *275,* 479 F.2d 1033, 1037 (2d Cir.1973)). The Fourth Circuit has noted that, "Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*,* 17 F.3d 691, 694 (4th Cir.1994). However, "[W]hen the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied." Multi-Channel*,* 22 F.3d at 552. (citing Merrill Lynch, Pierce, Fenner & Smith v. Bradley*,* 756 F.2d 1048, 1055 (4th Cir.1985)). The Fourth Circuit has also noted that, "[E]ven where a harm could be remedied by money damages at judgment, irreparable harm may still exist where the moving party's business cannot survive absent a preliminary injunction." Hughes*,* 17 F.3d at 694.

In this case, Plaintiff alleges that without an injunction or temporary restraining order, Plaintiff will be irreparably damaged by the pending foreclosure sale which could result in the loss of her home and the eviction of her tenant.

In addition, Plaintiff can show that foreclosure would, "be traceable to an action by defendants which the court could prevent by the exercise of its remedial powers." <u>Little Earth of United Tribes, Inc. v. United States Dept. of Housing and Urban Development</u>, 584 F.Supp. 1287, 1289 (D.C.Minn.1983). In <u>Little Earth Tribes,</u> the District Court held that a residents' council had standing to seek an injunction against a foreclosure sale. *Id* . The Court stated that,

> The question is not ⋯ whether the tenants will be better off if foreclosure occurs; the question is, rather, if the threatened injury occurs, i.e., foreclosure and eviction, will it be traceable to an action by defendants which the court could prevent by the exercise of its remedial powers? *Id.*

The same principle applies in the instant case.

## C.     THE COURT SHOULD ISSUE A PRELIMINARY INJUNCTION RESTRAINING DEFENDANTS FROM SELLING PLAINTIFF'S HOME

California Code of Civil Procedure section 527(a) provides:
An injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist.

Under this standard, a preliminary injunction should be issued in the present case. As Plaintiff is likely to prevail on the merits in this action.  Moreover, concerning the hardships, defendants will not be harmed by the issuance of the preliminary injunction.  Defendants' financial interest will still be secure because defendant Lakeside Plaza Condominium Association allegedly has security interest by way of the deed of trust condo rider recorded in November 2005.

On the other hand, if the injunction does not issue, Plaintiff will suffer irreparable injury. Her tenant will be evicted, and as a result, Plaintiff will risk a drastic downward turn in the quality of her life, to the detriment of her physical health. No amount of monetary relief could remedy that loss.

– 9 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

*The Process Due Must Be Commensurate with the Importance of the Interest at Stake, and No Property Interest is More Important than Home Ownership.*

Due process, as guaranteed by both the United States Constitution requires "at a minimum" that the "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950); *see also* Joint Anti-Fascist Comm. v. McGrath, 341 U.S. 123, 170-72 (1951) (Frankfurter, J., concurring)

In Mullane, the Supreme Court held that:

> [A]n elementary and fundamental requirement in *any* proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 314 (emphasis added).

Plaintiff did not receive proper notice of the impending foreclosure sale and discovered it only a few days ago. Furthermore, Plaintiff has reason to believe that the other 2 security holders – Chase Mortgage and the California security holder never received proper notice of the impending foreclosure sale. This violates the Fourteenth Amendment Constitutional right to due process.

> The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," that is, they must be "reasonably certain to inform those affected. *Id.* at 315.

Framed in terms of the Mullane standard, the question here is this: Would a reasonable person who really wanted to make sure that Plaintiff received notice and a hearing before her house was sold have done something more than what the defendants did here? Would a reasonable person who had sent notices of the sale by regular and certified mail (at the same time and to the same address), take additional steps when the certified mail was returned unclaimed? Jones v. Flowers holds that the answer is yes—a reasonable person would have done more—and, specifically, a reasonable person would have taken additional steps to notify a homeowner when a notice sent by certified mail was returned unclaimed. 547 U.S. at 229-30. Jones holds that such

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

efforts are "especially" necessary "when, as here, the subject matter of the letter concerns such an important and irreversible prospect as the loss of a house." 547 U.S. at 230. 3 *See* P. Borchers, Jones v. Flowers: An Essay on A Unified Theory of Procedural Due Process, 40 Creighton L. Rev. 343, 349 (2007):

> [T]he Mathews cost-benefit analysis is now part of the constitutional standard for notice. Although the Jones Court did not cite Mathews, Jones's holding that better efforts are required especially when 'the subject matter of the letter concerns such an important and irreversible prospect as the loss of a house' imports that framework. In other words, the Court was saying . . . that it would have been a different case had it involved a twenty-five dollar parking ticket rather than $60,000 worth of equity in a home. The critical insight of Mathews is that more is required when a lot is at stake and there is much room for disagreement.

