JOY R. GRABER, ESQ. (Pro Hac Vice)
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Third Floor
Reno, Nevada 89519
(775) 786-6868
jrg@lge.net

In Association With:

DOUGLAS A. SEARS, ESQ.
CA Bar No.48646
MATHENY SEARS LINKERT & JAIME LLP
3638 American River Drive
Sacramento, CA 95864
(916) 978-3434

Attorneys for Defendants
Gayle A. Kern and Gayle A. Kern, Ltd.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

* * *

| | |
|---|---|
| SHERYL MOULTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE BURGER MANAGEMENT, CORPORATION, a California corporation; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; PHIL FRINK & ASSOCIATES, INC.; PHILLIP E. FRINK; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; MICHAEL GRADY, both as individual and as Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual as Lakeside Plaza Board Director; FRANK A. PERAU, both as individual as Lakeside Plaza Board Director; RICH SVIHLA, both as individual as Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500,<br>Defendants. | Case No. C 07-05861 JW(RS)<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE, TO DISMISS FOR INSUFFICIENCY OF SERVICE AND FOR LACK OF JURISDICTION AND IMPROPER VENUE<br><br>Hearing Date: **February 25, 2008**<br>but may be addressed at hearing<br>on **February 5, 2008** at 10:00 a.m.<br><br>Ctrm: 8 |

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

Defendants GAYLE A. KERN and GAYLE A. KERN, LTD. (collectively, "KERN") submits the following points and authorities in reply to Plaintiff's Opposition to Kern's motion to quash service of process and to dismiss this action as against them on the grounds that: (1) the court lacks personal jurisdiction over Gayle A. Kern and Gayle A. Kern, Ltd., citizens of the State of Nevada, (2) service of process was insufficient, and (3) the Northern District of California is not the proper venue for an action against these non-resident defendants, and (4) the court lacks subject matter jurisdiction in this action.

The hearing on this motion was originally scheduled for January 28, 2008, and was rescheduled to February 25, 2008, by the Clerk's Notice Continuing Motion Hearing (Doc. #39.) On February 1, 2008, the court issued an order scheduling a hearing on plaintiff's request for a preliminary injunction for February 5, 2008 at 10:00 a.m. (Doc. #51.) That order indicates that the parties should be prepared to address the issues of jurisdiction and venue. To the extent that order pertains to Kern, Kern's counsel will appear to address those issues on behalf of the Kern Defendants, and further files this reply, which was previously due to be filed on February 11, which is 14 days before the February 25 hearing, pursuant to LR 7-3(c).

DATED this 4th day of February, 2008

        LEMONS, GRUNDY & EISENBERG
        In Association with MATHENY SEARS
        LINKERT & JAIME LLP

        By: /s/
            JOY R. GRABER

        Attorneys for Defendants
        GAYLE A. KERN and
        GAYLE A. KERN, LTD.

LEMONS GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

# POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's opposition to Kern's motion (Doc. #42) is fatally defective for a number of reasons, not the least of which is that she does not distinguish Kern's conduct and that of the other defendants. She also relies on case law that is irrelevant to the issues raised by Kern, and that has been superseded by statute. For the reasons discussed below and in Kern's motion, Kern's motion should be granted.

## II. ARGUMENT

### A. Service of the Complaint Should be Quashed for Failure to Comply With Fed.R.Civ.P. 4

Plaintiff does not dispute any of the assertions made in Kern's motion regarding the manner in which plaintiff purported to effect service of process on Kern. Instead, she argues in favor of proper service by contending that Kern is the registered agent for Lakeside Plaza. (Plaintiff's Opposition, pp. 3-5.) Plaintiff's argument overlooks the fact that she has sued Kern in her individual capacity as the lawyer for Lakeside Plaza. However effective service of process may have been on Lakeside Plaza by serving Kern as the resident agent, such service was insufficient to effect service of process on Gayle Kern and Gayle Kern, Ltd.

Plaintiff does not dispute that she did not effect personal service upon Kern. Nor did she leave a copy of the summons and complaint with a person of suitable age and discretion at Kern's dwelling or usual place of abode. Plaintiff provides no authority to support her argument that service was properly effected by dropping a copy of the summons and complaint at Kern's law office.

Based on plaintiff's failure to comply with Fed.R.Civ.P. 4, service of the summons and complaint should be be quashed.

### B. Dismissal is Also Appropriate Based Upon Lack of Personal Jurisdiction

Kern also moved for dismissal under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Plaintiff had the burden of making a *prima facie* showing of personal jurisdiction in order to survive the motion. *Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995). Plaintiff failed to do so.

///

///

-3-

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

Plaintiff's argument is premised upon the doctrine of transient physical presence in the forum state, and relies "heavily" upon the case of *Burnham v Superior Court*, 495 U.S. 604 (1990). (Plaintiff's Opposition, pp. 7-10.)

