1   SHERYL MOULTON
    IN PRO PER
2   P.O. Box 223581
    Carmel, CA  93922
3   Telephone: (408) 840-2907

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11
    SHERYL MOULTON, individually and on    )   Case No.: CV07-05861 JW
12  behalf of all others similarly situated,    )
                                            )
13                                          )   # EMERGENCY
                                            )
14              Plaintiffs,                 )   **NOTICE OF MOTION AND MOTION**
                                            )   **FOR RECONSIDERATION,**
15         vs.                              )   **MEMORANDUM OF POINTS &**
                                            )   **AUTHORITIES, DECLARATION**
16  EUGENE BURGER MANAGEMENT                )
    CORPORATION, a California Corporation;  )
17  EUGENE J. BURGER; KEVIN BERG;           )
    KAREN BRIGG; PHIL FRINK &               )   **EXPEDITED CONSIDERATION**
18  ASSOCIATES, INC.; PHILLIP E. FRINK;     )   **REQUESTED** –
    GAYLE A. KERN, LTD; GAYLE A. KERN;      )
19  ULLA CHRISTENSEN, both as individual    )   **DEFENDANTS REFUSING**
    and Lakeside Plaza Board Director;      )   **PLAINTIFF'S PAYOFF** – Foreclosure
20  MICHAEL GRADY, both as individual and   )   **Sale Scheduled Tomorrow February 6,**
    Lakeside Plaza Board Director; DANIEL   )   **2008**
21  JOSEPH, both as individual and Lakeside )
    Plaza Board Director; FRANK A. PERAU,   )
22  both as individual and Lakeside Plaza Board )
    Director; RICH SVIHLA, both as individual )
23  and Lakeside Plaza Board Director;      )
    LAKESIDE PLAZA CONDOMINIUM             )
24  ASSOCIATION; and DOES 1-500.            )
                                            )
25                                          )
               Defendants.                  )
26                                          )
                                            )
27

28

                                    – 1 –

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Plaintiff, today, February 5, 2008, attempted, in good faith, to make a payoff of the disputed amount of $4,094.95 (cashiers check) *see* Exhibit 6 to prevent the illegal foreclosure of her home scheduled for tomorrow, February 6, HOWEVER, **DEFENDANTS HAVE REFUSED PAYOFF as specified in EXHIBITS 1, EXHIBIT 6**. An affidavit from the courier service shall be filed forthwith with this Court upon receipt proving this refusal of payoff.

DEFENDANTS ARE OPERATING UNDER FRAUD AND "BAD FAITH" WITH INTENT TO ILLEGALLY FORECLOSE ON PLAINTIFF'S HOME.

Plaintiff respectfully wishes to pay disputed amount through this Court (as bond) to prevent foreclosure of her home – as Defendants are OPERATING IN BAD FAITH.

Plaintiff respectfully requests this Court to grant her Motion for Reconsideration her Ex Parte Temporary Restraining Order enjoining all defendants, and its agents, servants, employees, officers, representatives, successors, partners, assigns, and any and all persons acting in concert or participating with them, from selling and/or foreclosing on Plaintiff's home that is scheduled for Wednesday, February 6.

Plaintiff respectfully wishes to pay disputed amount through this Court (as bond) to prevent foreclosure of her home – as Defendants are OPERATING IN BAD FAITH.

Further, **JURISDICTION IS PROPER** as:

1) there is a **CALIFORNIA SECURITY INTEREST RECORDED AGAINST PLAINTIFF'S PROPERTY** - a preliminary injunction would protect these interests;

2) a preliminary injunction would protect the interests of Chase Mortgage, the mortgage holder on Plaintiff's home loan; Plaintiff believes these mortgage lenders have not been made aware of the impending foreclosure by Defendants, as required by law.

3) **Several defendants are HEADQUARTED AND DO BUSINESS IN CALIFORNIA**

4) Plaintiff and other California Lakeside Plaza homeowners pay bills (including illegal special assessment) received by Defendants Lakeside Plaza's agents, Gayle Kern and Phil Frink & Assocs. **FROM CALIFORNIA.**

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM OF POINTS & AUTHORITIES, DECLARATION

5) <u>Plaintiff and other California Lakeside Plaza homeowners pay monies to Defendants</u> <u>Lakeside Plaza's agents, Gayle Kern and Phil Frink & Assocs.</u> **<u>FROM</u>** **<u>CALIFORNIA.</u>**

6) **<u>FRAUD SURPASSES STATE LINES & JURISDICTION.</u>**

**<u>Core-Vent Corp. v. Nobel..., 11 F.3d 1482, 85 (9th Cir.'93), at 1486.</u>** Some criteria for invoking local jurisdiction are if a defendant committed 'intentional actions'. Clearly, Defendants actions are intentional.

<u>Plaintiff will file an amended complaint, upon this Court's permission, proving</u> <u>CONSPIRACY TO DEFRAUD.</u>

It is Plaintiff's contention Defendants' refusal to accept payment is simply part of their scam to illegally foreclose on homes and reap huge profits from this criminal activity. Plaintiff has plenty of evidence proving Defendants (specifically Gayle Kern, Phil Frink, and Eugene Burger Management Corporation) have foreclosed on many other homeowners in this same manner.

