JOY R. GRABER, ESQ. (Pro Hac Vice)
NV Bar No. 8092; CA Bar No. 227203
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Third Floor
Reno, Nevada 89519
(775) 786-6868; (775) 786-9716 (fax)
jrg@lge.net

In Association With:

DOUGLAS A. SEARS, ESQ.
CA Bar No. 48646
MATHENY SEARS LINKERT & JAIME LLP
3638 American River Drive
Sacramento, CA 95864
(916) 978-3434

Attorneys for Defendants
Gayle A. Kern and Gayle A. Kern, Ltd.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

\* \* \*

| | |
|---|---|
| SHERYL MOULTON, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>EUGENE BURGER MANAGEMENT, CORPORATION, a California corporation; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; PHIL FRINK & ASSOCIATES, INC.; PHILLIP E. FRINK; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, etc., et al.,<br><br>  Defendants. | Case No. 5:07-cv05861 JW<br><br>MOTION TO STAY DISCOVERY INCLUDING INITIAL DISCOVERY PURSUANT TO FRCivP 26 AND CIVIL L.R. 16 PENDING RESOLUTION OF DISPOSITIVE MOTIONS |

Defendants GAYLE A. KERN and GAYLE A. KERN, LTD. (collectively, "KERN") hereby move this court for an order staying all discovery obligations under Fed.R.Civ.P. 26 and Civil L.R. 16 pending the Court's decision on defendants' motions to dismiss.

///

Motion to Stay Discovery, Including Early Discovery
Initial Discovery Pursuant to FRCP 26 and Civil LR 16
Pending Resolution of Dispositive Motions                                                            Page 1

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

The grounds for this motion are that defendants believe that their motion, and the motion of co-defendants Lakeside Plaza Condominium Association and its individual directors, are dispositive of the entire litigation and, therefore, a stay of discovery will further judicial economy and prevent the parties from unnecessarily engaging in expensive and costly discovery across state lines.

This is a case involving a proper person plaintiff, Sheryl Moulton, who has sued several individuals who are Nevada residents regarding real estate that is located in Nevada. Presently pending before the court are motions to dismiss based upon lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of service and improper venue. A hearing was held in this court on February 5, 2008, to address plaintiff's emergency motion for issuance of a preliminary injunction to prevent the non-judicial foreclosure of her Nevada condominium. The court denied said motion finding that plaintiff had failed to present sufficient evidence to demonstrate the likelihood of success on the merits and noting that several potentially dispositive motions are pending. The hearing on the motions is scheduled for February 25, 2008 at 9:00 a.m. Should the court grant said motions, it would obviate the need to conduct discovery and engage in the initial disclosures. A district court may stay discovery when it is convinced that a plaintiff will be unable to state a claim for relief. *See, Wood v. McEwen*, 644 F2d 797, 801 (9th Cir. 1981).

Defendants submit that there is a significant likelihood that this case will be dismissed based upon the jurisdictional grounds raised by the defendants or that it may be transferred to the District of Nevada where the defendants and subject property are found. Therefore, defendants request a stay of discovery, including a postponement of the initial meeting for early disclosure of documents and preparation of the discovery plan presently scheduled to be conducted on or before February 20, 2008, pursuant to the Order Setting Initial Management Conference.

///

///

///

///

///

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

Motion to Stay Discovery, Including Early Discovery
Initial Discovery Pursuant to FRCP 26 and Civil LR 16
Pending Resolution of Dispositive Motions

Page 2

1  There is no prejudice to the plaintiff in temporarily staying discovery until disposition of a pending motion by the court, particularly since the emergency which brought the parties before the court on February 5, 2008, has apparently subsided.[1]

Therefore, defendants respectfully request that this court enter an order staying discovery at this time pending the ultimate disposition of defendants' motion to dismiss.

DATED this 6th day of February, 2008.

        LEMONS, GRUNDY & EISENBERG
        In Association with MATHENY SEARS
        LINKERT & JAIME LLP

        By: /s/ Jay Graber
        JOY R. GRABER (Pro Hac Vice)

        Attorneys for Defendants
        GAYLE A. KERN and
        GAYLE A. KERN, LTD.

---

[1] Notwithstanding plaintiff's claims of indigency, lack of knowledge of the amounts due to Lakeside Plaza, and lack of cooperation by Lakeside Plaza to postpone the foreclosure, on February 4, 2008, plaintiff had obtained a cashier's check for the amount of $4,094.95 and, upon receiving this court's ruling on February 5, 2008, had the check delivered to Phil Frink & Associates, the company engaged to complete the foreclosure. Unfortunately, she made a number of notations on the check, causing the check to be returned to her for reissuance without the objectionable notations. Lakeside Plaza, through its counsel, has agreed to refrain from completing the foreclosure to allow Ms. Moulton to tender the funds. Attached as Exhibit 1 is letter from Gayle Kern to Sheryl Moulton dated February 5, 2008, to which is attached a copy of the February 4, 2008 cashier's check.

