GAYLE A. KERN, LTD.
GAYLE A. KERN, ESQ.
NEVADA BAR #1620
CALIFORNIA BAR #131258
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
Telephone (775) 324-5930
Telefax (775) 324-6173
E-mail: gaylekern@kernltd.com

Attorneys for Lakeside Plaza Condominium
   Association; Ulla Christensen, Michael Grady,
    Daniel Joseph, Frank Perau, Rich Svihla, Phillip E. Frink; and
     Phil Frink and Associates, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHERYL MOULTON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; PHIL FRINK & ASSOCIATES, INC.; PHILLIP E. FRINK; GAYLE A KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; MICHAEL GRADY, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500.<br><br>      Defendants.<br>_____/ | Case No. CV07-05861-JW<br><br>DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>Hearing Date: February 25, 2008<br>Hearing Time: 9:00am |

Defendants Lakeside Plaza Condominium Association, Inc. (the "Association" or

"Lakeside Plaza"), Ulla Christensen, Michael Grady, Daniel Joseph, Frank Perau and Rich Svihla (collectively "Board Member Defendants"), Phillip E. Frink and Phil Frink and Associates, Inc. (collectively "Frink"), by and through Gayle A. Kern, Ltd., replies to Plaintiff Sheryl Moulton's ("Moulton") opposition to the two motions to dismiss filed by the Association, Board Member Defendants and Frink and seeks this Court's order dismissing the complaint on file herein with prejudice.

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). This motion is based upon the attached Memorandum of Points and Authorities below and exhibits attached.

DATED this 11th day of February, 2008.

GAYLE A. KERN, LTD.

___/s/_____
GAYLE A. KERN, ESQ.
Attorneys for Defendants Lakeside Plaza Condominium Association, Ulla Christensen, Michael Grady, Daniel Joseph, Frank Perau and Rich Svihla Phillip E. Frink and Phil Frink and Associates, Inc.

### POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS

I. **Introduction**

A. **Procedural History.**

As a result of the Moulton's actions in this case, the procedural posture of this case is confusing. Indeed, it is not even clear if the Association's, Board Member Defendants and Frink motions to dismiss were originally intended to be reviewed at the hearing scheduled for February 25, 2008. Accordingly, this Reply is filed out of an abundance of caution to clarify the issues.

November 20, 2007 - Moulton filed her Complaint. (Doc. #1) Moulton did not properly serve several of the defendants. She failed to serve the corporate entities through the applicable resident agents. She failed to serve Gayle A. Kern. There is no evidence of any type of service on some of the defendants (either defective or otherwise) including Eugene Burger Management

1  Corporation, Eugene J. Burger, Karen Brigg.

2  <u>November 20, 2007</u> - Moulton filed her Motion for Leave to Proceed in forma pauperis. (Doc. #2) Moulton failed to serve any defendant.

3  <u>November 30, 2007</u> - This Court's Order denying motion for leave to Proceed in forma Pauperis and Order denying request for Temporary Restraining Order. (Doc. #9) Moulton did not serve this Order on any defendant.

4  <u>December 10, 2007</u> - Board Member Defendants filed their motion to dismiss. (Doc. #12)

5  <u>December 18, 2007</u> - Clerk sets Board Member Defendants' motion to dismiss for hearing on February 25, 2008. (Doc. #16)

6  <u>December 24, 2007</u> - Moulton files a pleading that wrongfully included numerous motions including a motion to amend complaint; motion for leave to amend opposition; motion to disqualify defendants' legal counsel; motion to strike defendants motion to dismiss or in the alternative opposition to motion to dismiss. (Doc. #18)

7  <u>December 26, 2007</u> - Defendants Gayle A. Kern, Ltd. And Gayle A. Kern filed their Motion to quash service, motion to dismiss for insufficiency of service, motion to dismiss for lack of jurisdiction, motion for improper venue and motion in joinder of Board Member Defendants Motion to Dismiss. (Doc. #19) Hearing originally scheduled for January 28, 2008 and later continued to February 25, 2008. (Doc. #39)

8  <u>December 26, 2007</u> - Association and Frink filed their motion to dismiss. (Doc. #20) Hearing scheduled for February 25, 2008.

