# EXHIBIT "E"

EXHIBIT "E"

# GAYLE A. KERN, LTD.

ATTORNEYS AT LAW

GAYLE A. KERN, ESQ.
MEMBER OF THE BARS OF NEVADA AND CALIFORNIA
gaylekern@kernltd.com

SARAH V. CARRASCO, ESQ.
MEMBER OF THE BARS OF NEVADA AND ARIZONA
sarahcarrasco@kernltd.com

5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511

TELEPHONE: (775) 324-5930
FACSIMILE: (775) 324-6173

February 5, 2008

VIA TELEFAX [1-313-731-4128] AND FIRST CLASS MAIL

Sheryl Moulton
225 Crossroads Blvd. #164
Carmel, CA 93923

      Re:    *Lakeside Plaza Condominium Association*
             Lot #366

Dear Ms. Moulton:

      Contrary to your representations to the Court that you did not have sufficient funds and did not know the amount to pay to stop the foreclosure, you caused to be delivered to Mr. Frink today at approximately 11:55 a.m. a cashiers check in the amount of $4,094.95. This check was drawn February 4, 2008 and is in the exact amount that you were provided by Mr. Frink on or about January 31, 2008 and again on February 1, 2008. A copy of the tendered check is enclosed. Unfortunately, you have placed language on the check that is unacceptable. While we appreciate that you may reserve your rights to allege that there is a dispute in the debt and allege a violation of the Fair Debt Collection Practices Act, we will not be put in the position of negotiating a check with the language you included and facing an assertion that the negotiation of the check constitutes our agreement that the statements made are in any way truthful. Accordingly, as you undoubtedly have been advised, the check was returned to your messenger.

      You are aware that the February assessment and the special assessment for legal fees are now due. You will be afforded the normal grace periods to pay those assessments, but the Association will not put itself into a position of facing an argument from you that because you wrote "Paid in Full" on your tender that those assessments are somehow waived. If you acknowledge your responsibility to pay the February assessment on or before February 10, 2008, the special assessment on or before March 11, 2008, and all monthly assessments thereafter then there is no problem with the payment of the $4,094.95 that you were advised to pay. Of course, had you tendered a check without all of the language that you included, it could have been accepted and the foreclosure cancelled. It is unfortunate that you chose not to do that. We will, however, afford you one more

February 5, 2008
Page 2

opportunity to do so. If you pay the sum of $4,094.95 in certified funds or an official check, without any restrictive language, on or before February 7, 2008, the foreclosure will be cancelled. Mr. Frink has waived the $50.00 continuance charge of Phil Frink & Associates. We will continue the foreclosure sale to 10:00 a.m. on February 8, 2008. In addition, please be advised that the Association will not release you from any ongoing requirements for payment of your assessments and that includes the February assessment, late fees and special assessment due in the amount of $368.39.

In addition and pursuant to the discussion at the hearing conducted on February 5, 2008, I provide the following information. This will confirm that the Court denied your request to stop the foreclosure sale. As you have been informed on numerous occasions, you owe the Association for the failure to pay the assessments that have been lawfully assessed against all owners in the Association. It is my understanding that you misrepresented to the Court that you did not know what you needed to pay to bring your account current and that you did not have sufficient funds.

Although not an exhaustive identification of the many communications you have received, I remind you of the following:

1.    June 29, 2006 - Letter from Association president enclosing coupons, the Reserve Assessment and how to pay the Reserve Assessment. (Copy enclosed)

2.    On July 7, 2006 you made a payment of $285.07. This included the reserve assessment for that month plus your regular monthly assessment. Indeed, it was the exact amount identified for the Reserve Assessment ($141.98) and the regular assessment ($143.09).

3.    On August 9, 2006 you made a payment of $285.07. This included the reserve assessment for that month plus your regular monthly assessment. Indeed, it was the exact amount identified for the Reserve Assessment ($141.98) and the regular assessment ($143.09).

4.    EBMC sent several letters regarding your failure to make any Reserve Assessment payments after the August 9 payment was made.

5.    February 15, 2007 - my demand letter was sent identifying the amount due to date of the Reserve Assessment as to the monthly payments. You were given an opportunity to pay the sum as of that date current and then continue with the payment plan of making the Reserve Assessment in monthly payments rather than one lump sum. (Copy enclosed)

February 5, 2008
Page 3

6.    July 5, 2007 - Notice of Delinquent Assessment recorded and mailed to you by Phil
      Frink & Associates. (Copy enclosed)

7.    August 5, 2007 - 30-day statutory redemption period expires.

8.    September 20, 2007 - Notice of Default recorded and mailed to you by Phil Frink &
      Associates. (Copy enclosed)

9.    December 19, 2007 - 90-day statutory time to pay amount due expires.

10.   January 16, 2008 - Notice of Sale recorded and mailed to you by Phil Frink &
      Associates. (Copy enclosed)

      As you know, each notice sent to you identified the amount then due.  Of course, the sum
kept increasing as time went by because of additional expenses and costs incurred.  We look forward
to having your check delivered to Phil Frink & Associates on or before February 7, 2008.

                              Very truly yours,

                              GAYLE A. KERN, LTD.

                              Gayle A. Kern

Enclosures
c:  Client
     Alice Campos Mercado, Esq. w/ enclosures
     Joy Rochelle Graber, Esq. w/ enclosures
     Phil Frink w/enclosures

00142     11-24
Office AU #     121(0|8)

Operator I.D.: cu008183     cu001971

PAY TO THE ORDER OF

***LAKESIDE PLAZA***
***CONDOMINIUM ASSOCIATION***

***Four thousand ninety-four dollars and 95 cents***

WELLS FARGO & COMPANY ISSUER
420 MONTGOMERY STREET
SAN FRANCISCO, CA 94163
PAYABLE AT WELLS FARGO BANK, N.A.
FOR INQUIRIES CALL (480) 394-3122

**OFFICIAL CHECK**

0014205107

February 04, 2008

**$4,094.95**

VOID IF OVER US $ 4,094.95

CONTROLLER

PAID IN FULL ~ PAID IN PROTEST
This payment/payoff is disputed.
Per FAIR DEBT COLLECTION PRACTICES Act
Peyton v. Lakeside Plaza Condo Ltd.
this collection is a violation of FDCPA.
(Fair Debt Collection Practices Act)

⑈0014205107⑈ ⑆121000248⑆488⑈ 50534 5⑈

Security Features included. Details on Back.

# LAKESIDE PLAZA HOMEOWNER'S ASSOCIATION

June 29, 2006

Dear Homeowners,

Last time we spoke I wrote to you about the Reserve Fund Assessment that was coming up July 1st. Well it is here and I wanted to explain a few things about the assessment and the payment options available to you. You may pay the entire assessment in one payment or spread it out over the next twelve (12) months. Should you desire to make the monthly payments, attached, you will find payment coupons to be included with your payment. Please make sure you include a Reserve Fund Coupon and write on your check that the payment is for the reserve assessment. You must identify the payment as a reserve assessment payment to ensure the proper credit to your account.

Please rest assured that the board understands that this assessment may be a hardship to some members. If that is the case and it creates an unusually heavy burden, please contact the board to discuss what options are available to you.

