United States District Court
For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9              SAN JOSE DIVISION

10   Sheryl Moulton,                          NO. C 07-05861 JW

11              Plaintiff,              **ORDER GRANTING STAY OF
                                        DISCOVERY**
        v.
12
     Eugene Burger Management Corp., et al.,
13
                Defendants.
14   _____/

15          Sheryl Moulton ("Plaintiff") filed this action against various Defendants[1] alleging, *inter alia,*

16   violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

17          On January 31, 2008, Plaintiff filed an Ex Parte Application for a Temporary Restraining

18   Order to enjoin Defendants from engaging in the foreclosure sale of her property, located in Reno,

19   Nevada. (Docket Item No. 48.) On February 1, 2008, the Court denied Plaintiff's Application for a

20   Temporary Restraining Order, and on February 5, 2008 the Court denied Plaintiff's Motion for a

21   Preliminary Injunction. (Docket Item No. 59.) Presently before the Court is Defendants Gayle A.

22   Kern and Gayle A. Kern Ltd.'s Motion to Stay Discovery. (Docket Item No. 60).

23          Under Federal Rule of Civil Procedure 26(c)(4), "[a] district court may limit discovery 'for

24   good cause,' and may . . . stay discovery" when there are motions to dismiss a plaintiff's complaint

25

26   _____

27          [1]  Defendants are Eugene Burger Management Corporation, Eugene J. Burger, Kevin Berg,
     Karen Brigg, Phil, Frink & Associates, Inc., Phillip E. Frink, Gayle A. Kern, Ltd., Gayle A. Kern,
28   Ulla Christensen, Michael Grady, Daniel Joseph, Frank Perau, Rich Svihla, and Lakeside Plaza
     Condominium Association.

1    under Rule 12 that are potentially case dispositive.  <u>Wood v. McEwen</u>, 644 F.2d 797, 801-802 (9th

2    Cir. 1981).

3    In this case, there are several outstanding Motions to Dismiss that challenge whether the

4    Court has subject matter jurisdiction and well as personal jurisdiction over Defendants.  (Docket

5    Item Nos. 12, 19, 20.)  The motions also challenge whether the Northern District of California is a

6    proper venue for this case.  (<u>Id.</u>)  As the Court noted in its February 5, 2008 Order, these motions are

7    potentially case dispositive.  (<u>See</u> Docket Item No. 59.)  Since this Court's jurisdiction is in dispute,

8    Defendants may be prejudiced if any further discovery were allowed to take place before the Court

9    rules on the pending motions to dismiss.

10    Accordingly, the Court GRANTS Defendants Gayle A. Kern and Gayle A. Kern Ltd.'s

11    Motion to Stay Discovery.  All further discovery is STAYED, including Initial Discovery Pursuant

12    to Fed. R. Civ. P. 26 and Civil L.R. 16 pending the Court's ruling on Defendants' motions to

13    dismiss.

14

15    Dated:  February 14, 2008

16    JAMES WARE
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Douglas Alson Sears dsears@mathenysears.com
Gayle Agnes Kern gaylekern@kernltd.com
Gayle Agnes Kern gaylekern@kernltd.com
Joy Rochelle Graber jrg@lge.net
Sheryl  Moulton sherrym@internetvideo.com

**Dated:  February 14, 2008**                    **Richard W. Wieking, Clerk**


                                                 **By:   /s/ JW Chambers                    **
                                                      **Elizabeth Garcia**
                                                      **Courtroom Deputy**

United States District Court

For the Northern District of California