SHERYL MOULTON
IN PRO PER
P.O. Box 223581
Carmel, CA 93922
Telephone: (408) 840-2907

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SHERYL MOULTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; PHIL FRINK & ASSOCIATES, INC.; PHILLIP E. FRINK; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; MICHAEL GRADY, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500.<br><br>Defendants. | Case No.: CV07-05861 JW<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION**<br><br>Pending Hearing:<br>DATE: February 25, 2008<br>TIME: 9:00 A.M.<br>DEPT: 8 |

– 1 –
PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

This case is not regarding normal monthly HOA dues, but rather the legality of a "special assessment" - a nearly half-million dollar special assessment illegally assessed by Lakeside Plaza Condominium Association HOA Board, on advice of Gayle Kern, Esq. and Eugene Burger Management Corporation without a required homeowner vote as required by contract (CC&Rs). To analogize, the illegal special assessment of nearly a half million dollars without any homeowner vote is like cashing a fraudulently endorsed blank check - it would be like fraud.

This application is based upon the attached memorandum of points and authorities, declaration of plaintiff, and such other and further relief, both oral and documentary as may be considered at time of hearing.

Dated: February 18, 2008                               Respectfully submitted,

                                                       SHERYL MOULTON

                                                       By:_____*/s/Sheryl Moulton*_____
                                                           Sheryl Moulton
                                                           In Pro Per

PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case is not regarding normal monthly HOA dues, but rather a "special assessment" - a nearly half-million dollar special assessment illegally assessed by Lakeside Plaza Condominium Association HOA Board, on advice of Gayle Kern, Esq. and Eugene Burger Management Corporation. Further, Defendants Lakeside Plaza, Kern, and EBMC assessed legal fees and bogus fines on Plaintiff which were never itemized until AFTER Plaintiff paid the "debt" in question on February 6, 2008. Plaintiff disputes the illegal (unequally enforced) special assessment, legal fees associated with said disputed special assessment and bogus fines under, *inter alia,* the Fair Debt Collection Practices Act.

Defendants Lakeside Plaza, Kern, and EBMC assessed legal fees and bogus fines on Plaintiff which were never itemized until AFTER Plaintiff paid the "debt" in question on February 6, 2008. Plaintiff disputes the illegal (unequally enforced) special assessment, legal fees associated with the special assessment and bogus fines under *inter alia* the Fair Debt Collection Practices Act.

Further, Defendant Gayle Kern, Esq. has perpetrated a fraud on this Court by making blatant misrepresentations about Plaintiff. Plaintiff requests this Court make the appropriate sanctions against Defendants Gayle Kern, Esq. for such misrepresentations.

Jurisdiction is appropriate as Defendant Eugene Burger Management Corporation is headquartered in California, and Gayle Kern is a California-licensed attorney. Plaintiff has received bills and letters from Defendants to her California address. Plaintiff entered into a real estate contract (mortgage) on her home in California on January 22, 2007. *See* Exhibit 1. On the basis this real estate mortgage was signed in Monterey County California, this case should remain properly seated with this Court.

PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

## II.    STATEMENT OF FACTS

**DEFENDANT KERN PERPETRATES FRAUD ON COURT**

Defendant Gayle Kern is skilled attorney apparently with 4 years of law school and decades of experience, and Plaintiff is a *pro se* litigant. Plaintiff pro se is not an attorney, and technical errors are likely, however, this does not mean Plaintiff's case is without merit or made in bad faith. Plaintiff's case is to bring justice for her and, hopefully, for other Lakeside Plaza homeowners who cannot afford legal representation. Many Lakeside Plaza homeowners, like Plaintiff, are fixed income or low income and cannot afford $100,000 to retain an attorney in this matter.

Plaintiff resents Defendant Gayle Kern's attempts at discrediting Plaintiff by stating:

> **Although she [Sheryl Moulton] claims that she does not reside in the condominium, she does assert that she is receiving worker's compensation from the State of Nevada."** (Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Page 4, 27-28)

Kern's statement implies that Plaintiff has committed insurance fraud. Plaintiff, a consumer advocate, takes affront with this Kern's allegation. Plaintiff, a California resident, has never asserted, nor has ever received Nevada Worker's Compensation and resents Defendant Kern's false allegation and attempt to mislead this Court and discredit Plaintiff.

