United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sheryl Moulton, | NO. C 07-05861 JW |
| Plaintiff, v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' VARIOUS MOTIONS TO DISMISS** |
| Eugene Burger Management Corp., et al., | |
| Defendants. | |

## I. INTRODUCTION

Sheryl Moulton ("Plaintiff"), brings this putative class action against Defendants[1] alleging, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq*. Plaintiff alleges that Defendants conspired to foreclose on her condominium by imposing an improper Special Assessment.

Presently before the Court are Defendants' various Motions to Dismiss.[2] The Court conducted a hearing on February 25, 2008. Based on the papers submitted to date and oral

---

[1] Defendants are Eugene Burger Management Corporation, Eugene J. Burger, Kevin Berg, Karen Brigg, Phil Frink & Associates, Inc., Phillip E. Frink, Gayle A. Kern, Ltd., Gayle A. Kern, the Lakeside Plaza Board of Directors, and the Lakeside Plaza Condominium Association.

[2] (Motion to Quash Service of Process and to Dismiss for Insufficiency of Service; Lack of Personal Jurisdiction; and Improper Venue; Joinder in Motion to Dismiss of Defendants Christensen, Grady, Joseph, Perau and Svihla, hereafter, "Kern Motion," Docket Item No. 19; Defendants Ulla Christensen, Michael Grady, Daniel Joseph, Frank Perau and Rich Svihla's Motion to Dismiss, hereafter, "Board Motion," Docket Item No. 12; Defendants Lakeside Plaza Condominium Association, Phillip E. Frink and Phil Frink & Associates, Inc.'s Motion to Dismiss, hereafter, "Frink Motion," Docket Item No. 20.)

arguments of counsel, the Court DENIES Defendants' various motions to the extent they seek dismissal on the merits. The Court GRANTS Defendants' Motion to Transfer Venue; the Court transfers the case to the United States District Court, District of Nevada, pursuant to 28 U.S.C. § 1406(a).

## II.  BACKGROUND

In a Complaint filed on November 20, 2007,[3] Plaintiff alleges as follows:

Plaintiff is an individual residing in the State of California, but she owns a condominium in Reno, Nevada. (Complaint ¶ 1.) Defendants are Eugene Burger Management Corporation ("EBMC"), a corporation with headquarters in California; Eugene J. Burger, the CEO of EBMC residing in California; Kevin Berg, a EBMC property manager residing in Nevada; Karen Brigg, a EBMC Vice President residing in Nevada; Phil Frink & Associates, Inc., a Nevada corporation; Phillip E. Frink, an individual residing in Nevada; Gayle A. Kern, Ltd., a corporate entity doing business in California; Gayle A. Kern, an attorney licensed in both Nevada and California representing Lakeside Plaza; Lakeside Plaza Board of Directors Ulla Christensen, Michael Grady, Daniel Joseph, Frank A. Perau, and Rich Svihla (collectively, the "Board"), all individuals residing in Nevada; and the Lakeside Plaza Condominium Association ("Association"), of which Plaintiff belongs by virtue of her Nevada property. (Complaint ¶¶ 2-12.)

On November 15, 2005, Plaintiff purchased a condominium at the Lakeside Plaza in Reno, Nevada. (Complaint ¶ 22.) In purchasing the condominium, Plaintiff agreed to the Association's Declaration of Covenants, Conditions and Restrictions ("CC&R"). (Id.)

On July 1, 2006, a Special Assessment of approximately $400,000 was imposed by the Board without a homeowner vote, in violation of CC&R §§ 6.1, 6.2. (Complaint ¶ 45.) The original assessment levied against Plaintiff was in the amount of $1,703.75, and it had

---

[3] (Plaintiff's Complaint for Injunctive Relief, Declaratory Relief, and Damages ¶ 1, hereafter, "Complaint," Docket Item No. 1.)

2

accrued to $2,663.39 by September 19, 2007. (Complaint ¶ 33.) Plaintiff disputed the debt and requested verification from Defendants but was repeatedly denied any validation or explanation of the debt. (Complaint ¶¶ 38, 39.) Defendants made threats against Plaintiff when she inquired about the validity of the debt. (Complaint ¶¶ 92, 93.) Defendants continued in their efforts to collect the debt after receiving Plaintiff's request for validation and communicated the circumstances of the debt to third parties. (Complaint ¶¶ 95, 98.)