### D.   LIKELIHOOD OF HARM TO THE DEFENDANTS WITH THE INJUNCTION

Plaintiff alleges that the likelihood of harm to the Defendants is minimal. Plaintiff argues that a preliminary injunction would only mean a delay in the foreclosure sale date in order to first determine the validity of the nearly $1/2 million assessment.

After weighing the irreparable harm to Plaintiff with the harm to Defendants, the balance favors Plaintiff. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d at 195 (4th Cir. 1977)

*Plaintiff Will Suffer Injury if the Court Does Not Issue an Injunction; Defendants Will Not Suffer Irreparable Injury if it Does Issue an Injunction.*

Defendants' ongoing violations of the law pose a continuing threat to Plaintiff and other homeowners, and Plaintiff's tenant. Plaintiff is simply requesting this Court enjoin Defendants from engaging in unlawful business practices. Defendants cannot plausibly argue that their interest in continuing to operate without complying with California law and dissipating funds obtained by their violation of the law outweighs the interest of the general public in being protected from such unlawful business practices and in obtaining restitution.

– 11 –
**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

Even if Defendants could offer evidence demonstrating that they would suffer grave or irreparable harm from a preliminary injunction, and assuming that Defendants could prevail in the balancing of the harms, the Court may nonetheless issue a preliminary injunction. As long as "it appears fairly clear that the plaintiff will prevail on the merits, a trial court might legitimately decide that an injunction should issue even though the plaintiff is unable to prevail in a balancing of the probable harms." (IT Corp. v. County of Imperial, *supra,* 35 Cal.3d at pp.72-73.) It is more than "fairly clear" that Plaintiff will prevail on the merits at trial because

Defendants are openly and directly in violation of federal and state laws. Defendants have used United States Postal Service to mail Lakeside Plaza homeowners (a large percentage of them are California residents) fraudulent bills for a nearly $1/2 million special assessment that was never approved by homeowners. This constitutes mail fraud.

Despite any alleged harm Defendants might suffer, a temporary restraining order and order to show cause re: preliminary injunction should be issued to stop their illegal practices.

## F.   PLAINTIFF WILL PREVAIL ON THE MERITS IN THIS ACTION UNDER THE LEGAL THEORIES PRESENTED

This ex parte application for the temporary restraining order and preliminary injunction is being directed at defendant Lakeside Plaza Condominium Association and "Defendants".

Plaintiff will likely succeed on her claim of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p,  §§ 801-819, injunctive and declaratory relief, breach of contract, retaliation, non-uniform enforcement, tortious interference with real estate sale, breach of fiduciary duty, conversion, defamation, extortionate extension of credit,  fraud, conspiracy to defraud, fraudulent recordation of an illegal foreclosure/lien, negligence, RICO Act U.S.C. §§1961, 1962 1964, et seq. violations, unconscionability, unfair business practice, and Restatement Of Torts §§ 549*,* 552, 652.

This dispute centers around whether the nearly $1/2 million special assessment is valid, which the Defendants are foreclosing under – this assessment was never approved by homeowners (as required by Lakeside Plaza CC&Rs and federal and state law).

The Court should find, however, that Plaintiff has alleged facts which provide at least a

> " 'question[ ] to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberative investigation.' " Blackwelder, 550 F.2d at 195 (quoting Hamilton Watch Co., 206 F.2d at 740).

Plaintiff has therefore made a sufficient showing of a likelihood of success on the merits.