Plaintiff's reliance on *Burnham* is woefully misplaced. A court may exercise personal jurisdiction over a non-resident defendant under *Burnham* when the defendant is personally served with process while she is physically present in the forum state. 495 U.S. at 610-11. Those facts do not pertain to this case, however. Here, the undisputed facts show that plaintiff purported to effect service of process of the summons and complaint on Kern at her office in Reno, Nevada. No facts have been presented to demonstrate that service was effected on Kern within the borders of the State of California. Thus, *Burnham* is inapposite.

Equally meritless is the contention that Kern has been served with process through papers filed in this court. (Plaintiff's Opposition, p. 5:17-25.) A similar argument was rejected by the California Court of Appeal in Marriage of Fitzgerald, 46 Cal.Rptr. 2d 558, 39 Cal.App. 4th 1419 (Ct. App. 1995). In that divorce case, the father served the mother with documents at a hearing and claimed that this service was sufficient to confer jurisdiction over the mother for all purposes. The court disagreed and concluded that service of process based upon transient presence in the state had not occurred. 46 Cal.Rptr. at 563, 39 Cal.App. 4th at 1427.

Next, plaintiff seems to contend that she has established general personal jurisdiction because "defendants" have engaged in "consistent, pervasive and daily business in California and in this judicial district." (Opposition, p. 11.) This contention must be rejected because it is inapplicable to the Kern defendants. Plaintiff's reference of "substantial" business contacts in California pertain to Lakeside Plaza and other defendants (Opposition, pp. 11-14.) As to these contacts, plaintiff is vague regarding their continuous and systematic nature. On page 16 of her opposition, plaintiff lists five activities on which she is apparently relying to invoke this court's jurisdiction. Notably, none of those activities pertain to Kern.

The only contact plaintiff has attributed to Kern is her license to practice law in California and the mailing of a letter to plaintiff regarding the special assessment. As indicated in Kern's motion, however, contacts consisting of mail and telephone calls are insufficient to establish personal

LEMONS. GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

-4-

jurisdiction. *See Market/Media Research, Inc. v. Union-Tribune Publishing Co.*, 951 F.2d 102, 105 (9th Cir. 1991) (even though defendants made telephone calls and sent mail to plaintiff in Ohio, the quality and nature of their contacts with the forum state fell short of due process requirements). Likewise, the mere fact that an attorney is licensed to practice in a state does not subject him to personal jurisdiction for all purposes. *See, e.g., Crea v. Busby*, 48 Ca.App. 4th 509, 516, 55 Cal.Rptr.2d 513, 516 (Ct. App. 1996); *Baker v. Eighth Judicial District Court*, 116 Nev. 27, 999 P.2d 1020, 1024 (2000); *cf. Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) ("out-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state.").

In *Sher*, the court found that the defendants had purposefully availed themselves of the privilege of conducting activities in the forum state due to the attorney's "entire course of dealing" in California, which included securing payment from the client with a deed of trust and encumbering the client's California home. 911F.2d at 1364. In this case, however, there are no such contacts. As reflected in the Affidavit of Gayle Kern filed with her motion, her practice is exclusively in Nevada. Plaintiff has not demonstrated otherwise.

In summary, plaintiff has failed to meet her burden of demonstrating the existence of general jurisdiction and has failed to establish specific jurisdiction due to the lack of California-related activities by Kern. For this reason, and because the activities which underlie plaintiff's claims all occurred in Nevada and not California, the exercise of personal jurisdiction over Kern would grossly offend due process. Therefore, dismissal of Kern for lack of personal jurisdiction is warranted.

C.   **The Northern District of California is not the Proper Venue for This Action**

Plaintiff has not demonstrated that venue under 28 U.S.C. § 1391(b) is proper in this case. She merely makes baseless assertions about death threats and arrests which she claims prevent her from litigating this case in Nevada. Nor does plaintiff present any evidence to support the assertion that she would be denied due process by a Nevada court. (Opposition, p. 15.) Plaintiff's unsupported and false assertions do not suffice to establish that venue is proper in any California court.

///

-5-

As reflected in Kern's motion, Kern resides in Nevada's judicial district, as do the individual members of the Lakeside Plaza Condominium Association. (See Doc. #12, p. 10.) Furthermore, all of the events that underlie this claim occurred in Nevada. Nevada is also the state in which the property that the subject of the action is situated. Thus, under the facts of this case, plaintiff cannot establish that the Northern District of California is the proper venue to adjudicate any of her claims.

### III. CONCLUSION

Based upon the foregoing analysis and argument, defendants Gayle A. Kern and Gayle A. Kern Ltd., respectfully request that this court issue an order quashing service of the summons on the complaint and dismissing this action based on insufficiency of process, lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue.

DATED this 4th day of February, 2008.

> LEMONS, GRUNDY & EISENBERG
> In Association with MATHENY SEARS
> LINKERT & JAIME LLP
>
> By: /s/
>      JOY R. GRABER
>
> Attorneys for Defendants
> GAYLE A. KERN and
> GAYLE A. KERN, LTD.

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

-6-