Plaintiff contends the fact Defendants have provided varying payoff amounts, and refuse to provide a payoff amount, is a CLEAR VIOLATION of Fair Debt Collection Practices Act. It is clear this Court is the only means to prevent this illegal foreclosure sale scheduled for Wednesday, February 6 -as Defendants are operating in BAD FAITH by refusing Plaintiff a payoff amount to prevent the foreclosure sale of her home scheduled for Wednesday, February 6.

Plaintiff reserves the right to amend this motion – as time is of the essence due to the illegal foreclosure.

Plaintiff respectfully requests this Court to grant her Motion for Reconsideration her Ex Parte Temporary Restraining Order enjoining all defendants, and its agents, servants, employees, officers, representatives, successors, partners, assigns, and any and all persons acting in concert or participating with them, from selling and/or foreclosing on Plaintiff's home that is scheduled for Wednesday, February 6.

Plaintiff respectfully requests this Court to grant her Ex Parte Temporary Restraining Order enjoining all defendants, and its agents, servants, employees, officers, representatives,

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM OF POINTS & AUTHORITIES, DECLARATION

1  successors, partners, assigns, and any and all persons acting in concert or participating with

2  them, from selling and/or foreclosing on Plaintiff's home that is scheduled for Wednesday,

3  February 6.

4          Because the homeowners' association assessment is illegal as a matter of law, Plaintiff

5  should be preliminarily and permanently enjoined from proceeding with this foreclosure.

6          This application is based upon the attached memorandum of points and authorities,

7  declaration of plaintiff, and such other and further relief, both oral and documentary as may be

8  considered at time of hearing.

9

10

11  Dated: February 5, 2008                    Respectfully submitted,

12                                             SHERYL MOULTON

13                                             By:_____/s/Sheryl Moulton_____

14                                                      Sheryl Moulton
                                                        In Pro Per
15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 4 –

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM
OF POINTS & AUTHORITIES, DECLARATION

1  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION**

2  **FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND**

3  **TEMPORARY RESTRAINING ORDER**

4

5  **I.    STATEMENT OF FACTS**

6         Plaintiff, today, February 5, 2008, attempted, in good faith, to make a payoff of the

7  <u>disputed</u> amount of $4,094.95 (cashiers check) to prevent the illegal foreclosure of her home

8  scheduled for tomorrow, February 6, HOWEVER, **DEFENDANTS HAVE REFUSED**

9  **PAYOFF as specified in EXHIBIT 1**. An affidavit from the courier service shall be filed

10 forthwith with this Court upon receipt proving this refusal of payoff.

11        DEFENDANTS ARE OPERATING UNDER FRAUD AND "BAD FAITH" WITH

12 INTENT TO ILLEGALLY FORECLOSE ON PLAINTIFF'S HOME.

13        Plaintiff respectfully wishes to pay disputed amount through this Court (as bond) to

14 prevent foreclosure of her home – as Defendants are OPERATING IN BAD FAITH.

15        Plaintiff respectfully requests this Court to grant her Motion for Reconsideration her Ex

16 Parte Temporary Restraining Order enjoining all defendants, and its agents, servants, employees,

17 officers, representatives, successors, partners, assigns, and any and all persons acting in concert

18 or participating with them, from selling and/or foreclosing on Plaintiff's home that is scheduled

19 for Wednesday, February 6.

20        Plaintiff respectfully wishes to pay disputed amount through this Court (as bond) to

21 prevent foreclosure of her home – as Defendants are OPERATING IN BAD FAITH.

22        Further, **JURISDICTION IS PROPER** as:

23     7) there is a **CALIFORNIA SECURITY INTEREST RECORDED AGAINST**

24         **PLAINTIFF'S PROPERTY** - a preliminary injunction would protect these interests;

25     8) a preliminary injunction would protect the interests of Chase Mortgage, the mortgage

26         holder on Plaintiff's home loan; Plaintiff believes these mortgage lenders have not

27         been made aware of the impending foreclosure by Defendants, as required by law.

28

9) **Several defendants are HEADQUARTED AND DO BUSINESS IN CALIFORNIA**

10) Plaintiff and other California Lakeside Plaza homeowners pay bills (including illegal special assessment) received by Defendants Lakeside Plaza's agents, Gayle Kern and Phil Frink & Assocs. **FROM CALIFORNIA.**

11) Plaintiff and other California Lakeside Plaza homeowners pay monies to Defendants Lakeside Plaza's agents, Gayle Kern and Phil Frink & Assocs. **FROM CALIFORNIA.**

12) **FRAUD SURPASSES STATE LINES & JURISDICTION.**

**Core-Vent Corp. v. Nobel..., 11 F.3d 1482, 85 (9th Cir.'93), at 1486.** Some criteria for invoking local jurisdiction are if a defendant committed 'intentional actions'. Clearly, Defendants actions are intentional.

Plaintiff will file an amended complaint, upon this Court's permission, proving CONSPIRACY TO DEFRAUD.