Motion to Stay Discovery, Including Early Discovery
Initial Discovery Pursuant to FRCP 26 and Civil LR 16
Pending Resolution of Dispositive Motions        Page 3

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

# EXHIBIT 1

# EXHIBIT 1

# GAYLE A. KERN, LTD.

ATTORNEYS AT LAW

GAYLE A. KERN, ESQ.
MEMBER OF THE BARS OF NEVADA AND CALIFORNIA
gaylekern@kernltd.com

SARAH V. CARRASCO, ESQ.
MEMBER OF THE BARS OF NEVADA AND ARIZONA
sarahcarrasco@kernltd.com

5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511

TELEPHONE: (775) 324-5930
FACSIMILE: (775) 324-6173

February 5, 2008

VIA TELEFAX [1-313-731-4128] AND FIRST CLASS MAIL

Sheryl Moulton
225 Crossroads Blvd. #164
Carmel, CA 93923

    Re:    *Lakeside Plaza Condominium Association*
            Lot #366

Dear Ms. Moulton:

      Contrary to your representations to the Court that you did not have sufficient funds and did not know the amount to pay to stop the foreclosure, you caused to be delivered to Mr. Frink today at approximately 11:55 a.m. a cashiers check in the amount of $4,094.95. This check was drawn February 4, 2008 and is in the exact amount that you were provided by Mr. Frink on or about January 31, 2008 and again on February 1, 2008. A copy of the tendered check is enclosed. Unfortunately, you have placed language on the check that is unacceptable. While we appreciate that you may reserve your rights to allege that there is a dispute in the debt and allege a violation of the Fair Debt Collection Practices Act, we will not be put in the position of negotiating a check with the language you included and facing an assertion that the negotiation of the check constitutes our agreement that the statements made are in any way truthful. Accordingly, as you undoubtedly have been advised, the check was returned to your messenger.

      You are aware that the February assessment and the special assessment for legal fees are now due. You will be afforded the normal grace periods to pay those assessments, but the Association will not put itself into a position of facing an argument from you that because you wrote "Paid in Full" on your tender that those assessments are somehow waived. If you acknowledge your responsibility to pay the February assessment on or before February 10, 2008, the special assessment on or before March 11, 2008, and all monthly assessments thereafter then there is no problem with the payment of the $4,094.95 that you were advised to pay. Of course, had you tendered a check without all of the language that you included, it could have been accepted and the foreclosure cancelled. It is unfortunate that you chose not to do that. We will, however, afford you one more

February 5, 2008
Page 2

opportunity to do so. If you pay the sum of $4,094.95 in certified funds or an official check, without any restrictive language, on or before February 7, 2008, the foreclosure will be cancelled. Mr. Frink has waived the $50.00 continuance charge of Phil Frink & Associates. We will continue the foreclosure sale to 10:00 a.m. on February 8, 2008. In addition, please be advised that the Association will not release you from any ongoing requirements for payment of your assessments and that includes the February assessment, late fees and special assessment due in the amount of $368.39.

In addition and pursuant to the discussion at the hearing conducted on February 5, 2008, I provide the following information. This will confirm that the Court denied your request to stop the foreclosure sale. As you have been informed on numerous occasions, you owe the Association for the failure to pay the assessments that have been lawfully assessed against all owners in the Association. It is my understanding that you misrepresented to the Court that you did not know what you needed to pay to bring your account current and that you did not have sufficient funds.

Although not an exhaustive identification of the many communications you have received, I remind you of the following:

1. June 29, 2006 - Letter from Association president enclosing coupons, the Reserve Assessment and how to pay the Reserve Assessment. (Copy enclosed)

2. On July 7, 2006 you made a payment of $285.07. This included the reserve assessment for that month plus your regular monthly assessment. Indeed, it was the exact amount identified for the Reserve Assessment ($141.98) and the regular assessment ($143.09).

3. On August 9, 2006 you made a payment of $285.07. This included the reserve assessment for that month plus your regular monthly assessment. Indeed, it was the exact amount identified for the Reserve Assessment ($141.98) and the regular assessment ($143.09).

4. EBMC sent several letters regarding your failure to make any Reserve Assessment payments after the August 9 payment was made.

5. February 15, 2007 - my demand letter was sent identifying the amount due to date of the Reserve Assessment as to the monthly payments. You were given an opportunity to pay the sum as of that date current and then continue with the payment plan of making the Reserve Assessment in monthly payments rather than one lump sum. (Copy enclosed)

February 5, 2008
Page 3

6. July 5, 2007 - Notice of Delinquent Assessment recorded and mailed to you by Phil Frink & Associates. (Copy enclosed)

7. August 5, 2007 - 30-day statutory redemption period expires.

8. September 20, 2007 - Notice of Default recorded and mailed to you by Phil Frink & Associates. (Copy enclosed)

9. December 19, 2007 - 90-day statutory time to pay amount due expires.

10. January 16, 2008 - Notice of Sale recorded and mailed to you by Phil Frink & Associates. (Copy enclosed)

As you know, each notice sent to you identified the amount then due. Of course, the sum kept increasing as time went by because of additional expenses and costs incurred. We look forward to having your check delivered to Phil Frink & Associates on or before February 7, 2008.

Very truly yours,

GAYLE A. KERN, LTD.

Gayle A. Kern

Enclosures
c: Client
   Alice Campos Mercado, Esq. w/ enclosures
   Joy Rochelle Graber, Esq. w/ enclosures
   Phil Frink w/enclosures

OFFICIAL CHECK

0014205107

Operator ID: cn04983
Office AU # 11-24 / 12198

PAY TO THE ORDER OF

***LAKESIDE PLAZA***
***CONDOMINIUM ASSOCIATION***

***Four thousand ninety-four dollars and 95 cents***

February 04, 2008

**$4,094.95**

VOID IF OVER US $ 4,094.95

WELLS FARGO & COMPANY/ISSUER
420 MONTGOMERY STREET
SAN FRANCISCO, CA 94163
PAYABLE AT WELLS FARGO BANK, N.A.
FOR INQUIRIES CALL (480) 394-3172

CONTROLLER

*Handwritten on check:* PAID IN FULL — PAID IN PROTEST This payment/payoff is disputed. By FAIR DEBT COLLECTION PRACTICES ACT Burton v. Lakeside Plaza Condo. etal. This collection is a violation of FDCPA (and Rosenthal Collection Practices Act.)

⑈001420510⑈ ⑆121000248⑆ 48⑈ 50534 5⑈

Security Features Included. Details on Back.