9  <u>January 4, 2008</u> - Court's Order granting motion to amend complaint and ordering Moulton to file the amended complaint on or before January 19, 2008. The Court denied all currently pending motions to dismiss and vacated the hearing dates. The Motion to Quash Service filed by defendant Gayle A. Kern, Ltd. remained on calendar. (Doc. #40)

10  <u>January 9, 2008</u> - Moulton opposes the motion to quash service and opposes the joinder in the motions to dismiss. (Doc. #42)

11  <u>January 16, 2008</u> - Moulton files an emergency motion for extension of time to comply

with the January 4 order of the Court. (Doc. #46)

<u>January 19, 2008</u> - Moulton fails to comply with the Court's January 4 order.

<u>January 31, 2008</u> - Moulton files an Amended Emergency Ex-parte Motion for Temporary Restraining Order claiming in part that she has insufficient funds and does not know what funds to pay in order to stop the scheduled foreclosure sale. (Doc. #48)

<u>January 31, 2008</u> - Moulton, despite not filing the amended complaint she was ordered to do obtains a default as to defendant Kevin Berg. (Doc. #49)

<u>February 1, 2008</u> - Court's Order denying motion for temporary restraining order and setting hearing for February 5, 2008. (Doc. #51)

<u>February 4, 2008</u> - Gayle A. Kern, Ltd. and Gayle A. Kern file their reply to opposition to motion to quash service, motion to dismiss for insufficient of service, motion for lack of jurisdiction and motion for improper venue. (Doc. #53)

<u>February 4, 2008</u> - Moulton obtains an Official Check in the amount of $4,094.95 despite representing to the Court that she did not have sufficient funds to pay the amount due and did not know the amount due.

<u>February 5, 2008</u> - Court's minute order denying motion for preliminary injunction. (Doc. #57)

<u>February 5, 2008</u> - Moulton requests reconsideration of Court's Order denying motion and alleges that she still does not know the amount to pay and does not have sufficient funds. (Doc. #58)

<u>February 5, 2008</u> - Court denies Moulton'sMotion for reconsideration. (Doc. #59)

**B.    Facts.**

Similarly, as a result of the misrepresentations made in the various pleadings and at the hearing conducted on February 5, 2008, it is important to re-visit the facts. The Court may very well choose to address the conduct of Plaintiff as well.

Sheryl Moulton owns a condominium in the Lakeside Plaza Condominium Association. This real property is in Washoe County, Nevada. Although she claims that she does not reside in this condominium, she does assert that she is receiving worker's compensation from the State of

4

Nevada. Lakeside Plaza is a common-interest community run by its board of directors. It is subject to Chapter 116 of the Nevada Revised Statutes.

The condominium is a form of property ownership in which the unit owner retains an exclusive fee interest in his individual unit in addition to an undivided interest with all other unit owners in the condominium's common areas and facilities. NRS § 116.110325. The entire relationship between the Association, Frink and Ms. Moulton is governed by Nevada law and no federal law is applicable. In that the Fair Debt Collection Practices Act does not apply to the creditor (and board members of the creditor), this Court simply has no jurisdiction to be reviewing the assessment made to fund the reserves as required by Nevada law for a Nevada condominium. An arbitrator in the State of Nevada has entered his Award finding the Association's reserve Assessment was proper and lawful. *See* Motion to Dismiss, Exhibit "D." This Court simply has no jurisdiction to be reviewing the assessment and pending foreclosure based on the assessment that was imposed by the Lakeside Plaza Condominium Association to fund the reserves as required by Nevada law for a Nevada condominium. Accordingly, this case must be dismissed as to the Board Member Defendants, the Association and Frink.

Following the filing of the Motion to Dismiss, the foreclosure sale was scheduled. Moulton made the false representations to this Court that she did not have sufficient funds to pay the amount due and that she did not know what amount to pay. These representations were made in court filings and in person at the hearing of her emergency motion conducted on February 5. In fact, she did have sufficient funds as evidenced by her having an official check hand delivered to the foreclosure office that she had obtained on February 4, 2008. The hand delivery was effected approximately an hour after this Court held its emergency hearing, but she already had the check. She deliberately did not truthfully inform the Court of this fact. In addition, the check was in the exact amount of the demand that she received on January 31 and February 1. She also falsely represented the history that led up to the foreclosure sale. A copy of a letter sent by the Association through its attorney is attached as Exhibit "E". This also demonstrates that Moulton's motion for reconsideration contained misrepresentations. If the Court compares the Exhibit 6 provided by Moulton with the actual check that was tendered, the Court will note that the restrictive language

Moulton placed on the check was withheld from the Court.