I have spoken to many members and the majority of those understand the need for the assessment. Not all are happy about it, but, they do understand. If you find you are still unsure or if you have questions, please do not hesitate to ask.

There is a bunch to chat about this month. More and more progress is being made here at the property. The hallway repainting is progressing nicely. The pool is open for the summer. The retaining wall around the pool area is being built as we speak. The final inspections came through this week on the new carports. The upgraded and much needed drainage system for the courtyards will begin next week. By the end of next month we should see all the replanted shrubs, trees and flowers.

The property is going to be a wonderful place to live and visit once again. Please, if you do not live on property, stop by for a visit to see the improvements as they happen.

In an effort to reduce mailing costs and to keep homeowners more informed, the board would like to ask all/any of you that have access to a computer and would like to receive monthly newsletters and other correspondence of the association via email to please notify me and I will add you to the email list. If this is something that you would like to receive, just email me with that request. perau@sbcglobal.net

As long as we are on the subject of computers...please check out the OFFICIAL Lakeside Plaza HOA websites at **lakesideplaza.org & lakesideplaza.net**. These sites are under construction and will continue to grow and improve over the next couple months. Please check back often.

A new issue came up and I would like to address it with all of you. In a recent walk-through of our property with our insurance carrier, the inspector informed me that "CHARCOAL" burning BBQs are not acceptable on the decks and they must be removed.

If one of these BBQs were to cause a fire, our insurance would not cover the loss. So, if you or your tenants have one, please see to it that it is removed ASAP. Electric or gas burning BBQs are completely acceptable on the patios/decks.

Now I would like to get a little bit personal. I am speaking as a single individual and not for the entire board. There are several people here that refer to themselves as the "Friends of Lakeside". Nothing could be further from the truth. These people harass and harangue residents and owners with a single goal in mind and that goal is the utter and complete destruction of your association. You might have been visited by these people or received a flyer on your door or doorstep or car window or maybe even a letter or two in the mail. I believe that every person that owns a unit has a right to be heard and a right to have an opposing opinion to that of mine or the board. What becomes a problem is when people have differences and they become nasty and make up stories or just simply spread untruths. Their goal seems to be the stoppage of the business of the association. That is not just my opinion; it is the opinion of our attorney and at least one member of the Nevada Real Estate Commission. We/you have had to pay ridiculous sums to defend the association and officers of the association against these people. This is required by statute. It is not my desire or the desire of any member of the board to deprive anyone from exercising their right to disagree and file complaints when necessary. But, what is happening right now goes WAY beyond that and it is damaging the entire association. We are talking about only a handful of people. The cost to the association in attorney's fees alone is over $12,000 for the 2005/2006 fiscal year. This same group of people is circulating a petition to remove me from the board and another petition to remove the entire board. I mention this not to sway anyone from signing their petition. That is your right. If enough of you asked, I would step down today. I serve on the board because I feel that I can and do make a difference. I just want to remind you that these people have an agenda that is not a happy one and does not benefit the association.

I am not perfect, no one is. I have, however, done everything in my power to keep you informed and protect your investments here at Lakeside. I am proud of the job I/we have done and we are doing. I welcome any constructive criticism and would be happy to discuss anything with any of you at any time.

There is much being done and even more still to do. If we work together we will be able to accomplish all.

Thank you for your time and attention.

Regards,


Frank
President
Lakeside Plaza HOA
Board of Directors

GAYLE A. KERN, LTD.

ATTORNEYS AT LAW

GAYLE A. KERN, ESQ.
  MEMBER OF THE BARS OF NEVADA AND CALIFORNIA
  gaylekern@kernltd.com

SARAH V. CARRASCO, ESQ.
  MEMBER OF THE BARS OF NEVADA AND ARIZONA
  sarahcarrasco@kernltd.com

5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511

TELEPHONE: (775) 324-5930
FACSIMILE: (775) 324-6173

February 15, 2007

ORIGINAL VIA CERTIFIED MAIL AND
COPY VIA FIRST CLASS MAIL

### *NOTICE OF INTENT TO PROCEED WITH*
### *NOTICE OF DELINQUENT ASSESSMENT*
### *AND FORECLOSURE*

Sheryl Moulton
225 Crossroads Blvd. #164
Carmel, CA 93923

     Re:   *Lakeside Plaza Condominium Association*
          Lot #366

Dear Ms. Moulton:

     I represent the Lakeside Plaza Condominium Association and have been retained by the Board of Directors in connection with that amount of money now due and owing for the special assessment.

     Our records reflect that as of February 1, 2007, you owe the amount of $1,040.24 for the Special Reserve Assessment through February. Unfortunately, you have failed to make arrangements or bring the account current. In addition, you are now responsible for attorney's fees and costs in the amount of $205.00 for a total now due of $1,245.24. Additional amounts accrue each day.

     Pursuant to NRS 116.3116, the Association has a lien on your property. It is my recommendation to my client that if you do not bring this account current, it should either proceed with foreclosure against you or file a lawsuit. In either case, there will be additional amounts due and owing including interest, attorney's fees and foreclosure and/or litigation costs. In addition, you face the possibility of losing your property.

February 15, 2007
Ms. Moulton
Page Two

Your obligations to make the Association's assessments in a timely manner is perfectly clear under the Declaration of Covenants, Conditions & Restrictions of Lakeside Plaza Condominium Association.

Please direct any questions regarding your account to the undersigned. Payment of $1,245.24 must be made to the Lakeside Plaza Condominium Association, care of my address identified above at 5421 Kietzke Lane, Suite 200, Reno, NV 89511.

UNLESS YOU NOTIFY US WITHIN 30 DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, VERIFICATION OF THE DEBT WILL BE OBTAINED AND MAILED TO YOU. ALSO, UPON YOUR REQUEST WITHIN 30 DAYS, YOU WILL BE PROVIDED WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ALL INFORMATION OBTAINED WILL BE USED FOR SUCH PURPOSE.

In addition, you should accept this letter as an INTENT TO PROCEED WITH NOTICE OF DELINQUENT ASSESSMENT AND PROCEED WITH FORECLOSURE.

I sincerely hope that you will resolve this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

GAYLE A. KERN, LTD.

Gayle A. Kern

c: Client

APN: 019-443-16
No. 10318

WHEN RECORDED RETURN TO:
Phil Frink & Associates, Inc.
401 Ryland Street Ste 202
Reno, NV 89502

DOC # 3551545
07/05/2007 02:25:00 PM
Requested By
PHIL FRINK & ASSOCIATES INC
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee: $15.00 RPTT: $0.00
Page 1 of 2



(Space Above for Recorder's Use Only)

## NOTICE OF DELINQUENT ASSESSMENT-CLAIM OF LIEN

Notice is hereby given that Lakeside Plaza Condominium Association hereinafter called Association, formed to provide the maintenance and preservation of the common area of the Association in the County of Washoe, State of Nevada, pursuant to NRS 116.3116 for the services performed which were to be and were actually furnished, used and performed on the said premises, located in the County of Washoe, State of Nevada, more particularly described as follows:

PARCEL 1:

Unit 366-B of Lakeside Plaza, Phase 1, a Condominium , according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, as Tract Map No. 1827.