Plaintiff respectfully requests this Court demand proof from Defendant Gayle Kern, Esq. as to these unfounded allegations. Defendant cannot provide proof – because Plaintiff has never received Nevada Worker's Compensation. This is truly a blatant fraud on the Court perpetrated by Defendant Gayle Kern, Esq., and should be dealt with by the Court accordingly.

Defendant Kern's Reply is littered full of blatant misrepresentations of Plaintiff's character. Plaintiff pleads with this Court to demand proof as to these allegations. Defendant Kern makes many false allegations, but offers no proof to this Court.

PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

Perhaps, Kern knows Plaintiff has a strong case with merit, and perhaps, Kern must go to any means to win her case, including using blatant misrepresentation to mislead this Court.

**DEFENDANTS' FURTHER MISREPRESENTATIONS TO THIS COURT**

Defendants insist Plaintiff knew the amount due to pay off the foreclosure and claim that Plaintiff made misrepresentations to the Court on February 5, however, this could not be further from the truth. Plaintiff made several requests for a verified, confirmed payoff amount and detailed itemization. Plaintiff never received a *verified* payoff and detailed itemization prior to the payoff on February 6. *See* Exhibit 2.  Only *after* the payoff, did Plaintiff receive a more detailed itemization from Defendant Gayle Kern on February 6 (the day *after* the Preliminary Injunction Hearing).

**February 1, 2008** - collector Defendant Frink in his last written correspondence to Plaintiff (prior to the February 6 payoff) stated:

> **I am unable to talk to the association's attorney to <u>verify</u> this amount.**
> [Emphasis added] *See* Exhibit 2.

Frink's above statement was made only 2 business days prior to the scheduled foreclosure sale of Plaintiff's condo on February 6. Plaintiff never received a verified payoff amount prior to the foreclosure payoff.

This February 1 statement from Frink provides only a **partial** itemization. There is a lump amount of $2,205.22 (which is **not itemized**).  *See* Exhibit 2.

**February 4, 2008** – Plaintiff's cashier's check sent by courier, Reno Carson Messenger Service was rejected for reasons unclear to Plaintiff at the time. The courier stated the check had the wrong payee. Later, Defendants claim they rejected the check because of the disclaimer "Paid in Full, etc." Defendant Kern later stated in a February 6 letter:

> …the Association will not put itself into a position of facing an
> argument from you that because you wrote "Paid in Full on your

– 5 –
PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS'
ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E.
FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

> tender…of course, had you tendered a check without all of the language that you included, it could have been accepted and the foreclosure cancelled.

With so many uncertainties, it was not unreasonable for Plaintiff to request (in writing) a payee name, a *verified* payoff amount and *detailed* itemization (a lump sum of $2,205.22 does not constitute a detailed itemization). Plaintiff did not receive any of these items until *after* she made the payoff on February 6. *See* Exhibit 3.

**February 5, 2008** – The Emergency Preliminary Injunction Hearing took place the day before the scheduled foreclosure sale of Plaintiff's condo. This Court requested a payoff amount from Defendants' counsel, which the counsel could not even provide to this Court (please refer to Court transcript).

After hearing on February 5, Plaintiff faxed and emailed Defendants Kern and Frink:

> I am requesting you fax and email the name of the payee and the payoff amount of the alleged "debt" in question… I request that you provide me with the following information: 1) the amount of the debt; 2) a detailed itemization of the debt." *See* Exhibit 4

Defendants have game-played and provided several different amounts over the past several months. The fact Defendant Frink could not verify an amount 2 business days before foreclosure sale proves Defendants acted in bad faith. *See* Exhibit 2.

With so many uncertainties, it was not unreasonable for Plaintiff to request (in writing) a payee name, a *verified* payoff amount and *detailed* itemization (a lump sum of $2,205.22 does not constitute a detailed itemization). Plaintiff did not receive any of these items until *after* she made the payoff on February 6. *See* Exhibit 3.

**February 6, 2008** - Only **AFTER** Plaintiff made payment of $4,094.95 on February 6 *See* Exhibit 5, did Defendant Kern fax Plaintiff a more detailed itemization (finally itemizing the lump sum of $2,205.22).