On September 19, 2007, Defendants instituted a non-judicial foreclosure action for the unpaid Special Assessment even though Plaintiff is current on her mortgage. (Complaint ¶ 40.) Through the use of foreclosure and improper Special Assessments, Defendants have schemed to defraud Plaintiff. (Complaint ¶ 32.)

On the basis of the allegations outlined above, Plaintiff alleges three causes of action: (1) Violation of RICO, 18 U.S.C. § 1962, *et seq.*, (2) violation of the FDCPA, 15 U.S.C. § 1692, *et seq.*, and (3) various state claims.[4]

Presently before the Court are Defendants' various motions to dismiss. Since it is potentially dispositive, the Court proceeds to consider the issue of improper venue raised by these motions.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a complaint may be dismissed if it is brought in an improper venue. 28 U.S.C. § 1406(a). The plaintiff bears the burden of showing that venue is proper in the chosen district. Koresko v. Realnetworks, Inc., 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003); McCaskey v. Continental Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); American Homecare Fed'n v. Paragon Sci. Corp., 27 F. Supp. 2d 109, 112 (D. Conn. 1998). Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), the pleadings need not be accepted as true; the court may consider supplemental written materials and consider facts outside of

---

[4] Plaintiff alleges the following causes of action under state law: Breach of Contract, Retaliation, Nonuniform Enforcement, Tortious Interference with Real Estate Sale, Breach of Fiduciary Duty, Conversion, Defamation, Extortionate Extension of Credit, Fraud, Conspiracy to Defraud, Fraudulent Recordation of an Illegal Foreclosure / Lien, Negligence, Unconscionability, and Unfair Business Practices.

3

the pleadings in deciding a Rule 12(b)(3) motion. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1337 (9th Cir. 2004); Walker v. Carnival Cruise Lines, 107 F. Supp. 2d 1135, 1137 n.2 (N.D. Cal. 2000). If genuine contested factual issues are presented, the court is obligated to draw all reasonable inferences and resolve the factual conflicts in favor of the non-moving party. Murphy, 362 F.3d at 1138-40.

If it determines that venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or, when in the interest of justice, to transfer the case to an appropriate venue pursuant to 28 U.S.C. § 1406(a). See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992); Citizens For A Better Environment v. Union Oil Co., 861 F. Supp. 889, 897 (N.D. Cal. 1994). Section 1406(a) authorizes the transfer of cases, "whether [or not] the court in which it was filed ha[s] personal jurisdiction over the defendants." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962).

## IV.  DISCUSSION

Defendants move to dismiss the Complaint on the ground that venue in the Northern District of California is improper. (Board Motion at 10; Frink Motion at 10; Kern Motion at 6.)

Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, the Court proceeds to consider the following: (1) whether venue is proper in the Northern District of California; (2) whether this action could have been brought in the District of Nevada; and (3) whether transferring the action to Nevada furthers the interest of justice.

**A.    Whether Venue is Proper in the Northern District of California**

Defendants contend that venue is improper in California because Plaintiff cannot establish venue under the relevant statutes for determining venue in a diversity or a federal question case. (Board Motion at 10; Frink Motion at 10; Kern Motion at 6.)

Analysis of venue under 28 U.S.C. § 1391(a) is proper when the sole basis for subject matter jurisdiction is diversity of citizenship. A case falls within a district court's diversity jurisdiction

4

when: (1) the matter in controversy exceeds the sum or value of $75,000, and (2) it is between citizens of different States. 28 U.S.C. § 1332.

In this case, Eugene Burger and EBMC allegedly reside in California. (Complaint ¶¶ 2-3.) Plaintiff also resides in California. (Complaint ¶ 2.) Since Plaintiff and at least one Defendant are alleged to reside in the same state, complete diversity is destroyed and the Court does not have jurisdiction under § 1332. Accordingly, the Court proceeds to analyze whether venue under 28 U.S.C. § 1391(b) is proper.