**G.    THE PUBLIC INTEREST**

The "public interest" aspect of the Blackwelder test encompasses the need to maintain the status quo. Richmond Medical Center for Women v. Gilmore, 11 F.Supp.2d 795, 828 (E.D.Va.1998). In the present case, this need favors the Plaintiff. The Defendants will suffer little harm under a preliminary injunction that at most delays their foreclosure action.

Plaintiff, however, could suffer much more severe harm in the event of the foreclosure sale. In other words, maintaining the status quo until the validity of the $1/2 million assessment is determined will only inflict minimal harm to Defendants while potentially avoiding much more severe harm to Plaintiff. This is a public interest case as the outcome of this case will affect many other homeowners (many of them California residents).

**H.    NO UNDERTAKING SHOULD BE REQUIRED**

While a bond generally is required on the issuance of an injunction, poor litigants are exempt from the requirement, in the court's discretion. As stated in Code of Civil Procedure section 995.240:

> The court may, in its discretion, waive a provision for a bond in any action or proceeding and make such orders as may be appropriate as if the bond were given, if the court determines that the principal is unable to give the bond because the principal is indigent and is unable to obtain sufficient sureties, whether personal or admitted surety insurers. In exercising its discretion the court shall take into consideration all factors it deems relevant, including but not limited to the character of the action or proceeding, the nature of the beneficiary, whether public or private, and the potential harm to the beneficiary if the provision for the bond is waived. See also: Conover v. Hall (1974) 11 Cal.3d 842, 851.

– 13 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

The declaration of plaintiff filed herein shows that is living on meager monthly income of less than $1,000. Accordingly, plaintiff has demonstrated sufficient indigence to merit waiver of bond. Moreover, an examination of the factors deemed relevant to waiver of bond in CCP section 995.240 above, also mandates a wavier of bond.

*Harm to Beneficiary if Bond is Waived*

In addition, waiver of bond is mandated because no harm will come to the Lakeside Plaza Condominium Association and the Defendants if bond is waived. Lakeside Plaza Condominium Association's interest will be protected without a bond should it prevail in this action or should they lose.

If defendant Lakeside Plaza Condominium Association prevails it will have not lost anything because its recorded deed of trust condo rider will preserve its interest.

Thus, a consideration of the elements set forth in CCP section 995.240, as well as equitable considerations, mandates that bond be waived in this action.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that her Ex Parte Application for Temporary Restraining Order, and Order to Show Cause Re: Preliminary Injunction as to Defendants be granted. Based on the record, the Plaintiff has demonstrated both a likelihood of success on the merits and the possibility of irreparable harm. Accordingly, the Plaintiff respectfully requests this Court grant a temporary restraining order and preliminary injunction. For the foregoing reasons, the preliminary and restraining order injunction prayed for should be granted without bond.

Dated: January 30, 2008                              Respectfully submitted,

                                                     SHERYL MOULTON

                                                     By:____*/s/Sheryl Moulton*_____

                                                          Sheryl Moulton
                                                          In Pro Per

– 14 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

**DECLARATION OF SHERYL MOULTON
IN SUPPORT OF EMERGENCY EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE
RE: PRELIMINARY INJUNCTION;**

I, Sheryl Moulton, declare as follows:

1. I am a pro se Plaintiff, residing in the State of California. At all times relevant hereto, I am responsible for the day-to-day management of this matter. As such, I have personal, firsthand knowledge of the facts stated in this declaration. If called upon to testify, I could and would competently testify to the facts stated herein.

2. Plaintiff apologizes to this Court for delay of this motion, however, Plaintiff just became aware only a few days ago of the impending illegal foreclosure sale of her home scheduled for February 6. *See* Exhibit 1. Plaintiff pro se has been suffering from bronchitis/flu. *See* Docket #46, Exhibit 1.

3. The Court inquired why Plaintiff has yet to serve California defendants Eugene Burger, Eugene Burger Corporation, and Karen Brigg – there is good cause as Plaintiff had previously filed *In Forma Pauperis*, which was denied by this Court. Plaintiff does not yet have financial means to have these California defendants served. Plaintiff is medically disabled, has been unemployed for the past year, earns income of less than $1,000 per month, and is in debt over $130,000 (including mortgage). Her income is less than $1,000 monthly, and yet, she runs negative nearly $2,000 monthly for mortgage, rent, legal costs and fees, and bills.