It is Plaintiff's contention Defendants' refusal to accept payment is simply part of their scam to illegally foreclose on homes and reap huge profits from this criminal activity. Plaintiff has plenty of evidence proving Defendants (specifically Gayle Kern, Phil Frink, and Eugene Burger Management Corporation) have foreclosed on many other homeowners in this same manner.

Plaintiff contends the fact Defendants have provided varying payoff amounts, and refuse to provide a payoff amount, is a CLEAR VIOLATION of Fair Debt Collection Practices Act. It is clear this Court is the only means to prevent this illegal foreclosure sale scheduled for Wednesday, February 6 -as Defendants are operating in BAD FAITH by refusing Plaintiff a payoff amount to prevent the foreclosure sale of her home scheduled for Wednesday, February 6.

Plaintiff reserves the right to amend this motion – as time is of the essence due to the illegal foreclosure.

Plaintiff respectfully requests this Court to grant her Motion for Reconsideration her Ex Parte Temporary Restraining Order enjoining all defendants, and its agents, servants, employees,

– 6 –

1   officers, representatives, successors, partners, assigns, and any and all persons acting in concert

2   or participating with them, from selling and/or foreclosing on Plaintiff's home that is scheduled

3   for Wednesday, February 6.

4          Plaintiff respectfully requests this Court to grant her Ex Parte Temporary Restraining

5   Order enjoining all defendants, and its agents, servants, employees, officers, representatives,

6   successors, partners, assigns, and any and all persons acting in concert or participating with

7   them, from selling and/or foreclosing on Plaintiff's home that is scheduled for Wednesday,

8   February 6.

9          Because the homeowners' association assessment is illegal as a matter of law, Plaintiff

10  should be preliminarily and permanently enjoined from proceeding with this foreclosure.

11         This application is based upon the attached memorandum of points and authorities,

12  declaration of plaintiff, and such other and further relief, both oral and documentary as may be

13  considered at time of hearing.

14         This application is made by Plaintiff Sheryl Moulton who is medically disabled and

15  living on a limited monthly income. Ms. Moulton's only asset is her home located at 1000 Beck

16  St. #366, Reno, Nevada, where she has lived for nearly 2 years. Plaintiff seeks by this application

17  to stop the non-judicial foreclosure sale of her home over an illegal special assessment by

18  Lakeside Plaza Condominium Association.

19         In November 2005, a deed of trust condo rider which was placed on her home in by

20  defendant Lakeside Plaza Condominium Association. *See* Exhibit 2.

21         In 2006, Defendants Lakeside Plaza Condominium Association, and its board directors,

22  allegedly on advice of legal counsel, Gayle Kern, decided to assess homeowners nearly $1/2

23  million. The nearly $1/2 million assessment was made without a homeowner vote as required by

24  Lakeside Plaza CC&Rs *See* Exhibit 3, state law (governor's veto of assessments without

25  homeowner vote) *See* Exhibit 4, and an arbitration decision ruling that assessments require

26  homeowner vote. *See* Exhibit 5. There was NO homeowner vote to allow for the $1/2 million

27  assessment.

28

– 7 –

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM
OF POINTS & AUTHORITIES, DECLARATION

1    Plaintiff contends she will prevail on the merits of this case and should be granted a

2    temporary restraining order against the non-judicial foreclosure sale of her home scheduled for

3    February 6. Plaintiff contends she will prevail on the merits of this case for the following:

4    injunctive and declaratory relief, breach of contract, retaliation, non-uniform enforcement,

5    tortious interference with real estate sale, breach of fiduciary duty, conversion, defamation,

6    extortionate extension of credit, Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq. ,

7    fraud, conspiracy to defraud, fraudulent recordation of an illegal foreclosure/lien, negligence,

8    RICO Act U.S.C. §§1961, 1962 1964, et seq. violations, unconscionability, unfair business

9    practice, and Restatement Of Torts §§ 549, 552, 652.

10    Furthermore, the assessment and non-judicial foreclosure are unequally enforced against

11    Plaintiff, but not other homeowners – Plaintiff has witnesses and other evidence to this effect.

12    Defendants' actions constitute fraud. This is fraud – and it is illegal. That is why Plaintiff

13    disputes this assessment and non-judicial foreclosure sale by Lakeside Plaza Condominium

14    Association.

15    The extraordinary relief is sought in this application because Defendant Lakeside Plaza

16    seeks to non-judicially foreclose on Plaintiff's home for an amount yet to be validated as

17    required by Fair Debt Collection Practice Act. Defendants have provided Plaintiff many various

18    discrepant quotes from $2,205.22 *See* Exhibit 1 to up to $4,000 (*See* Defendants' Motion to

19    Dismiss Page 6, 23) all without any verification or itemization as <u>required</u> by Fair Debt

20    Collection Practices Act.

21    Because the homeowners' association assessment is illegal as a matter of law, Plaintiff

22    should be preliminarily and permanently enjoined from proceeding with this foreclosure.

23    Plaintiff is also seeking damages against Defendants for conspiracy to defraud her, fraud

24    in fact for a fraudulent lien and foreclosure. She is seeking permanent injunction and restitution

25    against Defendants for unfair business practices.