As noted in the letter sent to Moulton on February 5, 2008, the check tendered was not accepted because of the restrictive language. *See* Exhibit "E." Thereafter, Moulton appeared in person on February 6, 2008 with a cashier's check without any restrictive language and the sale was vacated. *See* Exhibits "F," "G," and "H". Despite this fact and in a continuing pattern of falsely representing what has occurred, Moulton sent another letter that included the repeated request to be advised as to who the creditor is. *See* Exhibit "I". In response, another letter was sent to Moulton. *See* Exhibit "J." It is painfully apparent when one wades through the mass of paperwork and communications from Moulton that she refuses to accurately and truthfully provide the facts. She deliberately misstates what has occurred and deliberately withholds information in an effort to paint a picture that is pure fiction.

## II. Facts Relevant to Motion to Dismiss

Moulton's numerous pleadings fail to support a denial of the Motion to Dismiss. Moulton's commencement of this action in this Court was without jurisdiction and legal basis. There is no dispute that Association simply sought to collect a special reserve assessment as to all of its members of the Lakeside Plaza Condominium Association. Moulton chose not to pay and the Association, in accordance with Nevada law, commenced non-judicial foreclosure. *See* NRS 116.3116 *et seq.* Moulton does not offer any cogent facts that would confer jurisdiction on this Court to evaluate such action.

The Board's decision to fund the reserves as mandated by the reserve study was a proper exercise of the Board's power. The decision cannot be reviewed by this Court. More importantly, there is no jurisdiction to review the collection of that reserve assessment.

By purchasing her condominium in Reno, Nevada, Moulton subjected herself to the laws of the state of Nevada. She continues to avail herself of the privileges of Nevada law. She alleges that she collects worker's compensation benefits, she still owns her condominium. She was in Reno as recently as February 6, 2008. Her real property, which forms the basis of her claims, is in Reno, Nevada. The Board Member Defendants, all residents of Nevada, conduct their business as members of the board of directors in Reno, Washoe County, Nevada. All of the corporations

6

that have made an appearance are Nevada corporations with a resident agent of Gayle A. Kern. As noted, Gayle A. Kern was not personally served as resident agent or on her own with a single summons and complaint. The special reserve assessment was made in order to repair, replace and maintain the major components of the common elements of Lakeside Plaza, a condominium association in Reno, Washoe County, Nevada. There is absolutely no jurisdiction for this matter in San Jose, California.

### III.  Discussion

   A.  **This Court does not have jurisdiction over the Board Member Defendants, the Association or Frink.**

   1.  **This Court lacks jurisdiction over the Board Member Defendants, Lakeside Plaza and Frink on any alleged claim arising under the Fair Debt Collection Practices Act.**

As a matter of law, the creditor cannot be sued under the Fair Debt Collection Act ("FDCPA"). 15 U.S.C. 1692a(6)(a). A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir.2004). A debt collector's principal business is the collection of debts or is one who regularly collects debts. 15 U.S.C. § 1692a(6). Moulton offers no cogent argument in opposition to this assertion. Rather, Moulton simply argues that there was no identification of the debt, therefore she has presented a viable cause of action. Not only does the law not support a cause of action against the Board Member Defendants, Lakeside Plaza and Frink for such action even if true, the facts are directly contrary. Moulton received notice after notice of the amount due. There is no question that the amount increased as a result of the passage of time, but that is not indicative of any action giving rise to a viable action under the FDCPA.

Based on the uncontroverted authority in the Motion to Dismiss, as a matter of law, the FDCPA cannot establish the jurisdiction of this Court as to the Board Member Defendants, Frink or the Association. Frink is not collecting a debt. Frink is conducting a foreclosure pursuant to NRS 116.3116 *et seq.* The Association and its Board of Directors, as the creditor, is simply collecting the assessment that Moulton refused to pay.