PARCEL 2:

An undivided 1/191ˢᵗ interest in the Common Areas as shown on the official maps of Lakeside Plaza, Phases I and II, a Condominium, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, under Filing No. 597196, Official Records and under Filing No. 597200, Official Records, Washoe County, Nevada

And that the whole of said real estate upon which the buildings are situate is reasonably necessary for the convenient use and occupancy of said buildings.

That Sheryl A. Moulton, is/are the name(s) of the owner(s) or reputed owners(s) of said property and improvements hereinabove described.

That the prorata assessment and special assessments, if any, which shall constitute a lien against the above described property amount to $143.00 per month, as provided in the COVENANTS, CONDITIONS AND RESTRICTIONS, recorded April 2, 1979, as Document No, 597201 of Official Records of Washoe County, State of Nevada, and any supplements or amendments thereto, and which have been supplied to and agreed to by said owner(s) or reputed owner(s). That the Association has made demand for payment of the total amount due and owing but said sum has not been paid.

That the amount now owing and unpaid totals $1,856.42 as of July 2, 2007 and consists of delinquent assessments in the amount of $286.18, late fees in the amount of $20.00, Attorney fees in the amount of $205.00, Notice and copy charges $68.54, and reserve assessment in the amount of $1,419.79, and increases at the rate of $143.09 per month, plus late charges in the amount of $10.00 per month, plus attorney fees and the fees of the agent of the Managing Body of the Association incurred in connection with the preparation, recording and foreclosure of this lien.

WHEREFORE, the Association, this lien claimant, claims the benefit of laws relating to liens and mechanics upon said property and buildings and other improvements thereon, as above described, upon the land which the same is erected, together with convenient space above the same as may be and for the costs of preparation and recordation of this claim of lien, the whole of said property being reasonably necessary for the proper use and occupancy of said buildings and other improvements situated thereon.

DATED: July 5, 2007

> Phil Frink & Associates, Inc. as Agent
> For the Managing Body of Lakeside Plaza
> Condominium Association
>
> BY: Phillip E. Frink, President

STATE OF NEVADA      )
                     )SS
COUNTY OF WASHOE)

    This instrument was acknowledged before me on July 5, 2007 by Phillip E. Frink.

NOTARY PUBLIC

> LORA LEE OWENS
> Notary Public - State of Nevada
> Appointment Recorded in Washoe County
> No: 02-53252-2 - Expires May 3, 2010

APN: 019-443-16
FORECLOSURE NO. 10318

When recorded mail to:
Phil Frink & Associates, Inc.
401 Ryland Street Ste 202
Reno, NV 89502

DOC # 3576936
09/20/2007 10:30:40 AM
Requested By
STEWART TITLE OF NORTHERN NEVADA
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee: $15.00 RPTT: $0.00
Page 1 of 2



*704289-01*                    (Space Above For Recorder's Use Only)

## NOTICE OF DEFAULT AND ELECTION TO SELL

TO: Sheryl A. Moulton

### WARNING!  IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE!

Pursuant to NRS 116.3116, Phil Frink & Associates, Inc., located at 401 Ryland St., Ste 202, Reno, NV 89502, as Agent for Lakeside Plaza Condominium Association, a non-profit corporation, does hereby give you notice of your default and does hereby elect to sell or cause the sale, to satisfy the obligation owing and arising out of your failure to pay your homeowners association assessments.

The lien of Lakeside Plaza Condominium Association recorded July 5, 2007 as Document No. 3551545 of Official Records of Washoe County, State of Nevada, securing the obligation of the assessments which was a deficiency in the amount of $1,856.42, as of the date of said lien, plus the accruing assessments since that time, late charges, advances, attorney fees and costs of the agent of the Association.

The total due as of this date is $2,663.39.

Pursuant to NRS 116.3316, the sale of the real property situate in the County of Washoe, State of Nevada and being more particularly described as follows:

PARCEL 1:

Unit 366-B of Lakeside Plaza, Phase 1, a Condominium , according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, as Tract Map No. 1827.

PARCEL 2:

An undivided 1/191st interest in the Common Areas as shown on the official maps of Lakeside Plaza, Phases I and II, a Condominium, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, under Filing No. 597196, Official Records and under Filing No. 597200, Official Records, Washoe County, Nevada

will be held if this obligation is not completely satisfied and paid within ninety (90) days from the date of the mailing of this Notice of Default and Election to Sell.

Dated September 19, 2007

Phil Frink & Associates, Inc., as Agent for
Lakeside Plaza Condominium Association

By: Phillip E. Frink, President

STATE OF NEVADA    )
                   )SS
COUNTY OF WASHOE )

LORA LEE OWENS
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No. 02-58252-2 - Expires May 3, 2010

    This instrument was acknowledged before me on September 19, 2007 by Phillip E. Frink as President of Phil Frink & Associates, Inc.

Notary Public



DOC #3611840

01/16/2008 09:46:40 AM
Electronic Recording Requested By
STEWART TITLE RENO
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee: $15.00  RPTT: $0
Page 1 of 2

APN: 019-443-16
No. 10318

When recorded return to:
Phil Frink & Associates, Inc.
401 Ryland St., Ste 202
Reno, Nv 89502
704289-01

## NOTICE OF CONDOMINIUM HOMEOWNERS ASSOCIATION SALE

**WARNING! A SALE OF YOUR PROPERTY IS IMMINENT! UNLESS YOU PAY THE AMOUNT SPECIFIED IN THIS NOTICE BEFORE THE SALE DATE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE. YOU MUST ACT BEFORE THE SALE DATE. IF YOU HAVE ANY QUESTIONS, PLEASE CALL PHIL FRINK AT 775-324-2567. IF YOU NEED ASSISTANCE PLEASE CALL THE FORECLOSURE SECTION OF THE OMBUDSMAN'S OFFICE, AT 877-829-9907 IMMEDIATELY.**

Owners name(s)/reputed owners name(s): Sheryl A. Moulton

On February 6, 2008, at 10:45 o'clock A.M., Phil Frink & Associates, Inc., under and pursuant to the Notice of Claim of Lien, dated July 5, 2007, executed by Phil Frink & Associates, Inc. as Agent for Lakeside Plaza Condominium Association, such lien being properly assessed and recorded pursuant to NRS 116.3116 on July 5, 2007, as Document No. 3551545, of Official Records of Washoe County, State of Nevada in favor of Lakeside Plaza Condominium Association, by reason of the breach of assessment obligation secured thereby, a Notice of Default and Election to Sell was recorded September 20, 2007, as Document No. 3576936, of Official Records of Washoe County, State of Nevada, will sell at public auction to the highest bidder, lawful money of the United States of America, at the Virginia Street entrance of the Washoe County Courthouse located at the corner of Court Street and Virginia Street, Reno, Nevada, without covenant or warrant expressed or implied, regarding title, possession or encumbrances, all right, title and interest of the owner, without equity or right of redemption, the real property situate in the County of Washoe, State of Nevada, described as follows:

PARCEL 1:

Unit 366-B of Lakeside Plaza, Phase 1, a Condominium , according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, as Tract Map No. 1827.

PARCEL 2:

An undivided 1/191st interest in the Common Areas as shown on the official maps of Lakeside Plaza, Phases I and II, a Condominium, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, under Filing No. 597196, Official Records and under Filing No. 597200, Official Records, Washoe County, Nevada

for the purpose of satisfying the assessment obligation secured by said assessment lien, to wit: $2,205.22, plus late charges interest, any subsequent assessments, fees, charges and expenses, advances and costs of the Homeowners Association or it's Agent, under the terms of the assessment lien.