– 6 –

PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

Plaintiff's February 5 letter *See* Exhibit 4 had requested a detailed itemization, Kern in response threatened Court action in her February 6 letter:

> Your claiming that there have been no responses to your requests is simply not true and your continued and blatant misrepresentations will be brought to the attention of Judge Ware. (Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Exhibit "J" pages 26-28)

Kern's threat is a clear violation of FDCPA. This February 6 letter (received *after* Plaintiff's foreclosure payoff) was the first more complete itemization received by Plaintiff and Defendant even admits, "**Further** breakdown of the lump sum of $2,205.22 is enclosed." (Emphasis added). "Further" as defined by the Compact Oxford English Dictionary" is:

> beyond the point already reached.
> at or to a more advanced or desirable stage.

*Further* breakdown" of $2,205.22 suggests the lump sum was not previously itemized and *further* breakdown would entail detail "at or to a more advanced or desirable stage."

Prior to this itemization, Plaintiff had not received a full breakdown of the $2,205.22 and has evidence to this effect.

Kern has no proof that she ever delivered a fully detailed itemization to Plaintiff – because she never did until February 6 – the day of the scheduled foreclosure sale of Plaintiff's condo (and even this itemization is vague):

> Copies and postage…Kern 24667…hearing notice…2nd notice…hearing notice...Kern June 2007 Attorney Fees…Kern July 2007 Attorney Fees, *See* Exhibit 6.

Defendants have game-played and provided several different amounts over the past several months. The fact Defendant Frink could not verify an amount 2 business days before foreclosure sale proves Defendants acted in bad faith. *See* Exhibit 2.

– 7 –
PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

Defendants' varying demands for payment (different amounts every time) – please look closely at these below exhibits (as provided by Defendants) to see if there are any detailed itemizations (this Court will find no detailed itemizations as required by FDCPA):

| | | |
|---|---|---|
| 2/15/2007 | **$1,245.24** | *See* (Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Exhibit "E" Pages 8-9) |
| 7/5/2007 | **$1,856.42** | *See* (Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Exhibit "E" Pages 10-11) |
| 9/20/2007 | **$2,663.39** | *See* (Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Exhibit "E" Pages 12-13) |
| 1/14/2008 | **$2,205.22 (and yet, I am charged an additional $1889.73 February 4.** | *See* (Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Exhibit "E" Pages 14-15) |
| 2/4/2008 | **$4,094.95** | *Cashier's check amount attempted payment – Defendants rejected.* |

Apparently, it is the Defendant Kern's contention that Plaintiff must blindly pay $4094.95 without any accountability, without a detailed itemization. That would be a blatant violation of FDCPA. The same seems to hold true for financial accountability at Lakeside Plaza Condo Association, as Plaintiff and other homeowners have been repeatedly refused financials.

**PLAINTIFF'S FINANCIAL INDIGENCE**

Plaintiff resents the implication by Defendant Gayle Kern, that Plaintiff was not financially indigent only simply because she paid the foreclosure proceeds (in dispute). What Defendant does not explain to this Court is that Plaintiff took out several loans to pay this disputed payoff amount of $4,094.95. In fact, in late December, Plaintiff had serious troubles paying bills and had "insufficient funds" in her bank account. Plaintiff is more than happy to provide this evidence under seal to this Court to prove Plaintiff's financial indigence.

Plaintiff requested the Preliminary Injunction hearing because Plaintiff did not want to take out several loans to pay the $4,094.95 for a disputed debt.

– 8 –
PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

Plaintiff makes no misrepresentations to this Court and has stated information the best to her knowledge. Plaintiff financial situation did change effective 2/11/2008, causing her to no longer be financially indigent, however, before this time, Plaintiff had an average income of approximately $1,000 - $1,500 monthly, and yet her bills far exceed that – running up to $2,000 negative every month. Plaintiff had limited means to pay the Court fees, and was only recently able to afford to have the California defendants served (because of the Plaintiff's limited financial means).