Section 1391(b) provides that when a civil action is not founded solely on diversity of citizenship, the case may be brought only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

With respect to the first prong of § 1391(b), some but not all Defendants allegedly reside in California. (Complaint ¶ 2.) Since not all Defendants reside in the same State, an appropriate venue cannot be determined under the first prong. With respect to the third prong, no Defendant has been specifically alleged to be found in the Northern District of California. Thus, venue is also improper under the third prong.

With respect to the second prong of § 1391(b), none of the events that underlie Plaintiff's claim appear to have occurred in California. (Complaint ¶¶ 2-3.) The property that forms the underlying subject matter of the action is situated in Nevada. (Complaint, Ex. 6.) The Special Assessment which Plaintiff is contesting was assessed against Plaintiff's property in Reno, Nevada. (Complaint, Ex. 7.) Plaintiff's causes of action under FDCPA appear to arise out of alleged conduct by Defendants in Nevada. (Complaint, Ex. 4.)

5

Plaintiff contends that substantial events giving rise to the claim occurred in California because that is where she received her notice of the Special Assessment.[5] However, the notice she received was just a means by which to inform her of the events taking place in Nevada. The subject of the notice was Plaintiff's condominium in Nevada and the Special Assessment that was assessed against it in Nevada. (Complaint, Exs. 4, 6, 7.) Moreover, the acts of harassment by defendants allegedly occurred and originated in Nevada. (Complaint, Ex. 4; Opposition at 16.) Thus, the notice of the Special Assessment, by itself, does not make venue proper in this forum under § 1391(b).

Finally, Plaintiff contends that several Defendants own businesses in California. (Opposition at 10-11.) Even if this contention is true, the contacts of these California Defendants have no relation to the events that gave rise to the claim. Thus, the substantial part of the events giving rise to the claim did not occur in California; rather, they occurred in Nevada.

Accordingly, the Court finds that the Northern District of California is an improper venue for this action.

### B.   Whether this Case Might Have Been Brought in The District of Nevada

In determining whether a case may be transferred to another district, the court looks to whether the action initially might have been brought in that district. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). This determination raises the following two sub-issues: (1) whether a court in the district would have personal jurisdiction over the parties; and (2) whether the district is a proper venue for the action. See Van Dusen v. Barrack, 376 U.S. 612, 620-25 (1964).

#### 1.   Personal Jurisdiction

A federal district court can exercise personal jurisdiction to the same extent as a state court of the state in which the district court sits. Omni Capital Int'l., Ltd. v. Rudolf Wolff Co., Ltd., 484 U.S. 97, 108 (1987). Constitutional due process concerns are satisfied when a nonresident defendant

---

[5] (Plaintiff's Opposition to Defendants Gayle A. Kern and Gayle A Kern, Ltd.'s Motion to Quash Service of Process and to Dismiss for Insufficiency of Service; Lack of Personal Jurisdiction; and Improper Venue; Opposition to Joinder in Motion to Dismiss of Defendants Christensen, Grady, Joseph, Perau, and Svihla at 16, hereafter, "Opposition," Docket Item No. 42.)

6

has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Under this guiding principle, a forum state may exercise general personal jurisdiction over those physically present in the state. See Burnham v. Superior Court of California, County of Marin, 495 U.S. 604 (1990).

When a defendant's contacts are not sufficient for a court to assert general jurisdiction, the Ninth Circuit uses the following test to evaluate a defendant's contacts for purposes of determining whether specific jurisdiction exists:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
>
> (2) The claim must be one which arises out of or results from the defendant's forum-related activities.
>
> (3) Exercise of jurisdiction must be reasonable.

Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

In this case, the majority of Defendants are residents of Nevada and do business in Nevada. All of the Board are residents of Nevada, and Nevada is where they allegedly conspired to defraud Plaintiff. (Complaint ¶¶ 2-11, 32.) Kern is a resident of Nevada, does business in Nevada, and works for the Association in Nevada. (Kern Decl. ¶¶ 2-3.) The Association maintains its headquarters in Nevada and conducts its operations in Nevada. (Complaint ¶ 11.) Frink resides in Nevada, and his business, Phil Frink & Associates, Inc., is located in Nevada. (Complaint ¶¶ 7-8.) Since these Defendants are either residents or have minimum contacts in Nevada, a district court in Nevada would have personal jurisdiction over these Defendants.