4. Plaintiff moved out of her condo several months ago due to threats by some of the defendants and is not only paying a mortgage, HOA dues, but is also paying rent. Plaintiff will serve remaining California defendants when she has the financial means to do so.

5. In November 2005, a deed of trust condo rider which was placed on her home in by defendant Lakeside Plaza Condominium Association. *See* Exhibit 2.

6. In 2006, Defendants Lakeside Plaza Condominium Association, and its board directors, allegedly on advice of legal counsel, Gayle Kern, decided to assess homeowners nearly $1/2 million. The nearly $1/2 million assessment was made without a homeowner vote as required by Lakeside Plaza CC&Rs *See* Exhibit 3, state law (governor's veto of assessments without

– 15 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

1  homeowner vote) *See* Exhibit 4, and an arbitration decision ruling that assessments <u>require</u>
2  homeowner vote. *See* Exhibit 5. There was <u>NO</u> homeowner vote to allow for the $1/2 million
3  assessment.
4  7.     Plaintiff, upon information and belief contends the assessment and non-judicial
5  foreclosure are unequally enforced against Plaintiff, but not other homeowners – Plaintiff has
6  witnesses and other evidence to this effect. That is why Plaintiff disputes this assessment and
7  non-judicial foreclosure sale by Lakeside Plaza Condominium Association.
8  8.     The extraordinary relief is sought in this application because Defendant Lakeside Plaza
9  seeks to non-judicially foreclose on Plaintiff's home for an amount yet to be validated as
10 required by Fair Debt Collection Practice Act. Defendants have provided Plaintiff many various
11 discrepant quotes from $2,205.22 *See* Exhibit 1 to up to $4,000 (*See* Defendants' Motion to
12 Dismiss Page 6, 23) all without any verification or itemization as <u>required</u> by Fair Debt
13 Collection Practices Act.
14 9.     Plaintiff, upon information and belief contends should this Court grant Plaintiff's
15 Temporary Restraining Order, this Court will also be protecting the interests of 2 security
16 lienholders - Chase Mortgage and a California security interest holder, and the interest of
17 Plaintiff's tenant who cannot be displaced by this illegal foreclosure scam.
18         I declare under the penalty of perjury that the foregoing is true and correct, and that this
19 declaration was executed January 30, 2008 in Sunnyvale, California.
20
21 */s/Sheryl Moulton*
   Sheryl Moulton
22

– 16 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

## PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18, and am not a party to this action. I am employed by: ___PO Box 223642 Carmel, CA 93922_____

On the date below I served a copy, with all exhibits, of the following document(s):

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

on the interested part in this action by placing a true copy thereof addressed to the following:

### SEE ATTACHED SERVICE LIST

☒ **BY ELECTRONIC MAIL TRANSMISSION (E-MAIL).** I caused a true copy of the foregoing document(s) to be transmitted to each of the parties on the attached service list at the email address as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

☐ **BY REGULAR MAIL.** I caused such envelopes to be deposited in the United States mail, at Reno, Nevada with postage thereon fully prepaid, individually addressed to the parties as indicated on the attached service list. I am readily familiar with the practice of collection and processing correspondence in mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed R. Civ. P. 5(b)(2)(B).

☐ **BY FACSIMILE TRANSMISSION.** I caused a true copy of the foregoing document(s) to be transmitted to each of the parties on the attached service list at the facsimile machine telephone number as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY PERSONAL SERVICE:** I caused to be delivered such envelope by hand to the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 30, 2008

/s/*John Cowell*
John Cowell

– 17 –

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**

## SERVICE LIST

Gayle A. Kern
5421 Kietzke Lane, Suite 200
Reno, Nevada  89511
Email: gaylekern@kernltd.com

Douglas Alson Sears
Matheny Sears Linkert & Jaime
3638 American River Drive
Sacramento, CA 95864
Email: dsears@mathenysears.com

Joy Rochelle Graber
Attorney at Law
Lemons Grundy & Eisenberg
6005 Plumas St #300
Reno, NV 89519
(SERVED VIA ECF ONLY
– NO EMAIL ON FILE WITH COURT)

**EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**