26

27    **II.    LEGAL STANDARD**

28

– 8 –

1    The Ninth Circuit has stated that "the moving party may meet its burden by

2  demonstrating either:

> (1) a combination of probable success on the merits and the
> possibility of irreparable injury or
>  (2) that serious questions are raised and the balance of hardships
> tips sharply in its favor." Los Angeles Mem'l Coliseum Comm'n
> v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).
>
> These formulations are not different tests but represent two points
> on a sliding scale in which the degree of irreparable harm increases
> as the probability of success on the merits decreases." Big Country
> Foods, Inc. v. Bd. of Educ. of the Anchorage School Dist., 868
> F.2d 1085, 1088 (9th Cir. 1989).

Federal Rule of Civil Procedure 65 allows district courts the discretion to grant

preliminary relief prior to the adjudication of the underlying dispute Quince Orchard Valley

Citizens Assoc., Inc. v. Hodel, 872 F.2d 75, 78 (4th Cir.1989). "The standard for issuing a

temporary restraining order is identical to the standard for issuing a preliminary injunction."

Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc., 236 F. Supp. 2d 1152, 1154 (D. Haw.

2002).

In determining whether to grant a temporary restraining order, the court considers the

following factors:

(1)      the likelihood of plaintiff's success on the merits;

(2)      the possibility of plaintiff's suffering irreparable injury if relief is not granted;

(3)      the extent to which the balance of hardships favors the respective parties; and

(4)      in certain cases, whether the public interest will be advanced by the provision

of preliminary relief. United States v. Odessa Union Warehouse Co-op, 833

F.2d 172, 174 (9th Cir. 1987).

In Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193-95 (4th Cir.1977), the

Fourth Circuit established the standard for preliminary relief. The Blackwelder hardship

balancing test requires that the court consider:

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM
OF POINTS & AUTHORITIES, DECLARATION

(1)    the likelihood of irreparable harm to the movant if the preliminary injunction is denied;

(2)    the likelihood of harm to the nonmovant if the requested relief is granted;

(3)    the likelihood that the movant will succeed on the merits; and

(4)    public interest.

Under the four-part inquiry, "the first two factors regarding the likelihood of irreparable harm to the plaintiff if [the preliminary injunction is] denied, and of the harm to the defendant if [the injunction is] granted are most important." <u>Manning v. Hunt</u> 119 F.3d 254, 263 (4th. Cir. 1997)

## III.    ARGUMENT

The Plaintiff is entitled to a temporary restraining order because she has demonstrated a likelihood of success on the merits as well as a possibility of irreparable harm. Each of these factors is considered in turn.

## A.    PLAINTIFF SATISFIES THE TEST FOR AN INJUNCTION

In determining whether to grant a preliminary injunction the court considers the probability of the plaintiff's success on the merits, and whether a greater injury will result to the defendants in granting the injunction than to the plaintiff in refusing it. <u>Continental Baking Co. v. Katz</u>, 68 Cal.2d 517, 67 Cal. Rptr. 761, 771 (1968). The balance of injuries is the more important factor, as the Supreme Court made clear in <u>Continental</u>:

> In the last analysis, the trial court must determine which party is the more likely to be injured by the exercise of its discretion . . . [citation] and it must then be exercised in favor of that party [citation]. <u>Continental</u>, <u>above</u>, 65 Cal. Rptr. at 771.

<u>Freeman v. Cavazos</u>, 923 F.2d 1434, 1437 (11th Cir. 1991). <u>Accord Ruiz v. Estelle</u>, 650 F.2d 555, 565 (5th Cir. 1981), (per curiam), <u>cert. denied</u>, 460 U.S. 1042 (1983); <u>see also</u> <u>Pine Ridge Recycling, Inc., et al. v. Betts County Georgia, et al.</u>, 874 F. Supp. 1383, 1386 (M.D. Ga.

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM OF POINTS & AUTHORITIES, DECLARATION

1   1995). Where "'the balance of the equities identified in factors 2, 3, and 4 [above] weighs heavily

2   in favor of granting the stay,'" the movant can satisfy the first factor by showing it has a

3   "'substantial case on the merits.'" <u>Garcia-Mir v. Meese</u>, 781 F.2d 1450, 1453 (11th Cir. 1986),

4   <u>cert. denied</u>, 479 U.S. 889 (1986) (quoting <u>Ruiz v. Estelle</u>, 650 F.2d at 565); <u>accord</u> ("[a]n order

5   maintaining the status quo is appropriate when a serious legal question is presented, when little if

6   any harm will befall other interested persons or the public, and when denial of the order would

7   inflict irreparable injury on the movant.") <u>Ruiz v. Estelle</u>, 650 F.2d at 565, (quoting <u>Washington</u>

8   <u>Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.</u>, 559 F.2d 841, 844 (D.C. Cir. 1977)).