///

**2.     This Court lacks jurisdiction under the Racketeer Influenced Corrupt Organizations Act.**

Moulton's Complaint is vague and illusive as to any claims that would arise under the Racketeer Influenced Corrupt Organizations Act. The RICO statutes have absolutely no application to the facts of this case. That statute requires the existence of predicate criminal acts - acts that are crimes under federal law. Moulton does not allege - nor are there any - alleged federal criminal actions by the Board Member Defendants, the Association and Frink.

**3.     The Court lacks jurisdiction under 28 U.S.C. 1367.**

Once again, Moulton fails to raise any cogent argument that would support a finding of jurisdiction under 28 U.S.C. §1367. In that the Court lacks jurisdiction under the alleged federal question claims, there is certainly no compelling reason to exercise supplemental jurisdiction. Even if Moulton could assert jurisdiction under the federal questions statutes she cites, Moulton fails to establish that the claim raises a novel or complex issue of state law, substantially pre-dominates over the claim of which the court has original jurisdiction, the court has dismissed all the claims of which it has original jurisdiction, or in exceptional circumstances when there are other compelling reasons for declining jurisdiction. *ACRI v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997). In that The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7, 108 S. Ct. at 619 n.7, 98 L. Ed. 2d at 730 n.7.

In this case, we have purely state court claims against the Board Member Defendants, the Association and Frink. This Court should not exercise jurisdiction over residents of Nevada simply because Moulton asserts she lives in California. The subject of the alleged controversy is a condominium in Reno Nevada against which an assessment of less than $4,000 has been made to fund the reserves of that Association. This Court cannot force the Board Member Defendants, the Association or Frink to defend this action in a federal court in California. The case must be dismissed with prejudice against the Board Member Defendants, the Association and Frink.

**IV.     Venue is not appropriate in this Court.**

Even if the Court declines to dismiss the complaint with prejudice against the Board Member Defendants, the Association and Frink, there is no basis for this action pending in California. The real property owned by Moulton is in Reno, Nevada. The Association is a Nevada corporation and does no business in California. Frink, the individual, is a resident of Reno, Nevada and the corporation is a Nevada corporation. On information and belief, all of the individual members are residents of Nevada.

Federal law provides that where a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found. *See* 28 U.S.C. § 1391(b). In this case, Frink, the individual, resides in Washoe County, Nevada. Indeed, all individually named defendants are believed to reside in Nevada. The real property is in Reno, Washoe County, Nevada. The pending foreclosure is in Reno, Washoe County, Nevada. All board meetings of the Association are conducted in Reno, Washoe County, Nevada. Frink, the corporation, is a Nevada corporation. The Association is a Nevada corporation. There is not a single fact regarding Moulton's claims that have anything to do with California. Accordingly, because venue is not appropriate, this Court should dismiss this action as to all defendants in accordance with 28 U.S.C. § 1406(a).

### IV. Conclusion

This case is brought in bad faith in California for a condominium in Reno, Nevada and not supported by a single fact or law that would allow it to continue. The Board Member

///
///
///
///
///

Defendants, Lakeside Plaza and Frink respectfully request that this Court grant the motion to dismiss.

DATED this 11th day of February, 2008.

GAYLE A. KERN, LTD.

_/s/_
Gayle A. Kern, Esq.
Attorneys for Defendants Lakeside Plaza Condominium Association, Ulla Christensen, Michael Grady, Daniel Joseph, Frank Perau and Rich Svihla Phillip E. Frink and Phil Frink and Associates, Inc.

GAYLE A. KERN, LTD.
5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511
TELEPHONE (775) 324-5930

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the law offices of Gayle A. Kern, Ltd., and that on the 11th day of February, 2008, I served the foregoing document(s) described as follows:

**DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On the party(s) set forth below by:

> Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

Notice has been electronically mailed to:

Sheryl Moulton   sherrym@internetvideo.com, ideasvc@hotmail.com, legal@internetvideo.com

Douglas Alson Sears    dsears@mathenysears.com, kdiaz@mathenysears.com

Joy Rochelle Graber    Jrg@lge.net

Dated this 11th day of February, 2008.

/s/
GAYLE A. KERN