Dated: January 14, 2008

Phil Frink & Associates, Inc., as Agent for Lakeside Plaza Condominium Association

BY: Phillip E. Frink, President

---

DO NOT PUBLISH BELOW THIS LINE

Land Situate in the Reno Judicial Township
Publish Notice of Condominium Homeowners Association Sale in the Reno Gazette Journal
Three times on: January 16, 2008; January 23, 2008 and January 30, 2008

State of Nevada        )
                       )SS
County of Washoe       )

**CJ GALLIO-HEDDY**
Notary Public, State of Nevada
Appointment Recorded in Washoe County
No: 99-58044-2 - Expires Sept. 8, 2011

    This instrument was acknowledged before me on January 14, 2008
by Phillip E. Frink.

NOTARY PUBLIC

EXHIBIT "F"

EXHIBIT "F"

# TRUST ACCOUNT RECEIPT

FILE NO: 10318

### PHIL FRINK & ASSOCIATES, INC
401 Ryland St. Ste 202
Reno, NV 89502

DATE: February 6, 2008

### HERITAGE BANK OF NEVADA
Reno, Nevada

AMOUNT: $4094.95

REMITTED BY: Sheryl Moulton

Type of funds: Cashier's Check
Funds Bank Name: WFB
Funds Bank ABA:
Funds Bank Account:
Funds Check Number: 0227122801
Prepared by: Phil Frink

---

02271     11-24
Office AU #     1210(8)

perator I.D.:   reno2238          reno2238

**OFFICIAL CHECK**

0227122801

February 06, 2008

PAY TO THE ORDER OF     ***PHIL FRINK AND ASSOCIATES***
***RE: LAKESIDE PLAZA CONDO ASSOC.***

***Four thousand ninety-four dollars and 95 cents***

**$4,094.95**

VOID IF OVER US $  4,094.95

*Richard Leang*
CONTROLLER

WELLS FARGO & COMPANY ISSUER
420 MONTGOMERY STREET
SAN FRANCISCO, CA 94163
PAYABLE AT WELLS FARGO BANK, N.A
FOR INQUIRIES CALL (480) 394-3122

# EXHIBIT "G"

# EXHIBIT "G"

WHEN RECORDED RETURN TO:
Phil Frink & Associates, Inc.
401 Ryland Street Ste 202
Reno, NV 89502

APN 019-443-16
No. 10318

| | (Space Above for Recorder's Use Only) |

# RELEASE OF CLAIM OF LIEN

Owner's name(s) or reputed owner's name(s): Sheryl A. Moulton

The Claim of Lien executed by Phil Frink & Associates, Inc. as Agent for the Managing Body of Lakeside Plaza Condominium Association and affecting the following described property situate in the County of Washoe, State of Nevada, and being more particularly described as follows:

PARCEL 1:
Unit 366-B of Lakeside Plaza, Phase 1, a Condominium , according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, as Tract Map No. 1827.

PARCEL 2:
An undivided $1/191^{st}$ interest in the Common Areas as shown on the official maps of Lakeside Plaza, Phases I and II, a Condominium, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, under Filing No. 597196, Official Records and under Filing No. 597200, Official Records, Washoe County, Nevada

and recorded July 5, 2007, as Document No. 3551545, of Official Records of Washoe County, State of Nevada, is hereby released.

DATED: February 6, 2008

CJ GALLIO-HEDDY
Notary Public, State of Nevada
Appointment Recorded in Washoe County
No: 99-58044-2 - Expires Sept. 8, 2011

Phil Frink & Associates, Inc. as Agent
For the Managing Body of Lakeside Plaza
Condominium Association

BY: Phillip E. Frink, President

STATE OF NEVADA    )
                   )SS
COUNTY OF WASHOE)

This instrument was acknowledged before me on February 6, 2008 by Phillip E. Frink.

NOTARY PUBLIC

# EXHIBIT "H"

# EXHIBIT "H"

APN: 019-443-16
NO: 10318

When Recorded Mail To:
Phil Frink & Associates, Inc.
401 Ryland Street Ste 202
Reno, NV  89502

_(Space Above for Recorder's Use Only)_

## NOTICE OF RESCISSION OF NOTICE OF DEFAULT
## AND ELECTION TO SELL

TO:  Sheryl A. Moulton

Notice was recorded on September 20, 2007 as Document Number 3576936, in the office of the County Recorder of  Washoe County, State of Nevada.

Notice is hereby given that Lakeside Plaza Condominium Association does hereby rescind, cancel and withdraw said Notice of Default and Election to Sell referred to above; it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default, past, present or future under the Covenants, Conditions and Restrictions recorded April 2, 1979, as Document Number 597201 of Official Records, Washoe County, State of Nevada, or as impairing any right or remedy, thereunder, but is and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Notice, and shall in nowise jeopardize or impair any right, nor alter in any respect any of the terms, covenants, conditions or obligations thereof.

Dated: February 6, 2008

> CJ GALLIO-HEDDY
> Notary Public, State of Nevada
> Appointment Recorded in Washoe County
> No: 99-58044-2 - Expires Sept. 8, 2011

Phil Frink & Associates, Inc., as Agent for
Lakeside Plaza Condominium Association

By: Phillip E. Frink, President

STATE OF NEVADA     )
                    )SS
COUNTY OF WASHOE )

This instrument was acknowledged before me on February 6, 2008 by Phillip E. Frink.

Notary Public

# EXHIBIT "I"

# EXHIBIT "I"



*FROM THE DESK OF:*
Sheryl Moulton
P.O. Box 223581
Carmel, CA 93922
(408) 836-9122 Telephone
(313) 731-4128 Facsimile
sherylmoulton@gmail.com

February 5, 2008

Gayle Kern, Esq.
Gayle Kern, Ltd.
Facsimile: (775) 324-6173
Email: gaylekern@kernltd.com

Dear Mrs Kern,

I am requesting you fax and email the name of payee and the payoff amount of the alleged "debt" in question to me at: (313) 731-4128, sherylmoulton@gmail.com

Foreclosure of my condo is scheduled for tomorrow, as you know, and I have written you several letters requesting this information, and you have yet to provide an itemization and validation of this disputed debt as required by Fair Debt Collection Practices Act. I request that you provide me with the following information:

1) the amount of the debt;
2) an detailed itemization of the debt;
3) the name of the creditor to whom the debt is owed;
4) Provide a verification or copy of any judgment (if applicable);
5) Proof that you are licensed to collect debts in Nevada.

I request the above information be immediately faxed and emailed to me to: fax (313) 731-4128, sherylmoulton@gmail.com

Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. For instance, I know that:

- because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;
- you cannot add interest or fees except those allowed by the original contract or state law.
- you do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency

(CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without validating this debt, I will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA.

If you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

Finally, any action to enforce this illegal debt will be prosecuted to the fullest extent of state and federal laws which will include legal fees, actual, statutory, and punitive damages.