## III.   ARGUMENT

### JURISDICTION IS IN THIS COURT – A REAL ESTATE CONTRACT WAS EXECUTED IN CALIFORNIA

Defendant Eugene Burger Management Corporation is headquartered in California, and Gayle Kern is a California-licensed practicing attorney. Further, Plaintiff entered into a real estate contract (second mortgage) on her home in California on January 22, 2007 *See* Exhibit 1. On the basis this real estate mortgage was signed in Monterey County California, this case should remain properly seated with the Court.

### SPECIAL ASSESSMENT VIOLATES LAW AND BREACHES CONTRACT (CC&Rs)

Lakeside Plaza CC&Rs require a homeowner vote for all assessments exceeding a 25% increase. The special assessment in question exceeded nearly a 100% increase in fees, and yet there was **no** homeowner vote. Further, Governor Gibbons **vetoed** a bill that would have allowed HOA boards to assess without a homeowner vote – this essentially means assessments require a homeowner vote.

To analogize, the illegal special assessment of nearly a half million dollars without any homeowner vote is like cashing a fraudulently endorsed blank check - it would be like fraud.

Plaintiff has proof the special assessment was **unequally enforced** on her (and not all other homeowners). This was done in retaliation for Plaintiff's request for financial

1 accountability – Defendants refuse to provide financial disclosure to Plaintiff and other homeowners. Embezzlement is suspected, but without financial disclosure (and court proceedings and discovery to force Defendants to comply with financial disclosure), Plaintiff does not have enough evidence yet proving embezzlement. Misappropriation of some Lakeside Plaza money, however, has been proven.

Plaintiff sues *inter alia* under Fair Debt Collection Practices Act for failure to validate a debt (illegal debt/illegal special assessment) and for the foreclosure of her home while debt is in dispute.

## **CRIMINAL INDICTMENTS – THEFT AND KICKBACKS (LATER DISMISSED ON RULE OF LENITY)**

Defendant Eugene Burger, owner of Eugene Burger Management Corporation (former property management for Lakeside Plaza) was previously indicted for, among other things, theft and kickbacks (case later settled allegedly per Rule of Lenity) [1]

Eugene Burger, yet again, was implicated in another matter involving a conviction for insurance fraud. [2]

---

[1] Indictment included six counts of theft from a program receiving federal funds and aiding and abetting (18U.S.C. § 666(a)(1)(A); six counts of money-laundering and aiding and abetting in violation of 18 U.S.C. § 1956(a)(1)(B)(i); thirty-three counts of violating the Anti-Kickback Act and aiding and abetting (41 U.S.C. § 53 and 18 U.S.C.; and one count of obstruction of justice and aiding and abetting in violation of 18 U.S.C. § 1505. United States v. BURGER, 2000 U.S. Dist. LEXIS 22066 (N.D.Cal.).

[2] Defendant Michael B. Kuimelis, doing business as MBK Insurance, pled guilty in federal district court in San Francisco, CA , to one felony count of criminal contempt and was fined $20,000 and sentenced to three years probation, six months electronic home detention, and 150 hours of community service. Kuimelis submitted invoices for insurance premiums under Eugene Burger Manage -( EBMC ) master insurance policy included a commission and a service fee of 15-percent, in addition to the true cost of insurance. The service fee was then split between MBK and EBMC . Kuimelis failed to disclose the true percent that he retained from the master insurance policy, and tried to cover up his acts by tampering with a government witness. In addition, EBMC's portion of the service fee was paid to the Friandes Group, Inc of Friandes. Eugene Burger's wife was president of Friandes at the time. United States Department of Housing and Urban Development Office of Inspector General Semiannual Report to Congress April 1, 2002 - September 30, 2002

– 10 –
PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

**<u>LAKESIDE PLAZA LITIGATION PLENTIFUL – PLAINTIFF'S CASE HAS MERIT</u>**

Plaintiff's lawsuit is not the only lawsuit against Lakeside Plaza Condominium Association:

<u>Friedman v. Lakeside Plaza Condo</u>. Second Judicial District Court State of Nevada, Washoe County Case No. <u>CV07-01774</u>. Mr. Friedman has sued Lakeside Plaza Condo Association for the wrongfully assessed special assessment.

<u>Binunskaya, et al. v. Lakeside Plaza et al.</u>  Second Judicial District Court State of Nevada, Washoe County Case No. CV06-01173.