The only non-residents are EBMC and Eugene Burger, both of whom are allegedly located in California. (Complaint ¶¶ 2-3.) However, Plaintiff's claims arise out of the conduct of EBMC and Eugene Burger in Nevada in relation to her condominium, which is also located in Nevada. (Complaint ¶ 2.) Thus, a Nevada court would have specific jurisdiction over these Defendants.

7

**2.    Venue**

When a civil action is not founded solely on diversity of citizenship, venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated. 28 U.S.C. § 1391(b).

The basis for substantially all of Plaintiff's allegations arise out of events that occurred in Nevada and relate to property that is situated in Nevada. (Complaint ¶¶ 2-12, 22.) Thus, venue would be proper in the District of Nevada. Since personal jurisdiction and venue would be proper in Nevada, the Court finds that this case might have been brought in the District of Nevada.

**C.    Whether Transferring the Action to Nevada Furthers the Interest of Justice**

Since venue is improper in the Northern District of California under § 1406(a) and the case might have been brought in the District of Nevada, the Court proceeds to consider whether it would further the interest of justice to transfer rather than to dismiss the case.

Under 28 U.S.C. § 1406(a), "when an action is filed in the wrong district, the district court may . . . for the convenience of parties and witnesses, as well as in the interests of justice . . . transfer a civil action to any other district where it might have been properly brought." Grandinetti v. Bauman, 2007 WL 676012 at *5 (D. Haw. Feb. 28, 2007). In determining whether to transfer or dismiss a case, the court may consider: (1) the applicable statute of limitations, (2) the relative injustice imposed on the parties, (3) whether the suit was filed in bad faith or for harassment, (4) whether the plaintiff has requested or shown an interest in a transfer, and (5) whether the chosen venue was clearly or obviously improper. See Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1992). The purpose of the statute is to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." See Goldlawr, 369 U.S. at 466.

8

In this case, Plaintiff would be prejudiced if this case were dismissed rather than transferred because the applicable statute of limitations has expired under FDCPA. 15 U.S.C. § 1692k (813)(d). Moreover, the chosen venue was not clearly improper, especially in light of Plaintiff's status as a *pro se* litigant. Additionally, there is no evidence before the Court which suggests that Plaintiff filed the suit in bad faith or for harassment purposes.

With respect to the relative injustice imposed on the parties, Plaintiff has filed this action in the Northern District of California because she resides in California. (Complaint ¶ 1.) Plaintiff also alleges that this is the forum where she suffered her injury. (Id.) However, substantially all of Plaintiff's claims arise out of Defendants' conduct in Nevada, Plaintiff's ownership of property in Nevada, and a CC&R governed by the laws of Nevada. Additionally, nearly all Defendants reside or have their principle place of business in Nevada. (Complaint ¶¶ 2-3.) Since Plaintiff may be expected to litigate issues concerning her property where that property is located, it is not unreasonable to require her to litigate this dispute in Nevada.

Accordingly, the Court finds that the convenience of the parties and the interests of justice favor transferring this case to the District of Nevada.

## V. CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Motions to Dismiss. The Court GRANTS Defendants motions as they relate to improper venue but, instead of dismissing the case, the Court finds it in the interests of justice to transfer this case to the District of Nevada pursuant to 28 U.S.C. § 1406(a). The Court DENIES dismissal on all other grounds without prejudice.

The Clerk shall transfer this case to the District of Nevada and close this file.

Dated: February 29, 2008

JAMES WARE
United States District Judge

9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Douglas Alson Sears dsears@mathenysears.com
Gayle Agnes Kern gaylekern@kernltd.com
Gayle Agnes Kern gaylekern@kernltd.com
Joy Rochelle Graber jrg@lge.net
Sheryl Moulton sherrym@internetvideo.com

Dated:  February 29, 2008                              Richard W. Wieking, Clerk

                                                       By:   /s/ JW Chambers
                                                             Elizabeth Garcia
                                                             Courtroom Deputy