9   Such is the case here.

10

11  **B.    LIKELIHOOD OF IRREPARABLE HARM TO PLAINTIFF WITHOUT THE**

12  **PRELIMINARY INJUNCTION**

13          The court finds that there is a possibility that the Plaintiff will suffer irreparable harm if

14  injunctive relief does not issue, such that the Plaintiff has satisfied his burden on this point. *See*

15  <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 841 (9th Cir. 2001)

16  ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding

17  of the possibility of irreparable harm."); *see also* <u>Rodeo Collection, Ltd. v. West Seventh</u>, 812

18  F.2d 1215, 1220 (9th Cir. 1987)

19          Generally, "irreparable injury is suffered when monetary damages are difficult to

20  ascertain or are inadequate." <u>Multi-Channel TV Cable Co. v. Charlottesville Quality Cable</u>

21  <u>Operating Co.</u>, 22 F.3d 546, 551 (4th Cir.1994) (quoting <u>Danielson v. Local</u> *275*, 479 F.2d 1033,

22  1037 (2d Cir.1973)). The Fourth Circuit has noted that, "Where the harm suffered by the moving

23  party may be compensated by an award of money damages at judgment, courts generally have

24  refused to find that harm irreparable." <u>Hughes Network Sys., Inc. v. InterDigital Commc'ns</u>

25  <u>Corp.</u>, 17 F.3d 691, 694 (4th Cir.1994). However, "[W]hen the failure to grant preliminary relief

26  creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the

27  irreparable injury prong is satisfied." <u>Multi-Channel</u>, 22 F.3d at 552. (citing <u>Merrill Lynch,</u>

28  <u>Pierce, Fenner & Smith v. Bradley</u>, 756 F.2d 1048, 1055 (4th Cir.1985)). The Fourth Circuit has

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM
OF POINTS & AUTHORITIES, DECLARATION

1    also noted that, "[E]ven where a harm could be remedied by money damages at judgment,

2    irreparable harm may still exist where the moving party's business cannot survive absent a

3    preliminary injunction." <u>Hughes</u>, 17 F.3d at 694.

4         In this case, Plaintiff alleges that without an injunction or temporary restraining order,

5    Plaintiff will be irreparably damaged by the pending foreclosure sale which could result in the

6    loss of her home and the eviction of her tenant.

7         In addition, Plaintiff can show that foreclosure would, "be traceable to an action by

8    defendants which the court could prevent by the exercise of its remedial powers." <u>Little Earth of</u>

9    <u>United Tribes, Inc. v. United States Dept. of Housing and Urban Development</u>, 584 F.Supp.

10   1287, 1289 (D.C.Minn.1983). In <u>Little Earth Tribes,</u> the District Court held that a residents'

11   council had standing to seek an injunction against a foreclosure sale. *Id* . The Court stated that,

12        The question is not ··· whether the tenants will be better off if
          foreclosure occurs; the question is, rather, if the threatened injury
13        occurs, i.e., foreclosure and eviction, will it be traceable to an
          action by defendants which the court could prevent by the exercise
14        of its remedial powers? *Id.*

15

16        The same principle applies in the instant case.

17

18   **C.    THE COURT SHOULD ISSUE A PRELIMINARY INJUNCTION RESTRAINING**

19   **DEFENDANTS FROM SELLING PLAINTIFF'S HOME**

20        California Code of Civil Procedure section 527(a) provides:

21   An injunction may be granted at any time before judgment upon a verified complaint, or upon

22   affidavits if the complaint in the one case, or the affidavits in the other, show satisfactorily that

23   sufficient grounds exist.

24             Under this standard, a preliminary injunction should be issued in the present case.

25   As Plaintiff is likely to prevail on the merits in this action.  Moreover, concerning the hardships,

26   defendants will not be harmed by the issuance of the preliminary injunction.  Defendants'

27   financial interest will still be secure because defendant Lakeside Plaza Condominium

28

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM
OF POINTS & AUTHORITIES, DECLARATION

1  Association allegedly has security interest by way of the deed of trust condo rider recorded in

2  November 2005.

3        On the other hand, if the injunction does not issue, Plaintiff will suffer irreparable injury.

4  Her tenant will be evicted, and as a result, Plaintiff will risk a drastic downward turn in the

5  quality of her life, to the detriment of her physical health. No amount of monetary relief could

6  remedy that loss.

7
8  ***The Process Due Must Be Commensurate with the Importance of the Interest at Stake, and No***
   ***Property Interest is More Important than Home Ownership.***

9        Due process, as guaranteed by both the United States Constitution requires "at a

10  minimum" that the "deprivation of life, liberty or property by adjudication be preceded by notice

11  and opportunity for hearing appropriate to the nature of the case." <u>Mullane v. Cent. Hanover</u>

12  <u>Bank & Trust Co.</u>, 339 U.S. 306, 313 (1950); *see also* <u>Joint Anti-Fascist Comm. v. McGrath</u>, 341

13  U.S. 123, 170-72 (1951) (Frankfurter, J., concurring)

14        In <u>Mullane</u>, the Supreme Court held that:

15          [A]n elementary and fundamental requirement in *any* proceeding
16          which is to be accorded finality is notice reasonably calculated,
           under all circumstances, to apprise interested parties of the
17          pendency of the action and afford them an opportunity to present
           their objections." 339 U.S. at 314 (emphasis added).
18
19
20        Plaintiff did not receive proper notice of the impending foreclosure sale and discovered it

21  only a few days ago. Furthermore, Plaintiff has reason to believe that the other 2 security holders

22  – Chase Mortgage and the California security holder never received proper notice of the

23  impending foreclosure sale. This violates the Fourteenth Amendment Constitutional right to due

24  process.