Most sincerely,

Sheryl Moulton

cc: Phil Frink
Phil Frink & Associates, Inc.
401 Ryland St., Ste. 202
Reno, NV  89502
Facsimile (775) 324-9222
Email: philfrinkassoc@sbcglobal.net

EXHIBIT "J"

EXHIBIT "J"

# GAYLE A. KERN, LTD.

### ATTORNEYS AT LAW

GAYLE A. KERN, ESQ.
MEMBER OF THE BARS OF NEVADA AND CALIFORNIA
gaylekern@kernltd.com

SARAH V. CARRASCO, ESQ.
MEMBER OF THE BARS OF NEVADA AND ARIZONA
sarahcarrasco@kernltd.com

5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511

TELEPHONE: (775) 324-5930
FACSIMILE: (775) 324-6173

February 6, 2008

VIA TELEFAX [1-313-731-4128] AND FIRST CLASS MAIL

Sheryl Moulton
225 Crossroads Blvd. #164
Carmel, CA 93923

      Re:   *Lakeside Plaza Condominium Association*
             Lot #366

Dear Ms. Moulton:

      I received your letter of February 5, 2008 purporting to demand information pursuant to the Fair Debt Collection Practices Act. Notwithstanding the inapplicability of the Fair Debt Collection Practices Act in this case, I provide you with the following information in an attempt to resolve this issue once and for all.

      Despite your having received the same information dozens of times and *after* receiving my letter of February 5, 2008, you sent me a letter at approximately 3:30 p.m. dated February 5, 2008 demanding a response. First, please note that there have been communications to you and to an attorney you identified by the name of Ian McPhail, Esq. Your claiming that there have been no responses to your requests is simply not true and your continued and blatant misrepresentations will be brought to the attention of Judge Ware.

- The amount of the assessments (debt) owed to Lakeside Plaza Condominium Association for purposes of the foreclosure: $4,094.95. As you have been advised, you owe the February assessment, special assessment and late fees but will be afforded the normal grace periods for payment of those assessments.
- Breakdown of $4,094.95 from Phil Frink & Associates provided to you on January 31, 2008 and February 1, 2008 is attached. I note you submitted this document to the Court as an exhibit on February 5, 2008. Further breakdown of the lump sum of $2,205.22 is also enclosed.
- The assessments (debt) are owed to Lakeside Plaza Condominium Association.
- I am a licensed attorney in the State of Nevada. As you know, my client is Lakeside Plaza Condominium Association.

      Contrary to your representations to the Court that you did not have sufficient funds and did not know the amount to pay to stop the foreclosure, you caused to be delivered to Mr. Frink today at approximately 11:55 a.m. a cashiers check in the amount of $4,094.95. This check was drawn February 4, 2008 and is in the exact amount that you were provided by Mr. Frink on or about January 31, 2008 and again on February

February 6, 2008
Page 2

1, 2008. A copy of the tendered check is enclosed. Unfortunately, you have placed language on the check that is unacceptable. While we appreciate that you may reserve your rights to allege that there is a dispute in the debt and allege a violation of the Fair Debt Collection Practices Act, we will not be put in the position of negotiating a check with the language you included and facing an assertion that the negotiation of the check constitutes our agreement that the statements made are in any way truthful. Accordingly, as you undoubtedly have been advised, the check was returned to your messenger.

You are aware that the February assessment and the special assessment for legal fees are now due. You will be afforded the normal grace periods to pay those assessments, but the Association will not put itself into a position of facing an argument from you that because you wrote "Paid in Full" on your tender that those assessments are somehow waived. If you acknowledge your responsibility to pay the February assessment on or before February 10, 2008, the special assessment on or before March 11, 2008, and all monthly assessments thereafter then there is no problem with the payment of the $4,094.95 that you were advised to pay. Of course, had you tendered a check without all of the language that you included, it could have been accepted and the foreclosure cancelled. It is unfortunate that you chose not to do that. We will, however, afford you one more opportunity to do so. If you pay the sum of $4,094.95 in certified funds or an official check, without any restrictive language, on or before February 7, 2008, the foreclosure will be cancelled. Mr. Frink has waived the $50.00 continuance charge of Phil Frink & Associates. We will continue the foreclosure sale to 10:00 a.m. on February 8, 2008. In addition, please be advised that the Association will not release you from any ongoing requirements for payment of your assessments and that includes the February assessment, late fees and special assessment due in the amount of $368.39.

In addition and pursuant to the discussion at the hearing conducted on February 5, 2008, I provide the following information. This will confirm that the Court denied your request to stop the foreclosure sale. As you have been informed on numerous occasions, you owe the Association for the failure to pay the assessments that have been lawfully assessed against all owners in the Association. It is my understanding that you misrepresented to the Court that you did not know what you needed to pay to bring your account current and that you did not have sufficient funds.

Although not an exhaustive identification of the many communications you have received, I remind you of the following:

1.    June 29, 2006 - Letter from Association president enclosing coupons, the Reserve Assessment and how to pay the Reserve Assessment. (Copy enclosed)

2.    On July 7, 2006 you made a payment of $285.07. This included the reserve assessment for that month plus your regular monthly assessment. Indeed, it was the exact amount identified for the Reserve Assessment ($141.98) and the regular assessment ($143.09).

3.    On August 9, 2006 you made a payment of $285.07. This included the reserve assessment for that month plus your regular monthly assessment. Indeed, it was the exact amount identified for the Reserve Assessment ($141.98) and the regular assessment ($143.09).

February 6, 2008
Page 3

4.  EBMC sent several letters regarding your failure to make any Reserve Assessment payments after the August 9 payment was made.

5.  February 15, 2007 - my demand letter was sent identifying the amount due to date of the Reserve Assessment as to the monthly payments.  You were given an opportunity to pay the sum as of that date current and then continue with the payment plan of making the Reserve Assessment in monthly payments rather than one lump sum. (Copy enclosed)

6.  July 5, 2007 - Notice of Delinquent Assessment recorded and mailed to you by Phil Frink & Associates. (Copy enclosed)

7.  August 5, 2007 - 30-day statutory redemption period expires.

8.  September 20, 2007 - Notice of Default recorded and mailed to you by Phil Frink & Associates. (Copy enclosed)

9.  December 19, 2007 - 90-day statutory time to pay amount due expires.

10. January 16, 2008 - Notice of Sale recorded and mailed to you by Phil Frink & Associates. (Copy enclosed)

As you know, each notice sent to you identified the amount then due.  Of course, the sum kept increasing as time went by because of additional expenses and costs incurred.  We look forward to having your unaltered and unrestrictive check in the amount of $4,094.95 made payable to Lakeside Plaza Condominium Association delivered to Phil Frink & Associates on or before February 7, 2008.

Very truly yours,

GAYLE A. KERN, LTD.