<u>Lakeside Plaza Condo v. Eugene Burger Mgt</u>

After Plaintiff filed suit against Lakeside Plaza Condo and Eugene Burger, Lakeside Plaza, in turn, sued co-defendant Eugene Burger Management in Second Judicial District Court State of Nevada, Washoe County Case No. <u>CV07-02674</u>

Plaintiff sued these Defendants because breach and fraud against low income, elderly and disabled homeowners will most likely continue unless a Court puts a stop to it.

Many homeowners have sold their condos due to the illegal special assessment because the Lakeside Plaza Board breached contract, would not allow homeowner vote, and homeowners could no longer afford the exorbitant special assessments which doubled their monthly fees. Plaintiff's own condo has been on the market for sale for nearly 1 year.

Plaintiff received many petitions and signatures from Lakeside Plaza homeowners who did not approve of the nearly $1/2 million special assessment in question. Petition signatures were more than plentiful to call a special election to vote, however, Defendants Board Directors and Eugene Burger Management Corporation refused to call a vote to revoke the special assessment.

– 11 –
PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

Defendants are clearly grasping at straws with hopes to divert this Court's attention from the facts at hand regarding illegal special assessment and foreclosure because they know they have a weak case. Plaintiff's case has merit and is properly seat in this Court for some of the following reasons:

1) California real estate security interest – signed in Monterey County. Plaintiff is suing Defendants to secure that security interest signed in Monterey County, California.
2) Special assessment is unequally enforced against Plaintiff, but not among other homeowners (fraud/misrepresentation/tortious interference);
3) Special assessment is illegal pursuant to Fair Debt Collection Practices Act (as it has not been validated – it is a wrongful assessment never voted for by homeowners);
4) Special assessment breaches contract (CC&Rs) which specify homeowner vote required for special assessment;
5) Special assessment illegal pursuant to legislation and precedent case law (Governor Gibbons vetoed a bill allowing assessments without homeowner vote –this essentially means that a homeowner vote is required for special assessments).

## PLAINTIFF'S GOOD CAUSE FOR REQUESTING EXTENSION FOR AMENDED COMPLAINT AND MOTIONS

Further, Defendant Gayle Kern asserts Plaintiff has somehow failed to comply with the Court's order to amend her complaint and re-file the motions. Plaintiff *pro se* fell seriously ill with bronchitis and walking pneumonia for 2 months and filed a Motion for Enlargement to amend her complaint and motions (Docket #46) - which a decision was never rendered by this Court. Had Plaintiff been given the opportunity to amend her complaint, Plaintiff would have alleged with specificity both RICO and fraud claims.

– 12 –
PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

**JURISDICTION**

Jurisdiction is appropriate as Defendant Eugene Burger Management Corporation is headquartered in Rohnert Park, California, and Gayle Kern is a California-licensed practicing attorney. Plaintiff has received several collection letters from Defendants to her address in California. Further, Plaintiff entered into a real estate contract (mortgage) on her home in California on January 22, 2007 *See* Exhibit 1. On the basis this real estate mortgage was signed in Monterey County California, this case should remain properly seated with the Court.

California defendants Eugene Burger and Eugene Burger Management Corporation were served last week. Plaintiff would have served them sooner, but was financially unable to pay for process of service, as her In Forma Pauperis was denied by this Court.

Plaintiff would have no problem prosecuting this case in Nevada, had Defendants operated in good faith. However, Plaintiff is prosecuting this case in California, as she fears being killed (death threat was validated by Reno Police and witness). Plaintiff also fears malicious prosecution in Nevada and has already been threatened with false arrest by Washoe County Sheriff's Department. Defendant Perau and Eugene Burger Management Corporation's former contractor, John Coleman conspired and made false statements about Plaintiff in order to get a Harassment & Stalking Order against Plaintiff.

**DEFENDANT GAYLE KERN'S CONFLICT OF INTEREST REPRESENTING CO-DEFENDANTS**

Gayle Kern, Esq. continues to represent defendants even though she is a co-defendant. This is a clear conflict of interest and should be addressed by the Court.

– 13 –
PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

## IV. CONCLUSION

This application is based upon the attached memorandum of points and authorities, and such other and further relief, both oral and documentary as may be considered at time of hearing.