25          The means employed must be such as one desirous of actually
           informing the absentee might reasonably adopt to accomplish it,"
26          that is, they must be "reasonably certain to inform those affected.
           *Id.* at 315.
27
28        Framed in terms of the <u>Mullane</u> standard, the question here is this: Would a reasonable

person who really wanted to make sure that Plaintiff received notice and a hearing before her

– 13 –

1   house was sold have done something more than what the defendants did here? Would a

2   reasonable person who had sent notices of the sale by regular and certified mail (at the same time

3   and to the same address), take additional steps when the certified mail was returned unclaimed?

4   Jones v. Flowers holds that the answer is yes—a reasonable person would have done more—and,

5   specifically, a reasonable person would have taken additional steps to notify a homeowner when

6   a notice sent by certified mail was returned unclaimed. 547 U.S. at 229-30. Jones holds that such

7   efforts are "especially" necessary "when, as here, the subject matter of the letter concerns such

8   an important and irreversible prospect as the loss of a house." 547 U.S. at 230. 3 See P. Borchers,

9   Jones v. Flowers: An Essay on A Unified Theory of Procedural Due Process, 40 Creighton L.

10  Rev. 343, 349 (2007):

> [T]he Mathews cost-benefit analysis is now part of the
> constitutional standard for notice. Although the Jones Court did not
> cite Mathews, Jones's holding that better efforts are required
> especially when 'the subject matter of the letter concerns such an
> important and irreversible prospect as the loss of a house' imports
> that framework. In other words, the Court was saying . . . that it
> would have been a different case had it involved a twenty-five
> dollar parking ticket rather than $60,000 worth of equity in a
> home. The critical insight of Mathews is that more is required
> when a lot is at stake and there is much room for disagreement.

**D.    LIKELIHOOD OF HARM TO THE DEFENDANTS WITH THE INJUNCTION**

Plaintiff alleges that the likelihood of harm to the Defendants is minimal. Plaintiff argues

that a preliminary injunction would only mean a delay in the foreclosure sale date in order to first

determine the validity of the nearly $1/2 million assessment.

After weighing the irreparable harm to Plaintiff with the harm to Defendants, the balance

favors Plaintiff. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d at 195 (4th Cir. 1977)

***Plaintiff Will Suffer Injury if the Court Does Not Issue an Injunction; Defendants Will Not***

***Suffer Irreparable Injury if it Does Issue an Injunction.***

– 14 –

1    Defendants' ongoing violations of the law pose a continuing threat to Plaintiff and other

2    homeowners, and Plaintiff's tenant. Plaintiff is simply requesting this Court enjoin Defendants

3    from engaging in unlawful business practices. Defendants cannot plausibly argue that their

4    interest in continuing to operate without complying with California law and dissipating funds

5    obtained by their violation of the law outweighs the interest of the general public in being

6    protected from such unlawful business practices and in obtaining restitution.

7    Even if Defendants could offer evidence demonstrating that they would suffer grave or

8    irreparable harm from a preliminary injunction, and assuming that Defendants could prevail in

9    the balancing of the harms, the Court may nonetheless issue a preliminary injunction. As long as

10   "it appears fairly clear that the plaintiff will prevail on the merits, a trial court might legitimately

11   decide that an injunction should issue even though the plaintiff is unable to prevail in a balancing

12   of the probable harms." (IT Corp. v. County of Imperial, *supra,* 35 Cal.3d at pp.72-73.)

13   It is more than "fairly clear" that Plaintiff will prevail on the merits at trial because

14   Defendants are openly and directly in violation of federal and state laws. Defendants have

15   used United States Postal Service to mail Lakeside Plaza homeowners (a large percentage of

16   them are California residents) fraudulent bills for a nearly $1/2 million special assessment that

17   was never approved by homeowners. This constitutes mail fraud.

18   Despite any alleged harm Defendants might suffer, a temporary restraining order and

19   order to show cause re: preliminary injunction should be issued to stop their illegal practices.

20

21   **F.      PLAINTIFF WILL PREVAIL ON THE MERITS IN THIS ACTION UNDER THE**

22   **LEGAL THEORIES PRESENTED**

23   This ex parte application for the temporary restraining order and preliminary injunction is

24   being directed at defendant Lakeside Plaza Condominium Association and "Defendants".

25   Plaintiff will likely succeed on her claim of Fair Debt Collection Practices Act (FDCPA),

26   15 U.S.C. §§ 1692-1692p,  §§ 801-819, injunctive and declaratory relief, breach of contract,

27   retaliation, non-uniform enforcement, tortious interference with real estate sale, breach of

28   fiduciary duty, conversion, defamation, extortionate extension of credit,  fraud, conspiracy to

– 15 –

1    defraud, fraudulent recordation of an illegal foreclosure/lien, negligence, RICO Act U.S.C.

2    §§1961, 1962 1964, et seq. violations, unconscionability, unfair business practice, and

3    Restatement Of Torts §§ 549, 552, 652.

4           This dispute centers around whether the nearly $1/2 million special assessment is valid,

5    which the Defendants are foreclosing under – this assessment was never approved by

6    homeowners (as required by Lakeside Plaza CC&Rs and federal and state law).

7           The Court should find, however, that Plaintiff has alleged facts which provide at least a

8                   " 'question[ ] to the merits so serious, substantial, difficult and
                    doubtful, as to make them fair ground for litigation and thus for
9                   more deliberative investigation.' " Blackwelder, 550 F.2d at 195
                    (quoting Hamilton Watch Co., 206 F.2d at 740).
10

11   Plaintiff has therefore made a sufficient showing of a likelihood of success on the merits.

12

13   **G.    THE PUBLIC INTEREST**

14          The "public interest" aspect of the Blackwelder test encompasses the need to maintain the

15   status quo. Richmond Medical Center for Women v. Gilmore, 11 F.Supp.2d 795, 828

16   (E.D.Va.1998). In the present case, this need favors the Plaintiff. The Defendants will suffer little

17   harm under a preliminary injunction that at most delays their foreclosure action.

18          Plaintiff, however, could suffer much more severe harm in the event of the foreclosure

19   sale. In other words, maintaining the status quo until the validity of the $1/2 million assessment

20   is determined will only inflict minimal harm to Defendants while potentially avoiding much

21   more severe harm to Plaintiff. This is a public interest case as the outcome of this case will affect

22   many other homeowners (many of them California residents).

23

24   **H.    NO UNDERTAKING SHOULD BE REQUIRED**

25          While a bond generally is required on the issuance of an injunction, poor litigants are

26   exempt from the requirement, in the court's discretion.  As stated in Code of Civil Procedure

27   section 995.240:

28                  The court may, in its discretion, waive a provision for a bond in
                    any action or proceeding and make such orders as may be

– 16 –

1
2
3
4
5
6

appropriate as if the bond were given, if the court determines that
the principal is unable to give the bond because the principal is
indigent and is unable to obtain sufficient sureties, whether
personal or admitted surety insurers. In exercising its discretion the
court shall take into consideration all factors it deems relevant,
including but not limited to the character of the action or
proceeding, the nature of the beneficiary, whether public or
private, and the potential harm to the beneficiary if the provision
for the bond is waived. See also:  <u>Conover v. Hall</u> (1974) 11 Cal.3d
842, 851.

7

The declaration of plaintiff filed herein shows that is living on meager monthly income

8

of less than $1,000.  Accordingly, plaintiff has demonstrated sufficient indigence to merit waiver

9

of bond. Moreover, an examination of the factors deemed relevant to waiver of bond in CCP

10

section 995.240 above, also mandates a wavier of bond.

11
12

***Harm to Beneficiary if Bond is Waived***

13

In addition, waiver of bond is mandated because no harm will come to the Lakeside Plaza

14

Condominium Association and the Defendants if bond is waived.  Lakeside Plaza Condominium

15

Association's interest will be protected without a bond should it prevail in this action or should

16

they lose.

17

If defendant Lakeside Plaza Condominium Association prevails it will have not lost

18

anything because its recorded deed of trust condo rider will preserve its interest.

19

Thus, a consideration of the elements set forth in CCP section 995.240, as well as

20

equitable considerations, mandates that bond be waived in this action.

21
22

## IV.    CONCLUSION

23

Based upon the foregoing, Plaintiff respectfully requests that her Motion for

24

Reconsideration be granted. Ex Parte Application for Temporary Restraining Order, and Order to

25

Show Cause Re: Preliminary Injunction as to Defendants be granted. Based on the record, the

26

Plaintiff has demonstrated both a likelihood of success on the merits and the possibility of

27

irreparable harm. Accordingly, the Plaintiff respectfully requests this Court reconsider and grant

28

a temporary restraining order and preliminary injunction.

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM
OF POINTS & AUTHORITIES, DECLARATION

1       For the foregoing reasons, the motion for reconsideration regarding the preliminary and

2 restraining order injunction prayed for should be granted.

3

4 Dated: February 5, 2008                          Respectfully submitted,

5                                         SHERYL MOULTON

6                                         By:_____ */s/Sheryl Moulton*_____

7                                            Sheryl Moulton

8                                            In Pro Per

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM OF POINTS & AUTHORITIES, DECLARATION

1

2

3

**DECLARATION OF SHERYL MOULTON
IN SUPPORT OF EMERGENCY MOTION FOR RECONSIDERATION RE:
PRELIMINARY INJUNCTION & IN THE ALTERNATIVE TEMPORARY
RESTRAINING**

4

5

     I, Sheryl Moulton, declare as follows:

6

7

8

1.     I am a pro se Plaintiff, residing in the State of California. At all times relevant hereto, I am responsible for the day-to-day management of this matter. As such, I have personal, firsthand knowledge of the facts stated in this declaration. If called upon to testify, I could and would competently testify to the facts stated herein.

9

10

11

12

13

2.     Today, February 5, 2008, attempted, in good faith, to make a payoff of the <u>disputed</u> amount of $4,094.95 (cashiers check) see Exhibit 6  to prevent the illegal foreclosure of her home scheduled for tomorrow, February 6, HOWEVER, **DEFENDANTS HAVE REFUSED PAYOFF as specified in EXHIBIT 1 & EXHIBIT 6**. An affidavit from the courier service shall be filed forthwith with this Court upon receipt proving this refusal of payoff.

14

15

16

17

18

3.     It is Plaintiff's contention Defendants' refusal to accept payment is simply part of their scam to illegally foreclose on homes and reap huge profits from this criminal activity. Plaintiff has plenty of evidence proving Defendants (specifically Gayle Kern, Phil Frink, and Eugene Burger Management Corporation) have foreclosed on many other homeowners in this same manner.

19

20

21

22

23

4.     Plaintiff contends the fact Defendants have provided varying payoff amounts, and refuse to provide a payoff amount, is a CLEAR VIOLATION of Fair Debt Collection Practices Act. It is clear this Court is the only means to prevent this illegal foreclosure sale scheduled for Wednesday, February 6 -as Defendants are operating in BAD FAITH by refusing Plaintiff a payoff amount to prevent the foreclosure sale of her home scheduled for Wednesday, February 6.

24

25

26

27

5.     The extraordinary relief is sought in this application because Defendant Lakeside Plaza seeks to non-judicially foreclose on Plaintiff's home for an amount yet to be validated as required by Fair Debt Collection Practice Act. Defendants have provided Plaintiff many various discrepant quotes from $2,205.22 *See* Exhibit 1 to up to $4,000 (*See* Defendants' Motion to

28

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM OF POINTS & AUTHORITIES, DECLARATION

1  Dismiss Page 6, 23) all without any verification or itemization as <u>required</u> by Fair Debt

2  Collection Practices Act.

3  6.    Plaintiff, upon information and belief contends should this Court grant Plaintiff's

4  Temporary Restraining Order, this Court will also be protecting the interests of 2 security

5  lienholders -  Chase Mortgage and a CALIFORNIA security interest holder, and the interest of

6  Plaintiff's tenant who cannot be displaced by this illegal foreclosure scam.

7       I declare under the penalty of perjury that the foregoing is true and correct, and that this

8  declaration was executed February 5, 2008 in Sunnyvale, California.

9

10  */s/Sheryl Moulton*
    Sheryl Moulton

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM
OF POINTS & AUTHORITIES, DECLARATION

1

## PROOF OF SERVICE

2

I, the undersigned, declare that I am over the age of 18, and am not a party to this action.
3  I am employed by:____ PO Box 223642 Carmel, CA  93922_____

4  _____

5        On the date below I served a copy, with all exhibits, of the following document(s):

6  **<u>EMERGENCY</u> NOTICE OF MOTION AND MOTION FOR RECONSIDERATION,**
**MEMORANDUM OF POINTS & AUTHORITIES, DECLARATION**
7

8  on the interested part in this action by placing a true copy thereof addressed to the following:

9                            **SEE ATTACHED SERVICE LIST**

10  ☒      **BY ELECTRONIC MAIL TRANSMISSION (E-MAIL).** I caused a true copy of the
foregoing document(s) to be transmitted to each of the parties on the attached service list
11      at the email address as last given by that person on any document which he or she has
filed in this action and served upon this office.

12  ☒      **BY ECF.** I caused such documents to be e-filed with the Court which were then served
13      via the ECF filing system.

14  ☐      **BY REGULAR MAIL.** I caused such envelopes to be deposited in the United States
mail, at Reno, Nevada with postage thereon fully prepaid, individually addressed to the
15      parties as indicated on the attached service list. I am readily familiar with the practice of
collection and processing correspondence in mailing. It is deposited with the United
16      States Postal Service each day and that practice was followed in the ordinary course of
business for the service herein attested to. (Fed R. Civ. P. 5(b)(2)(B).
17

18  ☐      **BY FACSIMILE TRANSMISSION.** I caused a true copy of the foregoing document(s)
to be transmitted to each of the parties on the attached service list at the facsimile
19      machine telephone number as last given by that person on any document which he or she
has filed in this action and served upon this office.

20  ☐      **BY PERSONAL SERVICE:** I caused to be delivered such envelope by hand to the
21      addressee(s).

22        I declare under penalty of perjury under the laws of the State of California that the above
is true and correct. Executed on February 5, 2008

23

24                            _____
                              /s/*John Cowell*
25                              John Cowell

26

27

28

_– 21 –_

1

**SERVICE LIST**

2

3   Gayle A. Kern                           Douglas Alson Sears
4   5421 Kietzke Lane, Suite 200            Matheny Sears Linkert & Jaime, LLP
    Reno, Nevada  89511                     3638 American River Drive
5   Email: gaylekern@kernltd.com            Sacramento, CA 95864
                                            Email: dsears@mathenysears.com
6
    Joy Rochelle Graber
7   Attorney at Law
    Lemons Grundy & Eisenberg               Karla J. Diaz
8   6005 Plumas St #300                     Matheny Sears Linkert & Jaime, LLP
    Reno, NV 89519                          3638 American River Drive
9   (SERVED VIA ECF ONLY                    Sacramento, CA 95864
    – NO EMAIL ON FILE WITH COURT)          kdiaz@mathenysears.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EMERGENCY** NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MEMORANDUM
OF POINTS & AUTHORITIES, DECLARATION