Gayle A. Kern

Enclosures
c:  Client
    Alice Campos Mercado, Esq. w/ enclosures
    Joy Rochelle Graber, Esq. w/ enclosures
    Phil Frink w/enclosures

# HOMEOWNERS ASSOCIATION DEMAND AND BID STATEMENT

To: Phil Frink & Associates, Inc.
401 Ryland St. Ste 202
Reno, NV 89510

File Number: 10318
HOA: Lakeside Plaza Condo Association
Owner: Moulton
Address: 1000 Beck Street, Unit 366, Reno

TOTAL HOMEOWNERS ASSOCIATION ASSESSMENTS DUE AS OF DATE OF SALE $2,205.22

| | |
|---|---:|
| AGENTS FEE | $ 450.00 |
| PREPARE NOTICE OF CLAIM OF LIEN | $ 50.00 |
| RECORD NOTICE OF CLAIM OF LIEN | $ 16.00 |
| RECORD RESCISSION OF NOTICE OF CLAIM OF LIEN | $ |
| CERTIFIED AND FIRST CLASS MAILING COSTS NOTICE OF LIEN | $ 11.24 |
| PREPARE NOTICE OF DEFAULT | $ 50.00 |
| RECORD NOTICE OF DEFAULT | $ 16.00 |
| RECORD RESCISSION OF NOTICE OF DEFAULT | $ |
| CERTIFIED AND FIRST CLASS MAILING COSTS NOTICE OF DEFAULT | $ 16.86 |
| PRELIMINARY TITLE REPORT | $ 400.00 |
| PREPARE NOTICE OF SALE | $ 50.00 |
| RECORD NOTICE OF SALE | $ 25.00 |
| CERTIFIED AND FIRST CLASS MAILING COSTS NOTICE OF SALE | $ 22.48 |
| POST NOTICE OF SALE | $ 200.00 |
| PUBLICATION COSTS NOTICE OF SALE | $ 382.15 |
| PREPARE BID STATEMENT | $ 50.00 |
| POSTPONE SALE:   POSTPONEMENTS AT $   EACH | $ |
| DATE DOWNS: 2 AT $25.00 EACH | $ 50.00 |
| TRAVEL TO | $ |
| CRY SALE | $ 100.00 |
| PERSONALLY SERVE/POST PROPERTY | $ |
| OTHER COSTS: | |
| | $1,889.73 |
| TOTAL COSTS | |
| | $4,094.95 |
| TOTAL AMOUNT DUE THROUGH 2-6-08 | |

## Association Ledger
## Sheryl A. Moulton (LN) (MOULTON)
## Lakeside Plaza Operating

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| | Balance Forward | | | 0.00 |
| 06/30/07 | Balance 2006 Special Assessment | 1,419.79 | | 1,419.79 |
| 06/30/07 | copies & postage | 12.84 | | 1,432.63 |
| 06/30/07 | Kern 24667 | 102.50 | | 1,535.13 |
| 06/30/07 | June 2007 Fees | 143.09 | | 1,678.22 |
| 06/30/07 | hearing notice | 50.42 | | 1,728.64 |
| 06/30/07 | 2nd notice | 14.64 | | 1,743.28 |
| 06/30/07 | hearing notice | 20.64 | | 1,763.92 |
| 07/01/07 | Fees | 161.68 | | 1,925.60 |
| 08/01/07 | Fees | 161.68 | | 2,087.28 |
| 08/15/07 | July late fee | 10.00 | | 2,097.28 |
| 08/15/07 | chk# 2034 | | 314.77 | 1,782.51 |
| 09/01/07 | Fees | 161.68 | | 1,944.19 |
| 09/25/07 | chk# 2044 | | 161.68 | 1,782.51 |
| 09/25/07 | chk# 2035 | | 161.68 | 1,620.83 |
| 10/01/07 | Fees | 161.68 | | 1,782.51 |
| 10/12/07 | chk# 2046 | | 161.68 | 1,620.83 |
| 11/01/07 | Fees | 161.68 | | 1,782.51 |
| 11/13/07 | chk# 2078 | | 165.00 | 1,617.51 |
| 12/01/07 | Fees | 161.68 | | 1,779.19 |
| 12/11/07 | late fee November 2007 | 10.00 | | 1,789.19 |
| 12/12/07 | Legal fees Gayle Kern Ltd. | 61.50 | | 1,850.69 |
| 12/12/07 | Legal Fees Gayle Kern Ltd 11/27 | 41.00 | | 1,891.69 |
| 12/12/07 | chk# 2054 | | 161.68 | 1,730.01 |
| 01/01/08 | Fees | 161.68 | | 1,891.69 |
| 01/01/08 | reverse Legal fees Gayle Kern 12/12/07 | -61.50 | | 1,830.19 |
| 01/01/08 | reverse Legal Fees Gayle Kern Ltd 11/27 | -41.00 | | 1,789.19 |
| 01/01/08 | Kern June 2007 Attorney Fees | 293.03 | | 2,082.22 |
| 01/01/08 | Kern July 2007 Attorney Fees | 123.00 | | 2,205.22 |

OFFICIAL CHECK

0014205107

February 04, 2008

Operator I.D.: cu001083    cu001971

Office AU #    11-24
00142    12108)

PAY TO THE ORDER OF

***LAKESIDE PLAZA ***
***CONDOMINIUM ASSOCIATION***

***Four thousand ninety-four dollars and 95 cents***

**$4,094.95**

VOID IF OVER US $   4,094.95

WELLS FARGO & COMPANY ISSUER
420 MONTGOMERY STREET
SAN FRANCISCO, CA 94163
PAYABLE AT WELLS FARGO BANK, N.A.
FOR INQUIRIES CALL (480) 394-3122

CONTROLLER

PAID IN FULL~PAID IN PROTEST
This payment/payoff is disputed
Per FAIR DEBT COLLECTION PRACTICES ACT
Moulton v. Lakeside Plaza Condo.etal.
This collection practices violation of FDCPA.
Fair Debt Collection Practices Act.

⑆0014205107⑆ ⑈121000248⑈486⑈ 505345⑈

# LAKESIDE PLAZA HOMEOWNER'S ASSOCIATION

June 29, 2006

Dear Homeowners,

Last time we spoke I wrote to you about the Reserve Fund Assessment that was coming up July 1st. Well it is here and I wanted to explain a few things about the assessment and the payment options available to you. You may pay the entire assessment in one payment or spread it out over the next twelve (12) months. Should you desire to make the monthly payments, attached, you will find payment coupons to be included with your payment. Please make sure you include a Reserve Fund Coupon and write on your check that the payment is for the reserve assessment. You must identify the payment as a reserve assessment payment to ensure the proper credit to your account.

Please rest assured that the board understands that this assessment may be a hardship to some members. If that is the case and it creates an unusually heavy burden, please contact the board to discuss what options are available to you.

I have spoken to many members and the majority of those understand the need for the assessment. Not all are happy about it, but, they do understand. If you find you are still unsure or if you have questions, please do not hesitate to ask.

There is a bunch to chat about this month. More and more progress is being made here at the property. The hallway repainting is progressing nicely. The pool is open for the summer. The retaining wall around the pool area is being built as we speak. The final inspections came through this week on the new carports. The upgraded and much needed drainage system for the courtyards will begin next week. By the end of next month we should see all the replanted shrubs, trees and flowers.

The property is going to be a wonderful place to live and visit once again. Please, if you do not live on property, stop by for a visit to see the improvements as they happen.

In an effort to reduce mailing costs and to keep homeowners more informed, the board would like to ask all/any of you that have access to a computer and would like to receive monthly newsletters and other correspondence of the association via email to please notify me and I will add you to the email list. If this is something that you would like to receive, just email me with that request. perau@sbcglobal.net

As long as we are on the subject of computers...please check out the OFFICIAL Lakeside Plaza HOA websites at lakesideplaza.org & lakesideplaza.net. These sites are under construction and will continue to grow and improve over the next couple months. Please check back often.

A new issue came up and I would like to address it with all of you. In a recent walk-through of our property with our insurance carrier, the inspector informed me that "CHARCOAL" burning BBQs are not acceptable on the decks and they must be removed.

If one of these BBQs were to cause a fire, our insurance would not cover the loss. So, if you or your tenants have one, please see to it that it is removed ASAP. Electric or gas burning BBQs are completely acceptable on the patios/decks.

Now I would like to get a little bit personal. I am speaking as a single individual and not for the entire board. There are several people here that refer to themselves as the "Friends of Lakeside". Nothing could be further from the truth. These people harass and harangue residents and owners with a single goal in mind and that goal is the utter and complete destruction of your association. You might have been visited by these people or received a flyer on your door or doorstep or car window or maybe even a letter or two in the mail. I believe that every person that owns a unit has a right to be heard and a right to have an opposing opinion to that of mine or the board. What becomes a problem is when people have differences and they become nasty and make up stories or just simply spread untruths. Their goal seems to be the stoppage of the business of the association. That is not just my opinion; it is the opinion of our attorney and at least one member of the Nevada Real Estate Commission. We/you have had to pay ridiculous sums to defend the association and officers of the association against these people. This is required by statute. It is not my desire or the desire of any member of the board to deprive anyone from exercising their right to disagree and file complaints when necessary. But, what is happening right now goes WAY beyond that and it is damaging the entire association. We are talking about only a handful of people. The cost to the association in attorney's fees alone is over $12,000 for the 2005/2006 fiscal year. This same group of people is circulating a petition to remove me from the board and another petition to remove the entire board. I mention this not to sway anyone from signing their petition. That is your right. If enough of you asked, I would step down today. I serve on the board because I feel that I can and do make a difference. I just want to remind you that these people have an agenda that is not a happy one and does not benefit the association.

I am not perfect, no one is. I have, however, done everything in my power to keep you informed and protect your investments here at Lakeside. I am proud of the job I/we have done and we are doing. I welcome any constructive criticism and would be happy to discuss anything with any of you at any time.

There is much being done and even more still to do. If we work together we will be able to accomplish all.

Thank you for your time and attention.

Regards,


Frank
President
Lakeside Plaza HOA
Board of Directors

GAYLE A. KERN, LTD.

ATTORNEYS AT LAW

GAYLE A. KERN, ESQ.
    MEMBER OF THE BARS OF NEVADA AND CALIFORNIA
    gaylekern@kernltd.com

SARAH V. CARRASCO, ESQ.
    MEMBER OF THE BARS OF NEVADA AND ARIZONA
    sarahcarrasco@kernltd.com

5421 KIETZKE LANE, SUITE 200
RENO, NEVADA 89511

TELEPHONE: (775) 324-5930
FACSIMILE: (775) 324-6173

February 15, 2007

ORIGINAL VIA CERTIFIED MAIL AND
COPY VIA FIRST CLASS MAIL

## NOTICE OF INTENT TO PROCEED WITH
## NOTICE OF DELINQUENT ASSESSMENT
## AND FORECLOSURE

Sheryl Moulton
225 Crossroads Blvd. #164
Carmel, CA 93923

> Re:   *Lakeside Plaza Condominium Association*
>       Lot #366

Dear Ms. Moulton:

I represent the Lakeside Plaza Condominium Association and have been retained by the Board of Directors in connection with that amount of money now due and owing for the special assessment.

Our records reflect that as of February 1, 2007, you owe the amount of $1,040.24 for the Special Reserve Assessment through February. Unfortunately, you have failed to make arrangements or bring the account current. In addition, you are now responsible for attorney's fees and costs in the amount of $205.00 for a total now due of $1,245.24. Additional amounts accrue each day.

Pursuant to NRS 116.3116, the Association has a lien on your property. It is my recommendation to my client that if you do not bring this account current, it should either proceed with foreclosure against you or file a lawsuit. In either case, there will be additional amounts due and owing including interest, attorney's fees and foreclosure and/or litigation costs. In addition, you face the possibility of losing your property.

February 15, 2007
Ms. Moulton
Page Two


Your obligations to make the Association's assessments in a timely manner is perfectly clear under the Declaration of Covenants, Conditions & Restrictions of Lakeside Plaza Condominium Association.

Please direct any questions regarding your account to the undersigned. Payment of $1,245.24 must be made to the Lakeside Plaza Condominium Association, care of my address identified above at 5421 Kietzke Lane, Suite 200, Reno, NV 89511.

> UNLESS YOU NOTIFY US WITHIN 30 DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, VERIFICATION OF THE DEBT WILL BE OBTAINED AND MAILED TO YOU. ALSO, UPON YOUR REQUEST WITHIN 30 DAYS, YOU WILL BE PROVIDED WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ALL INFORMATION OBTAINED WILL BE USED FOR SUCH PURPOSE.

In addition, you should accept this letter as an INTENT TO PROCEED WITH NOTICE OF DELINQUENT ASSESSMENT AND PROCEED WITH FORECLOSURE.

I sincerely hope that you will resolve this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

GAYLE A. KERN, LTD.

Gayle A. Kern


c: Client

APN: 019-443-16
No. 10318

WHEN RECORDED RETURN TO:
Phil Frink & Associates, Inc.
401 Ryland Street Ste 202
Reno, NV 89502



DOC # 3551545
07/05/2007 02:25:00 PM
Requested By
PHIL FRINK & ASSOCIATES INC
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee: $15.00 RPTT: $0.00
Page 1 of 2

(Space Above for Recorder's Use Only)

## NOTICE OF DELINQUENT ASSESSMENT-CLAIM OF LIEN

Notice is hereby given that Lakeside Plaza Condominium Association hereinafter called Association, formed to provide the maintenance and preservation of the common area of the Association in the County of Washoe, State of Nevada, pursuant to NRS 116.3116 for the services performed which were to be and were actually furnished, used and performed on the said premises, located in the County of Washoe, State of Nevada, more particularly described as follows:

PARCEL 1:

Unit 366-B of Lakeside Plaza, Phase 1, a Condominium , according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, as Tract Map No. 1827.

PARCEL 2:

An undivided 1/191st interest in the Common Areas as shown on the official maps of Lakeside Plaza, Phases I and II, a Condominium, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, under Filing No. 597196, Official Records and under Filing No. 597200, Official Records, Washoe County, Nevada

And that the whole of said real estate upon which the buildings are situate is reasonably necessary for the convenient use and occupancy of said buildings.

That Sheryl A. Moulton, is/are the name(s) of the owner(s) or reputed owners(s) of said property and improvements hereinabove described.

That the prorata assessment and special assessments, if any, which shall constitute a lien against the above described property amount to $143.00 per month, as provided in the COVENANTS, CONDITIONS AND RESTRICTIONS, recorded April 2, 1979, as Document No, 597201 of Official Records of Washoe County, State of Nevada, and any supplements or amendments thereto, and which have been supplied to and agreed to by said owner(s) or reputed owner(s). That the Association has made demand for payment of the total amount due and owing but said sum has not been paid.

That the amount now owing and unpaid totals $1,856.42 as of July 2, 2007 and consists of delinquent assessments in the amount of $286.18, late fees in the amount of $20.00, Attorney fees in the amount of $205.00, Notice and copy charges $68.54, and reserve assessment in the amount of $1,419.79, and increases at the rate of $143.09 per month, plus late charges in the amount of $10.00 per month, plus attorney fees and the fees of the agent of the Managing Body of the Association incurred in connection with the preparation, recording and foreclosure of this lien.

WHEREFORE, the Association, this lien claimant, claims the benefit of laws relating to liens and mechanics upon said property and buildings and other improvements thereon, as above described, upon the land which the same is erected, together with convenient space above the same as may be and for the costs of preparation and recordation of this claim of lien, the whole of said property being reasonably necessary for the proper use and occupancy of said buildings and other improvements situated thereon.

DATED: July 5, 2007

Phil Frink & Associates, Inc. as Agent
For the Managing Body of Lakeside Plaza
Condominium Association

BY: Phillip E. Frink, President

STATE OF NEVADA    )
                   )SS
COUNTY OF WASHOE)

   This instrument was acknowledged before me on July 5, 2007
by Phillip E. Frink.

NOTARY PUBLIC

LORA LEE OWENS
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 02-53252-2 - Expires May 3, 2010

APN: 019-443-16
FORECLOSURE NO. 10318

When recorded mail to:
Phil Frink & Associates, Inc.
401 Ryland Street Ste 202
Reno, NV 89502

DOC # 3576936
09/20/2007 10:30:40 AM
Requested By
STEWART TITLE OF NORTHERN NEVADA
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee:  $15.00 RPTT: $0.00
Page 1 of 2



70428 9-01                    (Space Above For Recorder's Use Only)

## NOTICE OF DEFAULT AND ELECTION TO SELL

TO: Sheryl A. Moulton

## WARNING!  IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE!

Pursuant to NRS 116.3116, Phil Frink & Associates, Inc., located at 401 Ryland St., Ste 202, Reno, NV 89502, as Agent for Lakeside Plaza Condominium Association, a non-profit corporation, does hereby give you notice of your default and does hereby elect to sell or cause the sale, to satisfy the obligation owing and arising out of your failure to pay your homeowners association assessments.

The lien of Lakeside Plaza Condominium Association recorded July 5, 2007 as Document No. 3551545 of Official Records of Washoe County, State of Nevada, securing the obligation of the assessments which was a deficiency in the amount of $1,856.42, as of the date of said lien, plus the accruing assessments since that time, late charges, advances, attorney fees and costs of the agent of the Association.

The total due as of this date is $2,663.39.

Pursuant to NRS 116.3316, the sale of the real property situate in the County of Washoe, State of Nevada and being more particularly described as follows:

PARCEL 1:

Unit 366-B of Lakeside Plaza, Phase 1, a Condominium , according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, as Tract Map No. 1827.

PARCEL 2:

An undivided 1/191st interest in the Common Areas as shown on the official maps of Lakeside Plaza, Phases I and II, a Condominium, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, under Filing No. 597196, Official Records and under Filing No. 597200, Official Records, Washoe County, Nevada

will be held if this obligation is not completely satisfied and paid within ninety (90) days from the date of the mailing of this Notice of Default and Election to Sell.

Dated September 19, 2007

Phil Frink & Associates, Inc., as Agent for
Lakeside Plaza Condominium Association

By: Phillip E. Frink, President

STATE OF NEVADA        )
                       )SS
COUNTY OF WASHOE )

LORA LEE OWENS
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No. 02-53252-2 - Expires May 3, 2010

    This instrument was acknowledged before me on September 19, 2007 by Phillip E. Frink as President of Phil Frink & Associates, Inc.



Notary Public

DOC #3611840
01/16/2008 09:46:40 AM
Electronic Recording Requested By
STEWART TITLE RENO
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee: $15.00 RPTT: $0
Page 1 of 2

APN: 019-443-16
No. 10318

When recorded return to:
Phil Frink & Associates, Inc.
401 Ryland St., Ste 202
Reno, Nv 89502
704/289-01

## NOTICE OF CONDOMINIUM HOMEOWNERS ASSOCIATION SALE

**WARNING! A SALE OF YOUR PROPERTY IS IMMINENT! UNLESS YOU PAY THE AMOUNT SPECIFIED IN THIS NOTICE BEFORE THE SALE DATE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE. YOU MUST ACT BEFORE THE SALE DATE. IF YOU HAVE ANY QUESTIONS, PLEASE CALL PHIL FRINK AT 775-324-2567. IF YOU NEED ASSISTANCE PLEASE CALL THE FORECLOSURE SECTION OF THE OMBUDSMAN'S OFFICE, AT 877-829-9907 IMMEDIATELY.**

Owners name(s)/reputed owners name(s): Sheryl A. Moulton

On February 6, 2008, at 10:45 o'clock A.M., Phil Frink & Associates, Inc., under and pursuant to the Notice of Claim of Lien, dated July 5, 2007, executed by Phil Frink & Associates, Inc. as Agent for Lakeside Plaza Condominium Association, such lien being properly assessed and recorded pursuant to NRS 116.3116 on July 5, 2007, as Document No. 3551545, of Official Records of Washoe County, State of Nevada in favor of Lakeside Plaza Condominium Association, by reason of the breach of assessment obligation secured thereby, a Notice of Default and Election to Sell was recorded September 20, 2007, as Document No. 3576936, of Official Records of Washoe County, State of Nevada, will sell at public auction to the highest bidder, lawful money of the United States of America, at the Virginia Street entrance of the Washoe County Courthouse located at the corner of Court Street and Virginia Street, Reno, Nevada, without covenant or warrant expressed or implied, regarding title, possession or encumbrances, all right, title and interest of the owner, without equity or right of redemption, the real property situate in the County of Washoe, State of Nevada, described as follows:

PARCEL 1:

Unit 366-B of Lakeside Plaza, Phase 1, a Condominium , according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, as Tract Map No. 1827.

PARCEL 2:

An undivided 1/191st interest in the Common Areas as shown on the official maps of Lakeside Plaza, Phases I and II, a Condominium, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 2, 1979, under Filing No. 597196, Official Records and under Filing No. 597200, Official Records, Washoe County, Nevada

for the purpose of satisfying the assessment obligation secured by said assessment lien, to wit: $2,205.22, plus late charges interest, any subsequent assessments, fees, charges and expenses, advances and costs of the Homeowners Association or it's Agent, under the terms of the assessment lien.

Dated: January 14, 2008

Phil Frink & Associates, Inc., as Agent for
Lakeside Plaza Condominium Association

BY:  Phillip E. Frink, President

DO NOT PUBLISH BELOW THIS LINE

Land Situate in the Reno Judicial Township
Publish Notice of Condominium Homeowners Association Sale in the Reno Gazette Journal
Three times on: January 16, 2008; January 23, 2008 and January 30, 2008

State of Nevada        )
                       )SS
County of Washoe       )

> CJ GALLIO-HEDDY
> Notary Public, State of Nevada
> Appointment Recorded in Washoe County
> No: 99-58044-2 - Expires Sept. 8, 2011

    This instrument was acknowledged before me on January 14, 2008 by Phillip E. Frink.

NOTARY PUBLIC