Based upon the foregoing, Plaintiff respectfully requests that Defendants' Lakeside Plaza Condominium Association, Defendants' Ulla Christensen, Michael Grady, Daniel Joseph, Frank Perau and Rich Svihla, Phillip E. Frink and Phil Frink and Associates, Inc. Motion to Dismiss be denied.

Dated: February 18, 2008                    Respectfully submitted,

                                                        SHERYL MOULTON

                                                        By: _*/s/Sheryl Moulton*_

                                                              Sheryl Moulton
                                                              In Pro Per

## DECLARATION OF SHERYL MOULTON

I, Sheryl Moulton, declare as follows:

1. I am a pro se Plaintiff, residing in the State of California. At all times relevant hereto, I am responsible for the day-to-day management of this matter. As such, I have personal, firsthand knowledge of the facts stated in this declaration. If called upon to testify, I could and would competently testify to the facts stated herein.

2. I, Sheryl Moulton, a California resident, have never asserted, nor have ever received Nevada Worker's Compensation and resents Defendant Kern's false allegation and attempt to mislead this Court and discredit Plaintiff.

3. February 1, 2008, I received a faxed communication from collector Phil Frink that stated "I am unable to talk to the association's attorney to verify this amount." The lump sum of $2,205.22 included with Frink's letter was not itemized.

4. February 6, 2008, I received a faxed communication from Defendant Gayle Kern, Esq. (received *after* Plaintiff's foreclosure payoff). It was the first communication I received from Kern that itemized the lump sum of $2,205.22. Prior to this February 6 letter, I had received no detailed itemization from Kern. Defendant Kern even admits in the February 6 letter, "Further breakdown of the lump sum of $2,205.22 is enclosed."

I declare under the penalty of perjury that the foregoing is true and correct, and that this declaration was executed February 18, 2008 in Sunnyvale, California.

*/s/Sheryl Moulton*
Sheryl Moulton

– 15 –
PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18, and am not a party to this action. I am employed by:  PO Box 223642 Carmel, CA  93922

On the date below I served a copy, with all exhibits, of the following document(s):

**PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION**

on the interested part in this action by placing a true copy thereof addressed to the following:

## SEE ATTACHED SERVICE LIST

☒ **BY ELECTRONIC MAIL TRANSMISSION (E-MAIL).** I caused a true copy of the foregoing document(s) to be transmitted to each of the parties on the attached service list at the email address as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

☐ **BY REGULAR MAIL.** I caused such envelopes to be deposited in the United States mail, at Reno, Nevada with postage thereon fully prepaid, individually addressed to the parties as indicated on the attached service list. I am readily familiar with the practice of collection and processing correspondence in mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed R. Civ. P. 5(b)(2)(B).

☐ **BY FACSIMILE TRANSMISSION.** I caused a true copy of the foregoing document(s) to be transmitted to each of the parties on the attached service list at the facsimile machine telephone number as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY PERSONAL SERVICE:** I caused to be delivered such envelope by hand to the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 18, 2008

/s/*John Cowell*
John Cowell

PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION

1

## SERVICE LIST

2

3   Gayle A. Kern                              Douglas Alson Sears
4   5421 Kietzke Lane, Suite 200               Matheny Sears Linkert & Jaime, LLP
    Reno, Nevada 89511                         3638 American River Drive
5   Email: gaylekern@kernltd.com               Sacramento, CA 95864
                                               Email: dsears@mathenysears.com
6
    Joy Rochelle Graber
7   Attorney at Law
    Lemons Grundy & Eisenberg                  Karla J. Diaz
8   6005 Plumas St #300                        Matheny Sears Linkert & Jaime, LLP
    Reno, NV 89519                             3638 American River Drive
9   (SERVED VIA ECF ONLY                       Sacramento, CA 95864
10  – NO EMAIL ON FILE WITH COURT)             kdiaz@mathenysears.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO DEFENDANTS' LAKESIDE PLAZA CONDOMINIUM ASSOCIATION, DEFENDANTS' ULLA CHRISTENSEN, MICHAEL GRADY, DANIEL JOSEPH, FRANK PERAU AND RICH SVIHLA, PHILLIP E. FRINK AND PHIL FRINK AND ASSOCIATES, INC. REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION